# EXHIBIT F

FILED
TARRANT COUNTY
4/22/2020 12:24 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO. 141-316567-20**

| | | |
|---|---|---|
| **L. ALLEN HODGES III, AS INDEPENDENT EXECUTOR OF THE ESTATE OF LELAND A. HODGES JR., TEJAS GROUP, LTD., LAH III FAMILY SPECIFIC INTEREST, LTD., AND BLACKFOOT INTEREST, LTD.,** | § | **IN THE DISTRICT COURT** |
| **Plaintiffs,** | § | **______ JUDICIAL DISTRICT** |
| **v.** | § | |
| **2999TC LP, LLC, JMJ DEVELOPMENT, LLC, AND TIM BARTON,** | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**PLAINTIFFS' ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, AND VERIFIED EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

Plaintiffs L. Allen Hodges III, as Independent Executor of The Estate of Leland A. Hodges Jr. ("**Executor**"), Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. (all collectively, "**Plaintiffs**") file their *Original Petition, Requests for Disclosure, and Verified Ex Parte Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* against Defendants 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton (all collectively, "**Defendants**") and would respectfully show the Court as follows:

## I.
## NATURE OF THE ACTION

1. Defendants have failed to make *any* payments towards the $180,000.00 interest payment that was due on March 16, 2020, in connection with the total $4,000,000.00 defendant

2999TC LP, LLC ("**2999TC**") borrowed from Plaintiffs (the "**Loan**")—which Loan is evidenced by two promissory notes executed by 2999TC (the "**Notes**") and guaranteed by both JMJ Development, LLC ("**JMJ**") and Tim Barton ("**Barton**"). As a result of Defendants' failure to pay as agreed, the Loan was accelerated on or about April 14, 2020. Worse yet, despite agreeing and representing in writing, as a condition to Plaintiffs making the Loan, that he would grant or cause to be granted first priority liens and securities in the unencumbered value of the collateral pledged as security for the Loan, it now appears that Defendant Barton has violated this covenant, thereby reducing Plaintiffs' ability to be made whole from Defendants' defaults. Accordingly, Plaintiffs bring this suit to recover the more than $4,000,000 owed pursuant to the Loan and pray for immediate injunctive relief preventing Defendants from interfering with Plaintiffs' security interests.

## II.
## DISCOVERY CONTROL PLAN

2. Discovery in this case is intended to be conducted under level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## III.
## PARTIES

3. Executor, who resides in Tarrant County, Texas, is one of two duly qualified and acting independent executors under the will of Leland A. Hodges Jr., which is dated August 8, 2013, and which was probated in Probate Court Number One of Tarrant County, Texas, under the following case name and number: *Estate of Leland Allen Hodges, Jr., Deceased*, No. 2019 PR01662-1.

4. Plaintiff Tejas Group, Ltd. is a Texas limited partnership.

5. Plaintiff LAH III Family Specific Interest, Ltd. is a Texas limited partnership.

6. Plaintiff Blackfoot Interest, Ltd is a Texas limited partnership.

7. Defendant 2999TC is a Delaware limited liability company doing business in the State of Texas and maintains its principal office at 1755 Wittington Place, Suite 340, Dallas, Texas 75234. Although 2999TC conducts business in the State of Texas pursuant to Tex. Civ. Prac. & Rem. Code § 17.042, it has neither registered to do business in Texas, as required by Chapter 9 of the Tex. Bus. Orgs. Code nor has it designated or maintained a registered agent or office in Texas as required by Tex. Bus. Orgs. Code § 5.201. Moreover, Plaintiffs' claims arise from business 2999TC conducted in Texas. Accordingly, the Texas Secretary of State is 2999TC's agent for service of process under Tex. Bus. Orgs. Code § 5.201 and Tex. Civ. Prac. & Rem. Code § 17.044. In accordance with the Tex. Bus Orgs. Code §§ 5.252-.255 and Tex. Civ. Prac. & Rem. Code § 17.045, the Texas Secretary of State should forward process to 2999TC at the address for its members, Tim Barton and Five Star MM, LLC, at 1755 Wittington Place, Suite 340, Dallas, Texas 75234.

8. Defendant 2999TC can also be served by the clerk of the Court or other person authorized by law pursuant to Tex. R. Civ. P. 103-108 by serving its registered agent on file with the Delaware Secretary of State at Incorp Services, Inc., 919 North Market Street, Suite 950, Wilmington, Delaware 19801.

9. Defendant JMJ is a Texas limited liability company and may be served with process by serving its registered agent at ONE Agent Texas, LLC, 13901 Midway Road, Suite 102, Dallas, Texas 75244.

10. Defendant Barton is an individual residing in the State of Texas. Barton may be served with process at 1755 Wittington Place, Suite 340, Dallas, Texas 75234 or wherever he is found.

Case 21-31019-sgj11 Doc 9-6 Filed 11/04/21 Entered 11/04/21 15:12:11 Page 4 of 17

## IV.
## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47, Plaintiffs state that they seek monetary relief over $1,000,000 and non-monetary relief.

12. This Court has personal jurisdiction over 2999TC and JMJ because they systematically conduct business in Texas, maintain a regular place of business in Texas, and entered into contracts with Texas residents to be performed in whole or in part in this state. *See* Tex. Civ. Prac. & Rem. Code § 17.042. This Court has personal jurisdiction over Barton because he resides in Texas and entered into contracts with Texas residents to be performed in whole or in part in this state. *See id.*

13. Venue in this matter is proper in this County because a substantial part of the activities, events, and damages giving rise to this lawsuit occurred in this County. *See* Tex. Civ. Prac. & Rem. Code § 15.002. Venue is further proper in this County because the Notes provide that venue for any dispute involving the Notes or any other instruments executed in connection with the Notes shall lie exclusively in Tarrant County, Texas. *See* Notes as amended.

## V.
## FACTS

14. On or around September 16, 2019, defendant 2999TC borrowed from Plaintiffs, and Plaintiffs loaned to 2999TC, the total amount of $4,000,000.00 (the "**Loan**") in connection with a project involving the acquisition of property located at 2999 Turtle Creek Boulevard, Dallas, Texas (the "**Property**"), for the purpose of development of a luxury hotel and residences.

The Loan is evidenced by the promissory notes executed by defendant Barton on behalf of 2999TC (the "**Notes**").

15. Pursuant to the terms of the Notes, the Loan accrues interest at the rate of 18% annually, and 2999TC is required to pay all accumulated, outstanding interest on a quarterly basis, payable on the 3-month, 6-month, and 9-month anniversary of the Notes, with the fourth and final interest payment being due along with all outstanding principal on September 16, 2020 (the "**Maturity Date**").

16. Defendants Barton, individually, and JMJ guaranteed the Loan and 2999TC's performance under the Notes (the "**Guaranties**"). In addition, in connection with his personal Guaranties (the "**Barton Guaranties**"), Barton personally agreed within thirty (30) days of Plaintiffs' request to grant or cause to be granted a first-priority security interest in certain assets. More specifically, Barton agreed to grant Plaintiffs a first-priority lien on the unencumbered value of a statue and certain real estate (hereinafter collectively referred to as the "**Guaranty Collateral**"):

| **Collateral** | **Acres** | **Lots** |
|---|---|---|
| Art: Michelangelo Bacchus statue, 1938 bronze replica, #3 of 8 total editions | n/a | n/a |
| Real Property Development known as North Star | 63.75 | 302 |
| Real Property Development known as Griffin | 201 | 870 |
| Real Property Development known as Rogers Ranch | 100 | 40 |
| Real Property Development known as Killeen | 16.2 | 1 |
| Real Property Development known as Ridgeview | 15 | 54 |

17. Pursuant to the terms of the Barton Guaranties, on or about September 17, 2019, Plaintiffs requested that Barton provide the documentation necessary to establish the agreed-upon security interests within thirty days—by October 17, 2019—so that Plaintiffs could promptly perfect their security interests in the Guaranty Collateral.

18. Barton, however, failed to comply with Plaintiffs' September 17, 2019 request to provide all documentation necessary to allow Plaintiffs to fully perfect their security interest in the Guaranty Collateral. Instead, he pledged membership interests in (i) entities holding the real estate from which the unencumbered value of the Guaranty Collateral was derived and (ii) one of the entities in the ownership chain of the company holding legal title to the Property (the "**Property Collateral**") (the Guaranty Collateral and the Property Collateral hereinafter collectively, the "**Collateral**"). In addition, among other things:

- 2999TC failed to pay the first interest-only payment when due on December 16, 2019;
- Plaintiffs learned that entities granting a security interest in certain of Barton's real estate holding companies made a material misrepresentations that they were organized in Texas; and
- 2999TC failed to pay Plaintiffs' out-of-pocket expenses incurred incidental to the Loan as agreed.

Ultimately, only after Plaintiffs threatened to accelerate the Loan did 2999TC pay the outstanding interest payment and Plaintiffs' out-of-pocket expenses incurred incidental to the Loan creation, but it failed to fully cure the other defaults.

19. When the second interest-only payment became due on March 16, 2020, 2999TC again failed to pay as agreed. In addition to 2999TC failing to make the $180,000.00 interest-only payment, among other things, Plaintiffs learned that Barton purportedly had allowed the granting of first-priority liens on the real estate owned by holding companies serving as Guaranty

Collateral. By doing so, Barton potentially diluted the unencumbered value in which he agreed to grant Plaintiffs a first-priority lien as set forth in the Barton Guaranties. Accordingly, on March 27, 2020, Plaintiffs sent a second notice of default demanding that Defendants cure the defaults by April 6, 2020.

20. On or about March 31, 2020, Defendant 2999TC, rather than pay the amount due, requested an initial 120-day payment forbearance—acknowledging to Plaintiffs that it does not have the financial means to perform under the Notes.

21. When Defendants failed to cure its defaults as demanded in Plaintiffs' March 27, 2020, notice, Plaintiffs accelerated the Loan and demanded payment in full from Defendants of all amounts due and owing. To date, however, Defendants have failed to pay as agreed, the Notes remain unpaid, and the principal is currently due and owing in full. Interest and attorney's fees are accruing daily. Accordingly, Plaintiffs have filed the instant lawsuit to recover the amounts due and to protect its security interest in the Collateral.

## VI.
## CAUSES OF ACTION

### BREACH OF PROMISSORY NOTES

22. Plaintiffs incorporate herein by reference the foregoing allegations.

23. 2999TC executed two enforceable Notes. Plaintiffs are the beneficiaries and holders of the Notes.

24. Plaintiffs performed their obligations under the Notes and loaned the total amount of $4,000,000.00 to 2999TC. 2999TC, in contrast, breached the Notes, among other things, through its failure to make the March 2020 interest-only payment as agreed and to make payment in full upon acceleration of the Loan.

25. As a proximate and foreseeable result of 2999TC's breach of the Notes, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with cost, attorney's fees, and pre-judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

26. All conditions precedent to Plaintiffs' right to recover have been performed, have occurred, or have been excused.

**BREACH OF GUARANTIES**

27. Plaintiffs incorporate herein by reference the foregoing allegations.

28. As consideration for Plaintiffs making the Loan to 2999TC, Barton and JMJ executed enforceable Guaranties for the benefit of Plaintiffs, securing 2999TC's performance under the Notes.

29. Plaintiffs performed their obligations by making the $4,000,000.00 Loan as contemplated by the Notes and the Guaranties. Barton and JMJ, in contrast, breached the Guaranties by failing to pay the amounts due to Plaintiffs under the Notes upon demand when 2999TC failed to pay as agreed and required. Barton further breached the Barton Guaranties by virtue of his failure to deliver all documents necessary for Plaintiffs' to perfect the agreed-upon security interests in, and by allegedly diluting the unencumbered value of, Plaintiffs' Guaranty Collateral.

30. As a proximate and foreseeable result of Barton's and JMJ's breach of their Guaranties, Plaintiffs have been damaged in a sum in excess of the minimum jurisdictional limits of the Court, for which sums Plaintiffs hereby sue, together with costs, attorney's fees, and pre-

judgment and post-judgment interest at the contractually agreed rate of 18% to the greatest extent allowed by applicable law.

31. All conditions precedent to Plaintiffs' right to recover have been performed or have occurred.

## VII.
## REQUEST FOR INJUNCTIVE RELIEF

32. Plaintiffs incorporate herein by reference the foregoing allegations.

33. Plaintiffs agreed to make the Loan to 2999TC based on the security interests pledged to secure the Loan. Defendants have failed to pay the Loan as agreed. In addition, Defendant Barton has both prevented Plaintiff from perfecting the promised first-priority security interest and, worse yet, potentially diluted the unencumbered value of Plaintiffs' security interest in the Guaranty Collateral by purportedly granting first-priority liens on the underlying real estate to third parties. Any dilution of such security interests have caused imminent, irreparable injury to Plaintiffs for which there is no adequate remedy at law. Accordingly, Plaintiffs seek a temporary restraining order and, after a hearing, a temporary injunction to be made permanent upon a final hearing. Injunctive relief is proper under the principles of equity because Plaintiffs have a probable right of recovery and, absent injunctive relief, will suffer imminent, irreparable injury for which there is no adequate remedy at law. *See Sun Oil Co. v. Whitaker,* 424 S.W.2d 216, 218 (Tex. 1968) (listing the equitable grounds for injunctive relief).

**A. Plaintiffs have a probable right to recover.**

34. The term "probable right to recover" is "a term of art" and does not require the Court to make a determination of the facts based upon "probabilities." *183/620 Group Joint Venture v. SPF Joint Venture*, 765 S.W.2d 901, 904 (Tex. App.—Austin 1999, writ dism'd,

w.o.j.). Rather, the movant is "only required to show that a bona fide issue exists as to his right to ultimate relief." *Id.* In other words, the movant must simply "adduce evidence that *tends to support* his right to recover on the merits." *Id*. (citing *Camp v. Shannon*, 348 S.W.2 517, 519 (Tex. 1961) (emphasis in original)).

35. As the verified facts herein establish, the Notes made payable by 2999TC to Plaintiffs were made by 2999TC, are held by Plaintiffs, were properly accelerated, and became due and payable in full, on April 14, 2020. Despite Plaintiffs' demand for payment, Defendants have failed since that date to make *any* payments towards the indebtedness owed in connection with the Notes, which are currently due and payable in full, and 2999TC recently admitted that it does not have the financial means to make even the most-recent interest-only payment. Further, Barton, in violation of the Barton Guaranties, has potentially diluted the unencumbered value of Plaintiff's security interest in the Collateral by purportedly granting subsequent first-priority liens on the assets owned by the Collateral to third parties and has failed to provide Plaintiffs with the documents necessary to fully perfect its security interest in the Collateral. Accordingly, there can be no question that Plaintiffs have demonstrated a probable right to recover on their claim for breach of contract based on breach of both the Notes and the Guaranties. *See e.g., Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993) (holding that the plaintiff was entitled to a temporary injunction in connection with his breach of contract claim).

**B. Without injunctive relief, Plaintiffs will suffer immediate, irreparable injury for which there is no adequate remedy at law.**

36. Absent injunctive relief protecting the unencumbered value of the Collateral from encumbrances and dilution, Plaintiffs will suffer immediate, irreparable injury for which there is no adequate remedy at law. Plaintiffs made the Loan to 2999TC based on Defendants'

Case 20-21354-smr11 Doc 1 Filed 10/04/21 Entered 10/04/21 11:26 Page 11 of 17

agreements and representations and the promise of a first-priority lien on the unencumbered value of the Collateral. Barton has already potentially diluted that value by allegedly granting first-priority liens on the assets of the Collateral to third parties, and has failed to provide Plaintiffs with the documents required to fully perfect Plaintiffs' security interest in the Collateral. Defendants have failed to pay the Loan as agreed. Indeed, Defendants have failed to make *any* payments towards the amounts due under the Notes since January 2020, and the entire indebtedness is currently due and payable in full. Defendants' failure to make even interest-only payments coupled with 2999TC's recent acknowledgement that it does not have the means to make payments as they become due demonstrates that Defendants are incapable of satisfying a multi-million dollar money judgment in Plaintiffs' favor. Accordingly, any dilution of the unencumbered value of Plaintiffs' security interest in the Collateral will leave Plaintiffs with little or no security for, and ability to recover, the millions of dollars they loaned to 2999TC.

37. Furthermore, the harm that will result to Plaintiffs is imminent. All efforts to address Defendants' defaults without Court involvement have proven futile. Defendants' purportedly granting third parties security interests and potentially diluting the unencumbered value of Plaintiffs' security interest in the Collateral coupled with 2999TC's recent admission that it does not have the financial ability to make even the interest-only payment due on March 16, 2020 shows that Defendants are in immediate financial hardship. Moreover, despite repeated requests by Plaintiffs since September of 2019, to date, Barton has failed to deliver to Plaintiffs all the documents required under the Barton Guaranties, only further reducing Plaintiffs' prospect of being made whole. In short, the verified facts herein demonstrate that, absent injunctive relief, Plaintiffs will suffer immediate irreparable injury for which there is no adequate remedy at law. *See Tex. Indus. Gas v. Phoenix Metallurgical Corp.*, 828 S.W.2d 529,

Case 21-31954-mvl11 Doc 1-1 Filed 11/04/21 Entered 11/04/21 11:26:45 Page 12 of 17

533 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that the trial court abused its discretion in denying temporary injunction because the plaintiff demonstrated the defendant would be unable to satisfy a money judgment in the plaintiff's favor); *Surko Enters. v. Borg-Warner Acceptance Corp.*, 782 S.W.2d 223, 225 (Tex. App.—Houston [1st Dist.] 1989, no writ) (affirming temporary injunction to preserve collateral on the grounds that the defendant was unable to satisfy the total amount alleged to be owed to plaintiff).

**C. Relief Requested.**

38. For the foregoing reasons, Plaintiffs request a temporary restraining order and, after a hearing, a temporary injunction to be made permanent upon a final hearing, enjoining and restraining Defendants and their agents, servants, employees, attorneys, and those persons and entities in active concert or participation with them and/or under their ownership and/or control who receive actual notice of the order, including but not limited to, the entities through which the Collateral or any asset of the Collateral is held and/or owned, whether directly or indirectly, in whole or in part, and any entity pledging a security interest to Plaintiffs in connection with the Loan, from engaging in the following acts or practices:

(i) directly or indirectly encumbering, diluting, or making inferior Plaintiffs' security interest in the unencumbered value of the Collateral, or allowing the encumbrance, dilution, or making inferior of Plaintiffs' security interest in the unencumbered value of the Collateral;

(ii) directly or indirectly granting to any party a security interest in the Collateral or any assets of the Collateral, or allowing the granting to any other party a security interest in the Collateral or any assets of the Collateral;

(iii) directly or indirectly selling, transferring, disposing, destroying, unwinding, or altering the Collateral or any assets of the Collateral, or any portion thereof, or allowing the transfer, disposal, destruction, unwinding, or alteration of the Collateral or any assets of the Collateral, or any portion thereof;

(iv) transferring, concealing, destroying, mutilating, altering, falsifying, or removing from the jurisdiction of this Court any records, documents, and/or communications relating to the Collateral or the assets of the Collateral, or allowing the transfer, concealment, destruction, mutilation alteration, falsification, or removal of the same; and

(v) continuing to interfere with Plaintiffs perfecting their security interest in the Collateral by requiring Defendants to within five business days deliver to Plaintiffs the documents necessary for all Collateral to immediately be properly and fully perfected.

39. Furthermore, because the Defendants are in financial hardship and have ignored Plaintiffs' repeated requests to protect Plaintiffs' security interest in the unencumbered value of the Collateral, Plaintiffs request that the temporary restraining order requested above be entered *ex parte*. Absent *ex parte* relief, it is likely that Defendants will encumber and dilute Plaintiffs' security interests in the unencumbered value of the Collateral prior to the hearing on Plaintiffs' application for a temporary injunction.

40. Plaintiffs are willing to post a reasonable bond to secure injunctive relief.

## VIII.
## ATTORNEY'S FEES

41. Plaintiffs have been required to retain the undersigned legal counsel to institute and prosecute this action. In accordance with the loan documents (including the Notes and the Guaranties), and Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiffs are entitled to recover their reasonable and necessary attorney's fees in bringing and prosecuting this action, and for any and all appeals enforcing the requested judgment.

## IX.
## JURY DEMAND

42. Plaintiffs demand a jury trial and tender the appropriate fee with this *Original Petition, Requests for Disclosure, and Verified Ex Parte Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction*.

## X.
## REQUEST FOR DISCLOSURE

43. Pursuant to Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within the time required by Rule 194.3, the information or material described in Rule 194.2.

## XI.
## PRAYER

For the reasons set forth above, the Plaintiffs respectfully request that Defendants be cited to appear and answer, and that the Court render judgment against Defendants and in favor of Plaintiffs, awarding Plaintiffs the following relief:

(a) any and all actual damages suffered in an amount within the jurisdictional limits of the Court;

(b) a temporary restraining order enjoining and restraining Defendants and their agents, servants, employees, attorneys, and those persons and entities in active concert or participation with them and/or under their ownership and/or control who receive actual notice of the order, including but not limited to, the entities through which the Collateral or any asset of the Collateral is held and/or owned, whether directly or indirectly, in whole or in part, and any entity pledging a security interest to Plaintiffs in connection with the Loan, from engaging in the following acts or practices:

(i) directly or indirectly encumbering, diluting, or making inferior Plaintiffs' security interest in the unencumbered value of the Collateral, or allowing the encumbrance, dilution, or making inferior of Plaintiffs' security interest in the unencumbered value of the Collateral;

Case 21-31954-mvl11 Doc 1 Filed 11/16/21 Entered 11/16/21 16:45 Page 15 of 17

(ii) directly or indirectly granting to any party a security interest in the Collateral or any assets of the Collateral, or allowing the granting to any other party a security interest in the Collateral or any assets of the Collateral;

(iii) directly or indirectly selling, transferring, disposing, destroying, unwinding, or altering the Collateral or any assets of the Collateral, or any portion thereof, or allowing the transfer, disposal, destruction, unwinding, or alteration of the Collateral or any assets of the Collateral, or any portion thereof;

(iv) transferring, concealing, destroying, mutilating, altering, falsifying, or removing from the jurisdiction of this Court any records, documents, and/or communications relating to the Collateral or the assets of the Collateral, or allowing the transfer, concealment, destruction, mutilation alteration, falsification, or removal of the same; and

(v) continuing to interfere with Plaintiffs perfecting their security interest in the Collateral by requiring Defendants to within five business days deliver to Plaintiffs the documents necessary for all Collateral to immediately be properly and fully perfected;

(c) temporary injunctive relief;

(d) permanent injunctive relief;

(e) pre-judgment interest at the contractually-agreed upon rate of 18%;

(f) post-judgment interest at the contractually-agreed upon rate of 18%;

(g) attorney's fees;

(h) costs of suit; and

(i) such other and further relief to which Plaintiffs show themselves to be justly entitled whether at law or in equity.

Respectfully submitted,

***/s/ Dee J. Kelly, Jr.***
Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
State Bar No. 11217250
Joakim G. Soederbaum
joakim.soederbaum@kellyhart.com
State Bar No. 24091338
KELLY, HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Phone: 817-332-2500
Facsimile: 817-878-9280

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.30

Diligent attempts to notify counsel for the parties against whom ex parte relief is sought have been unsuccessful, and the circumstances do not permit additional efforts to give notice.

***/s/ Joakim G. Soederbaum***
Joakim G. Soederbaum

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Before me, the undersigned authority, on this day personally appeared L. Allen Hodges III, who is personally known to me, and being first duly sworn according to law, upon his oath deposed and said:

1. "My name is L. Allen Hodges III. I am over twenty-one (21) years of age, of sound mind, and have never been convicted of a felony. I am fully competent to testify to, and have personal knowledge of, the facts stated within this verification, and every statement of fact contained herein is true and correct. I am the independent executor of The Estate of Leland A. Hodges Jr., one of the plaintiffs in the above-referenced lawsuit. I obtained personal knowledge of the facts stated herein by and through, among other things, my review of the documents referenced in Plaintiffs' *Original Petition, Requests for Disclosure, and Verified Ex Parte Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction*, my personal involvement in the Loan transaction, and my personal interactions with the persons and entities at issue in the above-referenced lawsuit, including but not limited to my interactions with Defendant Tim Barton."

2. "I have read Plaintiffs' *Original Petition, Requests for Disclosure, and Verified Ex Parte Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction* in the above-referenced lawsuit. The statements of fact contained in paragraphs 14-21 therein are within my personal knowledge and are true and correct."

3. "Further, affiant sayeth not."

L. Allen Hodges III

SUBSCRIBED AND SWORN to before me, the undersigned notary, on the 21st day of April, 2020.

Notary in and for the State of Texas

(Personalized Seal)

TRACEE FRANKLIN
Notary ID #130322587
My Commission Expires
August 5, 2023