Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Proposed Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**DEBTOR'S EXPEDITED MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS PURSUANT TO 11 U.S.C. SECTION 362**

Comes now 2999TC Acquisitions, LLC, debtor herein ("Debtor") and files this Expedited Motion to Enforce Automatic Stay and for Sanctions Pursuant to 11 U.S.C. Section 362, and would show the Court as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a), (e) and (o). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. FACTUAL AND PROCEDURAL BACKGROUND

2. The Debtor filed its voluntary petition herein (the "Petition") on Friday, October 29, 2021 at 5:48 p.m. (the "Petition Date"). The Debtor is the owner of a 2.5-acre tract of real property in Dallas, Texas to be developed into a luxury hotel and condominiums (the "Property").

3. The Debtor gave notice of the filing of the petition, including the transmission of a copy of the petition, by emails and texts directed to its secured lender, HNGH Turtle Creek, LLC (the "Lender") and to Wick Phillips Gould & Martin, LLP ("Wick Phillips"), the Lender's attorneys, on the Petition Date. At 5:57 p.m. on the Petition Date, Timothy Barton, the Debtor's president, sent a cell phone text message to Vipin Nambiar, the Lender's managing member, informing him that the Debtor had filed the petition, and received a response from Mr. Nambiar requesting that they talk the following Monday. At 6:09 p.m. on the Petition Date, Mr. Barton sent Mr. Nambiar an email with the Petition attached. And at 10:13p.m. on the Petition Date, Vance McMurray, Debtor's pre-Petition counsel, sent an email to Mr. Nambiar and the Lender's attorneys at Wick Phillips informing them of the filing and attaching a copy of the Petition.

4. Despite such notice, at 1:36 p.m. on Monday, November 1, 2021, the Lender filed a deed in lieu of foreclosure in the Dallas County Deed Records, conveying the Property to the Lender. The Deed in Lieu contained a notation requesting return of the recorded copy of the Deed in Lieu to Wick Phillips. The Debtor had given the Deed in Lieu to the Lender prior to the Petition Date to be held in escrow pursuant to a Forbearance and Payoff Agreement dated March 1, 2021 (the "Forbearance Agreement").

## III. ARGUMENTS AND AUTHORITIES

5. By filing the Deed in Lieu, the Lender knowingly and intentionally violated 11 U.S.C. § 362, which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate," and "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(3), (4).

6. This Court has the authority under 11 U.S.C. § 105 to sanction the Lender for its conduct in intentionally violating the automatic stay by recording the Deed in Lieu. In *Placid Ref.*

*Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609 (5th Cir. 1997), a creditor was found by the bankruptcy court to have violated an injunction issued by the court. In affirming the decision, the Fifth Circuit stated:

> While we have not yet specifically addressed the issue of whether the bankruptcy courts have the statutory authority to conduct civil contempt proceedings, many other Circuits have. *In Re Walters*, 868 F.2d 665, 669 (4th Cir.1989) ("A court of bankruptcy has authority [under § 105] to issue any order necessary or appropriate to carry out the provisions of the bankruptcy code."); *In Re Rainbow Magazine, Inc.,* 77 F.3d 278, 284 (9th Cir.1996) ("There can be little doubt that bankruptcy courts have the inherent power to sanction vexatious conduct [under § 105]."); *In Re Skinner*, 917 F.2d 444, 447 (10th Cir.1990) (holding that Congress granted bankruptcy courts civil contempt power under 11 U.S.C. § 105.); *In Re Hardy*, 97 F.3d 1384, 1389 (11th Cir.1996) ("Section 105 grants statutory contempt powers in the bankruptcy context."); *See also In Re Power Recovery Systems, Inc.,* 950 F.2d 798, 802 (1st Cir.1991) ("Bankruptcy Rule 9020(b) specifically provides that a bankruptcy court may issue an order of contempt if proper notice of procedures are given.").
>
> We agree with our brethren in their ultimate determination. Moreover, we assent with the majority of the circuits which have addressed this issue and find that a bankruptcy court's power to conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105. This section provides in pertinent part:
>
>> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or prevent an abuse of process.
>
> The language of this provision is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code. We find that an order, such as the one entered by the bankruptcy court, which compensates a debtor for damages suffered as a result of a creditor's violation of a post-confirmation injunction under 11 U.S.C. § 1141, was both necessary and appropriate to carry out the provisions of the bankruptcy code.

*Id.* at 612.

7. Pursuant to its authority under 11 U.S.C. § 105, the Debtor requests the Court to compel the Lender to reimburse Debtor for its attorney fees and any other actual costs the Debtor

may incur in bringing this motion and ensuring that the Deed in Lieu is properly rescinded. The Debtor further requests the Court to hear this Motion on an expedited basis, due to the immediate and very significant negative effects of the Lender's actions in depriving the Debtor of the Property to the detriment of the Debtor and all other creditors.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to hear this Motion on an expedited basis and, upon such hearing, to enter an order 1) finding the Lender in violation of the automatic stay, 2) requiring the Lender to take whatever actions may be necessary to rescind the Deed in Lieu and cure any effects it may have on the Debtor or its estate, and 3) requiring the Lender to compensate the Debtor for its actual attorney fees in an amount to be determined at the hearing, and any other actual costs the Debtor may incur in bringing this motion and ensuring that the Deed in Lieu is properly rescinded.

Dated: November 5, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: 972-503-4033
Facsimile: 972-503-4034
Email: joyce@joycelindauer.com
*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2020, a true and correct copy of the foregoing document was served via the Court's ECF system upon the parties listed below.

John J. Kane on behalf of Creditor HNGH Turtle Creek, LLC
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com,
Dallas.Bankruptcy@lgbs.com;Sean.French@lgbs.com;Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com

Joyce W. Lindauer on behalf of Debtor 2999TC Acquisitions, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger on behalf of Interested Party JMJ Development LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Interested Party Tim Barton
smetzger@pmklaw.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

/s/ *Joyce W. Lindauer*
Joyce W. Lindauer