Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY NO. ____________** |
| | § | |
| **L. ALLEN HODGES III, INDIVIDUALLY** | § | |
| **Defendant.** | § | |

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL AND/OR FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. §§ 548 AND 550**

Comes now 2999TC Acquisitions, LLC (f/k/a MO2999 TC, LLC), debtor and plaintiff herein ("**Acquisitions**" or "**Plaintiff**"), and files this its Complaint to Avoid and Recover Preferential and/or Fraudulent Transfer, and would show the Court the following:

## I. NATURE OF THE CASE

1. The Debtor filed its voluntary petition commencing its Chapter 11 bankruptcy case on October 29, 2021.

2. This adversary proceeding is commenced pursuant to sections 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") to avoid and recover from the named Defendant, L. Allen Hodges III, individually, or from any other person or entity

for whose benefit the transfer was made, preferential and/or fraudulent transfers of the sum of $100,000 in cash property of the Debtor made that occurred during the 90-day or two-year period, respectively, prior to commencement of the Debtor's bankruptcy case.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction of this adversary proceeding, which arises under the Bankruptcy Code and relates to the above-captioned Chapter 11 Case pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Court**"), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4. This adversary proceeding is a "core" proceeding to be heard and determined by this Court, pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory and legal predicates for the relief sought herein are sections 547, 548 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

7. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to entry of final orders or judgments by this Court.

## III. PARTIES

8. Plaintiff 2999 TC Acquisitions, LLC ("**Acquisitions**" or "**Plaintiff**") is a Delaware limited liability company with its principal place of business located at 13901 Midway Road, Suite 102-243, Dallas, Texas 75244.

9. On information and belief, Defendant L. Allen Hodges III ("**Hodges**" or "**Defendant**") is a citizen of the State of Texas and a resident of Tarrant County and may be served at his office at 306 W. 7th Street, Suite 701, Fort Worth, Texas 76102.

## IV. FACTS

10. After August 1, 2021, but prior to August 12, 2021, 2999TC LP, LLC, JMJ Development, LLC and Tim Barton [who is the President and Manager of the Debtor, 2999TC LP, LLC and JMJ Development, LLC], along with L. Allen Hodges III, entered into what was believed to be a binding Settlement Agreement (the "**Settlement**") in connection with certain litigation as Cause No. 141-316567-20, pending in the 141st Judicial District Court of Tarrant County, Texas, styled *L. Allen Hodges III, as Independent Executor of the Estate of Leland A. Hodges, Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd., and Blackfoot Interest, Ltd. v. 2999TC LP, LLC, JMJ Development, LLC, and Tim Barton* (the "**State Court Case**"). L. Allen Hodges III is listed as a creditor of the Debtor.

11. In anticipation of Hodges' full execution of the Settlement, the Debtor advanced the sum of $100,000 on behalf of 2999TC LP, LLC by paying such sum to Hodges as the "Initial Settlement Payment" (herein, so called) by a wire transfer from Debtor's account in the amount of $100,000 to Hodges. The named plaintiffs in the State Court Case had made a written offer to the named defendants therein by Hodges, through counsel submitting the Settlement to 2999TC LP, LLC, JMJ Development, LLC and Tim Barton (collectively, the "**State Court Defendants**"), which the State Court Defendants accepted by executing the Settlement and returning it to Hodges, on behalf of the named plaintiffs in the State Court Case, along with the required Initial Settlement Payment, on August 12, 2021 (see attached Exhibit "A"), by wire transfer to Hodges' designated account.

12. Hodges failed to honor and breached the Settlement, including by stating through counsel that "there was no settlement" at a status update hearing before the 141st Judicial District

Court on August 17, 2021. and further seeking to proceed in the State Court Case in breach of the Settlement.

13. On or before August 7, 2021, Hodges, as the Independent Executor of the Estate of Leland A. Hodges, Jr. and who controls the other plaintiff entities in the State Court Case, and Barton, along with Larry Martin ("**Martin**"), a third party representative of certain of the named entity defendants and 2999TC LP, LLC, began discussing the terms of a possible settlement of the State Court Case by telephone and texts.

14. Thereafter, the parties agreed in principle to the terms of the Settlement (including as stated above), and, thereafter, on August 9, 2021, Hodges texted Martin asking him to email or text him "…a summary of the terms that you and I finally agreed to this morning concerning the settlement so I can look them over and have something in writing to send to my attorney…" Hodges also suggested that counsel for the named defendants in the State Court Case should begin drafting the settlement agreement.

15. On August 10, 2021, a counsel for the named defendants in the State Court Case emailed plaintiffs' counsel, designated by Hodges to Martin, Cole Ramey ("**Ramey**"), at Kilpatrick Townsend & Stockton LLP, that he was preparing an initial draft settlement agreement. Thereafter, on August 11, 2021, named defendants' counsel emailed Ramey such draft Settlement.

16. Ramey and Brian Bruner ("**Bruner**"), who apparently was then serving as additional counsel for Hodges and who had not otherwise entered an appearance as counsel in the State Court Case, revised the Settlement, which added a promissory note, guaranty and agreed judgment (which would only be entered in the event of a default under the Settlement), which Bruner emailed to Hodges on August 11, 2021.

17. Hodges then forwarded the email from Bruner with the revised Agreement to Martin later that same day and stated that he was "GTG" [good to go]. Hodges also emailed Martin later that evening (August 11, 2021) that Bruner was going to send a PDF of all of the Settlement documents on the morning of August 12, 2021 and stated that "if Tim [Barton] can execute and get them notarized and that should take care of everything as long as it's all executed and sent back to Brian Bruner and myself before the 10:00 a.m. hearing."

18. Over the next several days through August 19, 2021, counsel and the parties in the State Court Case went back and forth, with Hodges proposing new documents and new terms and Hodges' counsel advising that "if we don't have executed documents before the hearing, we will assume the proposal has been rejected."

19. Hodges is now refusing to honor and abide by the Settlement and, instead, has just pocketed the $100,000 that was paid under the Settlement and which Hodges fraudulently induced this Debtor to advance and to pay over to Hodges.

## V. CLAIMS FOR RELIEF

### COUNT I

### (Avoidance of Preferential Transfer – 11 U.S.C. § 547)

20. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

21. During the 90-day period prior to the filing of the Plaintiff's Bankruptcy Case (the "**Preference Period**"), pursuant to the wire transfer from the Debtor to Hodges, the Debtor transferred to Defendant Hodges the sum of $100,000 (the "**Transfer**"), which had a value of at least $100,000.

22. The Transfer constituted a transfer of an interest in property of the Debtor.

23. During the Preference Period, Defendant Hodges, individually and in various other capacities, was a creditor at the time of the Transfer.

24. The Transfer was to or for the benefit of a creditor [Hodges] within the meaning of Section 547(b)(1) of the Bankruptcy Code, because the Transfer either reduced or fully satisfied a debt or debts then owed by the Plaintiff.

25. The Transfer was made for, or on account of, an antecedent debt owed by the Plaintiff to Defendant Hodges before such Transfer was made, as asserted by Hodges and memorialized in Loan Documents and the Settlement, which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Hodges prior to being paid by the Plaintiff on August 12, 2021.

26. The Transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for the Transfer made during the Preference Period pursuant to Section 547(f) of the Bankruptcy Code.

27. The Transfer was made during the Preference Period.

28. As a result of the Transfer, Hodges received more than Hodges would have received if (i) the Plaintiff's Bankruptcy Case was under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Hodges received payments of its debts under the provisions of the Bankruptcy Code.

29. In accordance with the foregoing, the Transfer is avoidable pursuant to Section 547(b) of the Bankruptcy Code.

30. Hodges was the initial transferee of the Transfer.

31. Based upon the foregoing, Plaintiff is entitled to an order and judgment against Hodges (i) avoiding the Transfer under section 547(b) of the Bankruptcy Code; and (ii) entitling

Plaintiff to recover the Transfer or the value of the Transfer from Hodges under Section 550(a) of the Bankruptcy Code, together with the award of pre- and post-judgment interest thereon from the date of demand to the date of payment or other satisfaction of such order and judgment and the costs of this action.

**COUNT II**

**(Avoidance of Fraudulent Conveyance – 11 U.S.C. §§ 548(a)(1)(B))**

32. Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

33. To the extent that the Transfer was not on account of an antecedent debt, the Plaintiff did not receive reasonably equivalent value in exchange for such transfer ("**Potentially Fraudulent Transfer**"); and

a. The Plaintiff was insolvent on the date that the Transfer(s) was made or became insolvent as a result of the Transfer(s);

b. The Plaintiff was engaged in a business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the Plaintiff was an unreasonably small capital; or

c. The Plaintiff intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

34. The Potentially Fraudulent Transfer is avoidable pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

**COUNT III**

**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

35. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

36. Plaintiff is entitled to avoid the Transfer and any Potentially Fraudulent Transfer pursuant to Sections 547 and 548 of the Bankruptcy Code (collectively, "**Avoided Transfer**").

37. Hodges was the initial transferee of the Avoided Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoided Transfer was made.

38. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover the Avoided Transfer from Hodges, plus the costs of this action.

**COUNT IV**

**(Disallowance of All Claims – 11 U.S.C. § 502(d) and (j))**

39. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

40. Hodges is a person from which the Property is recoverable under Section 550 of the Bankruptcy Code.

41. Hodges is a transferee of the Avoided Transfer avoidable under Sections 547 and/or 548 of the Bankruptcy Code.

42. Hodges has not turned over the Property or paid the value of the Avoided Transfer, for which Hodges is liable under Section 550 of the Bankruptcy Code.

43. Pursuant to Section 502(d) of the Bankruptcy Code, any and all claims of Hodges against the Plaintiff's Chapter 11 estate must be disallowed until such time as Hodges turns over the Property to the Plaintiff or pays to Plaintiff an amount equal to the value of the Avoided Transfer, plus interest thereon and costs.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant relief and enter a judgment against Hodges as follows:

A. that the Avoided Transfer avoidable under Sections 547 and/or 548 of the Bankruptcy Code, be avoided;

B. that the Avoided Transfer, to the extent that it is avoided pursuant to Sections 547 and/or 548 of the Bankruptcy Code, be fully recovered by Plaintiff pursuant to Section 550 of the Bankruptcy Code;

C. that any and all claims held by Hodges (in any capacity) be disallowed in accordance with Section 502(d) of the Bankruptcy Code until Hodges satisfies the judgment;

D. that pre-judgment interest be awarded at the maximum legal rate running from the date of filing of the Complaint to the date of judgment herein;

E. that post-judgment interest be awarded at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

F. that Hodges be required to turn over the Property and/or pay forthwith the judgment amount awarded in favor of Plaintiff;

G. that Plaintiff be awarded punitive damages against Hodges; and

H. that the Plaintiff be granted such other and further relief as the Court deems just and proper.

Dated: November 18, 2021

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com
ATTORNEY FOR 2999 TC ACQUISITIONS, LLC, PLAINTIFF AND DEBTOR

CHASE for BUSINESS
Printed from Chase for Business

| Wire date | Status | Wire to | Transaction number | Transfer amount | Amount |
|---|---|---|---|---|---|
| Aug 12, 2021 | Completed | L Allen Hodges III Companies | 5298919238 | $100,000.00 | $100,000.00 USD |

| | |
|---|---|
| Wire to | L Allen Hodges III Companies (...6537) |
| Wire from | 2999TC ACQUISITIONS (...2363) |
| Amount | $100,000.00 USD (U.S. Dollar) |
| Wire fee | See analysis statement |
| Total | $100,000.00 USD (U.S. Dollar) |
| Wire date | Aug 12, 2021 |
| Status | Completed |
| Status date | Aug 12, 2021 |
| Reference number | 0812B1QGC01C005356 |
| Transaction number | 5298919238 |
| Message to recipient | None |
| Message to recipient bank | None |
| Memo | None |
| Submitted by | SAIF SACHWANI |
| Submitted by date and timestamp | 08/12/2021 08:51:09 AM ET |
| Approved by | Administrator |
| Approved by date and timestamp | 08/12/2021 10:37:43 AM ET |
| Last modified by | Not Available |
| Modified by date and timestamp | 08/12/2021 10:50:33 AM ET |

tabbies
EXHIBIT
A