# EXHIBIT 1

CAUSE NO. DC-20-05864

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, and HN Green Hollow Capital Partners, LLC, 2999 Turtle Creek, LLC, and Madison Realty Capital, LP | § | DALLAS COUNTY, TEXAS |
| *Defendants.* | § | 14th JUDICIAL DISTRICT |

## ORDER FOR CONTEMPT OF COURT

On this day, the Court considered Defendants HNGH Turtle Creek, LLC's ("HNGH"), William L. Hutchinson's ("Hutchinson"), Vipin Nambiar's ("Nambiar"), and HN Green Hollow Capital Partners, LLC's ("HN Green Hollow") (collectively "Defendants") Motion for Order to Show Cause and Motion for Contempt ("Motion") related to Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC's ("Plaintiff") failure to comply with the terms of this Court's Order Granting Defendants' Motion to Compel dated August 13, 2020 (the "August 13 Order") and the Parties' August 19, 2020 Rule 11 Agreement ("Rule 11 Agreement").

***Appearances***

Defendants appeared in person and by their counsel of record, Rusty J. O'Kane and Zachary Farrar, WICK PHILLIPS GOULD & MARTIN, LLP, and announced ready.

After being properly served and cited to appear, Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC appeared through its counsel of record, Royce West and Craig Capua, WEST & ASSOCIATES, LLP. Plaintiff's Motion for Continuance was considered and DENIED.

2999 Turtle Creek, LLC appeared through its counsel of record, Douglas Wade Carvell, HOGE & GAMEROS, LLP.

***Jurisdiction***

After examining the pleadings, evidence, and arguments of counsel, the Court finds it has jurisdiction over the subject matter and Parties in this case; that the Motion is in all respects proper and sufficient; that Plaintiff was afforded due and proper notice of these proceedings; and that Plaintiff was properly served with a copy of the Motion and the Order Granting Motion for Order to Show Cause (the "Show Cause Order") both via e-service upon its counsel of record, and through its registered agent, Incorp Services.

***Findings***

After considering the briefing, evidence (including exhibits tendered to the Court), testimony, and arguments of counsel, the Court hereby finds as follows:

1. On August 13, 2020, this Court entered its Order Granting Defendants' Motion to Compel ("August 13 Order") that provided, in pertinent part, that Plaintiff shall cause its corporate representative(s) to attend a deposition on August 26, 2020.

2. On August 19, 2020, the Parties signed a Rule 11 Agreement scheduling Plaintiff's corporate representative's deposition for September 17, 2020. The Rule 11 Agreement was filed with this Court.

3. Despite the August 13 Order and Rule 11 Agreement, Plaintiff failed to appear at its deposition on September 17, 2020.

4. On September 22, 2020, Defendants properly served a Second Amended Notice of Deposition of the Corporate Representative of 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Second Amended Notice"), which scheduled the deposition for September 29, 2020. Plaintiff did not object to or move to quash the Second Amended Notice.

5. Plaintiff failed to appear for its properly noticed deposition on September 29, 2020.

6. Plaintiff's failure to appear at its properly noticed depositions violates this Court's August 13 Order, the Parties' Rule 11 Agreement, and the Texas Rules of Civil Procedure. Plaintiff's conduct amounts to contempt of Court.

7. The Court specifically finds that there was no good cause for Plaintiff's failure to appear and Plaintiff is in civil contempt for failing to appear at its depositions.

8. On October 12, 2020, Defendants presented, and the Court admitted, evidence on the reasonable and necessary attorneys' fees Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

9. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

10. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs incurred by Defendants for court reporter costs and expenses related to the depositions.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC is in civil contempt of Court.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $10,000.00, representing properly proven reasonable and necessary attorneys' fees incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $1,160.05, representing court reporter costs and expenses incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

Signed this 15 day of October, 2020.

HONORABLE JUDGE PRESIDING