John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

# HNGH TURTLE CREEK, LLC'S OBJECTION TO DEBTOR'S EXPEDITED MOTION TO ENFORCE AUTOMATIC STAY AND FOR SANCTIONS

HNGH Turtle Creek, LLC ("**HN**") files this *Objection* (the "**Objection**") to the *Expedited motion to Enforce Automatic Stay and For Sanctions Pursuant to 11 U.S.C. Section 362* (the "**Motion for Sanctions**") [Dkt. Nos. 14, 15] filed by 2999 TC Acquisitions, LLC (the "**Debtor**"). By this Objection, HN requests entry of an order denying the Debtor's Motion for Sanctions, and granting HN an allowed administrative expense claim for the costs and expenses incurred preparing and arguing this Objection. In support hereof, HN respectfully states as follows:

## BACKGROUND

### A. THE MOTION FOR SANCTIONS

1. At 7:11 pm on Friday, November 5, 2021, the Debtor filed its Motion for Sanctions against HN, in which the Debtor alleges that HN willfully violated the automatic stay by filing "a deed in lieu of foreclosure in the Dallas County Deed records, conveying the Property to the Lender" three



**EXHIBIT "6"**

days after receiving notice of the Debtor's bankruptcy filing.

2. Though the Debtor's factual allegations are patently false—and the Debtor knew or should have known they were false before filing the Motion for Sanctions—HN takes the Debtor's allegations very seriously.

3. HN is represented by the undersigned bankruptcy counsel, who appeared in this case on November 1, 2021, and filed HN's *motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support* (the "**Motion to Dismiss**") [Dkt. No. 9, 10] on November 4, 2021. Undersigned counsel is an experienced bankruptcy practitioner and advised HN regarding the automatic stay in the course of his representation. Moreover, HN is a sophisticated party and is aware of the implications—and power—of the automatic stay. HN even seeks relief from the automatic stay as an alternative remedy in its Motion to Dismiss. Contrary to the Debtor's argument, HN did not violate the automatic stay in this case.

## B. THE DEBTOR'S BROKEN TIMELINE

4. In its Motion for Sanctions, the Debtor claims that, after days of notice, HN willfully violated the stay by ***filing*** its deed in lieu of foreclosure (the "**Deed in Lieu**"). In doing so, the Debtor claims, HN sought to take possession of the Debtor's only material asset, "a 2.5-acre tract of real property in Dallas, Texas to be developed into a luxury hotel and condominiums" (the "**Property**").

5. In the Debtor's Motion for Sanctions, the Debtor sets forth a detailed timeline of events purportedly supporting its position and warranting sanctions:

a) 5:48 pm, October 29, 2021 – Debtor files its petition

b) 5:57 pm, October 29, 2021 – Barton notifies HN of Debtor's bankruptcy filing

c) 6:09 pm, October 29, 2021 – Barton emails HN a copy of Debtor's petition

d) 10:13 pm, October 29, 2021 – Debtor's counsel emails HN the petition

e) 1:36 pm, November 1, 2021 – HN files deed in lieu of foreclosure

MOTION FOR SANCTIONS, ¶ 3. The Debtor's timeline is, however, fatally incorrect for one key reason: HN did not file the Deed in Lieu at 1:36 pm on November 1, 2021. That is the time and date on which the Dallas County Clerk *recorded* the Deed in Lieu, which the Escrow Agent *filed* with the Dallas County Clerk *before the commencement of this case* on October 29, 2021.

6. Under the Forbearance Agreement,[1] the Debtor provided HN a Deed in Lieu as collateral securing the Debtor's obligations under the Note, Forbearance Agreement, and other Loan Documents. FORBEARANCE AGREEMENT, ¶ 9. The Deed in Lieu was held in the possession of an escrow agent, in this case Old Republic National Title Insurance Company (the "**Escrow Agent**"). Upon the occurrence of certain defaults under the Forbearance Agreement, such as a non-payment of amounts due under the Note at maturity (a "**Transfer Event**"), the Escrow Agent could cause the Deed in Lieu to be filed with the Dallas County Clerk and recorded for HN's benefit. *Id.* Under the Forbearance Agreement, all amounts due and owing under the Note came due and owing on October 29, 2021. *Id.* at ¶ 2(c) (the "**Extended Maturity Date**"). Pursuant to Section 6 of the Note, all payment obligations, including maturity date payments, must be paid no later than 1:00 prevailing New York time. *See* NOTE ¶ 6. The Debtor admits that it did not pay all amounts due and owing on the Extended Maturity Date, by the 1:00 New York time deadline set forth in the Note. Debtor's failure to pay therefor triggered a Transfer Event at approximately 12:01 pm CT.

7. Shortly thereafter, HN caused the Escrow Agent to submit the Deed in Lieu to the Dallas County Clerk for recording, in accordance with its rights under the Forbearance Agreement. As evidenced by an email from the Escrow Agent with a screen shot of the filing and recording dates and times, the Escrow Agent filed the Deed in Lieu with the County Clerk on or before **4:18 p.m.** Friday, October 29, 2021. A copy of that email is attached as **Exhibit A**.

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion to Dismiss.

8. The Debtor *expressly admits* that it did not file its petition for bankruptcy relief until **5:48 p.m.** later that evening.

**C. THE FRIVOLOUS MOTION FOR SANCTIONS – DEBTOR IGNORES HN'S ADMISSIONS**

9. Importantly, the Debtor knew or should have known that its Motion for Sanctions was frivolous, and that its timeline of events was erroneous. After all, HN filed its Motion to Dismiss *more than 24 hours **before*** the Debtor filed its Motion for Sanctions. HN suspects that the Debtor or Debtor's counsel failed to read the Motion to Dismiss before drafting and filing the Motion for Sanctions. In its Motion to Dismiss, HN references the Deed in Lieu on 17 different occasions. In three paragraphs—3, 22, and 46—HN explains the timing of its submission of the Deed in Lieu to the County Clerk for recording.

10. For example, in paragraph 3 of the Motion to Dismiss, HN notes that the Debtor defaulted on its maturity payment obligation no later than 1:00 pm on Friday, October 29, 2021. MOTION TO DISMISS, ¶ 3. HN further explains that shortly thereafter, HN caused the Deed in Lieu to be filed with the Dallas County Clerk. *Id.* HN makes clear that the Debtor filed its petition for bankruptcy relief ***only after*** HN filed the Deed in Lieu with the Dallas County Clerk. *See id.* HN even emphasized that point in paragraph 22 of its Motion to Dismiss, expressly stating "HN submitted the Deed in Lieu for recording *before* the Debtor filed its petition for bankruptcy relief in the evening of October 29, 2021…." MOTION TO DISMISS, ¶ 22 (emphasis in original).

11. Importantly, HN left no room for confusion about the difference between *filing* a Deed in Lieu, and the Dallas County Clerk's *recording* of the Deed in Lieu. Secured lenders do not physically record deeds in the Dallas County Clerk's records. Instead, they either file or cause a third party to file a deed with the Dallas County Clerk. The County Clerk then reviews the deed and, in most circumstances, records the deed in the county records. As a result, there is typically a delay from filing to recording in which the deed is solely within the possession and control of the county clerk.

12. Cognizant of that fact, HN distinguished between *filing* and *recording* the Deed in Lieu in its Motion to Dismiss. As illustrated above, HN repeatedly noted that it *filed*—or caused the Escrow Agent to file—the Deed in Lieu with the Dallas County Clerk before the Debtor filed its petition. After that, the Deed in Lieu was entirely out of HN's possession and control. Mindful of the automatic stay, HN did not take any steps after receiving notice of the Debtor's bankruptcy filing to cause the Dallas County Clerk to record the Deed in Lieu. Even so, the Dallas County Clerk—not HN—did just that and recorded the Deed in Lieu at 1:36 p.m. on November 1, 2021. HN did not try to hide that fact. Instead, HN highlighted that fact for the Court in its Motion to Dismiss. After explaining that HN *filed* the Deed in Lieu before the Debtor commenced its bankruptcy case, HN expressly noted that "[t]he County Clerk recorded the filed Deed in Lieu at 1:36 pm on November 1, 2021." MOTION TO DISMISS, ¶ 22.

13. Given HN's Motion to Dismiss, the Debtor should have known the difference between the Deed in Lieu filing date and the date on which the Dallas County Clerk recorded it. Instead, it appears that the Debtor chose to ignore HN's instructive pleadings, and to file the Motion for Sanctions. Debtor's counsel similarly chose not to consult with HN's counsel before filing the Motion to Dismiss. Had she done so, both parties could have saved thousands of dollars in unnecessary legal fees. HN should not be taxed for Debtor's unprofessional attack and should be reimbursed by the estate for costs and expenses incurred defending the Debtor's frivolous motion. Before preparing this Motion, HN's counsel provided Debtor's counsel an opportunity to withdraw the Motion for Sanctions. HN's counsel explained to Debtor's counsel the difference between the Deed in Lieu filing and recording dates and provided the attached Exhibit A to prove that the Escrow Agent filed the Deed in Lieu before the Debtor commenced its bankruptcy case. Despite possessing evidence of its folly, the Debtor chose not to withdraw the Motion for Sanctions, causing HN to incur legal fees and expenses preparing this Motion.

## **REQUEST FOR RELIEF**

14. Section 362 of the Bankruptcy Code governs the automatic stay. 11 U.S.C. § 362. The automatic stay does not exist before the commencement of a petition for bankruptcy relief. *See* 11 U.S.C. § 362(a) (requiring filing of a petition for operation of stay). Accordingly, HN's filing of the Deed in Lieu prior to the Debtor's bankruptcy case cannot have violated the automatic stay. *Id.* After reasonable diligence, HN is unable to identify any case law to the contrary. Moreover, HN's counsel has found no case law suggesting that HN had an affirmative duty to preclude the Dallas County Clerk from recording the Deed in Lieu after HN learned of the Debtor's bankruptcy filing.

15. The Debtor's Motion for Sanctions appears to corroborate HN's research findings. The Debtor cites ***zero*** case law for the proposition that HN's pre-petition filing and the County Clerk's post-petition recording somehow violated the automatic stay.

16. The only case cited by the Debtor, *Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebonne Fuel & Lube)*, 108 F.3d 609 (5th Cir. 1997), is beneficial to HN. When taken in conjunction with section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9011, it enables this Court to sanction the Debtor for its frivolous motion or, in the alternative, to award fees and expenses to a HN for prevailing *against* a motion for sanctions. *See* FED R. BANKR. PROC. 9011(c)(1)(A). As set forth in Bankruptcy Rule 9011(c)(1)(A), this court "may award to the party prevailing on [a motion for sanctions] the reasonable expenses and attorneys' fees incurring in presenting *or opposing* the motion." *Id.* (emphasis added). Here, the facts and circumstances certainly warrant an award in HN's favor.

17. This Court should therefore deny the Debtor's Motion for Sanctions and grant HN an allowed administrative claim against the Debtor's estate for the fees, costs, and expenses incurred defending the motion.

18. **WHEREFORE**, HN requests that the Court enter an order denying the Debtor's Motion to Dismiss, finding that HN did not violate the automatic stay, and awarding HN fees, costs,

and expenses incurred defending against the Motion for Sanctions.

DATED: November 8, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: hneilson@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2021, a true and correct copy of the foregoing document was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding, and (ii) via e-mail on the parties listed below.

Joyce W. Lindauer
JOYCE W. LINDAUER ATTORNEY, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
E-mail: joyce@joycelindauer.com

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
E-mail: ustpregion06.da.ecf@usdoj.gov

*/s/ John J. Kane*
John J. Kane

# EXHIBIT A

**From:** Coover, Mindy <MCoover@OldRepublicTitle.com>
**Sent:** Monday, November 1, 2021 3:28 PM
**To:** Isaac J. Brown <isaac.brown@wickphillips.com>
**Subject:** RE: [External] recorded deed -

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6583118 | 5141004595 | TX | Dallas | ORTDFWPreseton-<br><br>MCoover@oldrepublictitle.com | 10/29/2021 4:18 PM | 11/1/2021 2:55 PM | 1 | Recorded |

This is a screenshot from my electronic submission page.
It shows we submitted on 10/29/2021 at 4:18pm and recorded on 11/01/2021 at 2:55pm

**Mindy Coover**
Vice President | Old Republic National Title Insurance Company
Sr. Commercial Escrow Officer/Manager, Dallas National Commercial Division
8201 Preston Road, Suite 450, Dallas, Texas 75225
T: 214.239.6400 / F: 800.470.8719 / Shoretel: 16415 / Direct: 214.239.6415
**mcoover@oldrepublictitle.com / www.oldrepublictitle.com/texas/dfw**