John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

---

# HNGH TURTLE CREEK LLC'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO 2999TC ACQUISTIIONS, LLC

---

TO: 2999TC Acquisitions, LLC, by and through its counsel of record, Joyce W. Lindauer, 1412 Main Street, Dallas, Texas 75202.

Pursuant to Fed. R. Civ. P. 33, 34, and 36, incorporated into this contested matter by Fed. R. Bankr. P. 9014(c), 7033, and 7034, HNGH Turtle Creek, LLC, by and through its undersigned counsel, herby serves the following *Requests for Production and Interrogatories* (the "**Requests**") upon 2999TC Acquisitions, LLC (the "**Debtor**") which must be answered in accordance with applicable rules or orders of the court in the above styled proceeding.

**EXHIBIT "11"**

DATED: November 12, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com
E-mail: hneilson@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of November, 2021, served a copy of the foregoing, by e-mailing the same in accordance with the Federal Rules of Civil Procedure, as applied by the Federal Rules of Bankruptcy Procedure, upon counsel of record as follows:

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Tel: (972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

*/s/ John J. Kane*
John J. Kane

## I.
## DEFINITIONS

The following terms shall have the meaning(s) set forth below, regardless of whether the defined term is capitalized, with respect to the noticed deposition

1. "Affiliate(s)" shall mean any legal entity in which the Debtor owns a direct or indirect interest, or that directly or indirectly owns an interest in the Debtor, or which is subject to common ownership, management, or control with the Debtor. For the purposes of these Requests, the definition of Affiliate shall include, but shall not be limited to including, MO 2999TC MZ, LLC, Five Star TC, LLC, Five Star MM, LLC, Five Star GM, LLC, 2999TC JMJ MGR, LLC, TLB 2018 Trust, John Dowdall, Pam Kirby, Allen Hodges, Tim Barton, and any of their successors-in-interest or assigns.

2. "Communication(s)" means any contact or act by which information or knowledge is transmitted or conveyed between two or more persons and includes, without limitation: (1) written contact, whether by letter, memoranda, telegram, telex, email, electronic message, text message or other documents; (2) oral contact, whether by face-to-face meetings, telephone conversations or otherwise; and (3) nonverbal acts intended to communicate or convey any meaning, understanding or other message.

3. "Custody, control or possession" means in your physical possession, as "your" is defined herein, and/or if you have the right to obtain the document or a copy thereof from another person or entity having physical possession thereof.

4. "Debtor" refers to the pre and post-petition entity 2999TC Acquisitions, LLC and its predecessor(s) in interest, the Debtor in the above-captioned, bankruptcy no. 21-31954, and any other person acting or purporting to act on the Debtor's behalf, including Timothy Barton, attorneys, investigators, agents, or employees.

5. "Deed in Lieu" shall mean the Deed in Lieu of Foreclosure related to the Property and previously held in escrow for the benefit of HNGH pursuant to the Forbearance Agreement, and referenced in HNGH's *Motion to Dismiss* [Docket No. 10] (the "**Motion to Dismiss**").

6. "Deed of Trust" shall mean the Deed of Trust, Security Agreement and Fixture Filing made as of September 20, 2019, and recorded in the real property records of Dallas County, Texas; a copy of the Deed of Trust is attached to the Motion to Dismiss as **Exhibit B**.

7. "Describe with specificity" means to give a complete and full description concerning the matter about which inquiry is made, including the dates, times, places, or amounts; the full name, address and telephone number of all persons involved; discrete and itemized details where appropriate; and other particulars that make the answer to the interrogatory fair and meaningful.

8. "Document" means the originals and each non-identical copy or reproduction of any written or recorded matter in your possession, custody or control, or the custody or control of your servants, employees, attorneys or other agents or any other person or entity acting on your behalf – whether printed, recorded, reproduced by any process, or written or produced by hand. This definition includes all handwritten, typewritten, printed, photocopied, photographic or recorded matter, and includes pictures, photographs, diagrams, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. "Document" shall include any and all writings of any kind, including the originals, drafts, and non-identical copies, whether different from the originals by reason of any notation made on such drafts or copies or otherwise, including without limitation, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, text, statements, receipts, returns, summaries, pamphlets, books, prospectuses, inter-office and intra-office communications, offers, notations of any sort regarding conversations, telephone calls, meetings or

other communications, bulletins, printed matters, computer printouts, teletypes, telefax, invoices, work sheets, and each and every draft, alteration, modification, change or amendment of any kind of the foregoing; graphic or aural records and oral representations of any kind, including without limitation, e-mail, photographs, charts, graphs, microfiche, microfilm, video tapes, recordings, motion pictures; and electronic, magnetic, mechanical or electric records or representations of any kind, including without limitation, tapes, cassettes, disks, computer generated, or stored information and recordings, and each and every draft, alteration, modification, change or amendment of any kind of the foregoing. All documents should be produced without alteration and with any and all exhibits and attachments thereto.

9. "Explain" means to describe with specificity and includes the recitation of all relevant dates and places and the responsibility to identify, as defined below, all persons who have information relating to the event, Incident, condition, legal and factual contention or other matter which is the subject of the Interrogatory.

10. "Evidencing" means tending to show, in any probative manner, the existence or nonexistence of any matter.

11. "Forbearance Agreement", unless otherwise specified, shall mean the Forbearance and Payoff Agreement made effective on March 1, 2021, a copy of which is attached to the Motion to Dismiss as **Exhibit D**.

12. "Guaranty," unless otherwise specified, shall mean the Guaranty entered by Timothy Barton, dated September 20, 2019, guaranteeing the Debtor's obligations under the Note and Deed of Trust; a copy of the Guaranty is attached to the Motion to Dismiss as **Exhibit C**.

13. "Identify" or any form of that word as used herein in connection with a document means to state:

(b) the name, date and subject of the document;

(c) the type of document (*e.g.*, letter, memorandum, note, report); and

(d) the specific location (page, line, language, numbers, as applicable) within a document, if in connection with a specified document.

14. "Identify" or any form of that word as used herein with respect to a person, if the person is an individual, means to state:

(a) the name of such person;

(b) the present address and telephone number or, if unknown, the last known address and telephone number and last known employer of such person; and

(c) the identity of the Debtor or Affiliate entity to which such person currently or previously relates, including the nature of such relation, and any title held by the person at the applicable time in such relation, if applicable.

15. "Identify" or any form of that word, as used herein with respect to a person, if the person is a corporation, partnership or other legal entity, means to:

(a) state the name; and

(b) state the address of the entity's principal place of business and telephone number.

16. "Note" shall mean the Secured Promissory Note dated September 20, 2019, evidencing the loan made by 2999 Turtle Creek, LLC to the Debtor on September 20, 2019 in the principal amount of $32,500,000.00; a copy of the Note is attached to the Motion to Dismiss as **Exhibit A.**

17. "Person(s)" means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

18. "Petition Date" shall mean October 29, 2021.

19. "Property" shall mean the real property located at 2999 Turtle Creek Blvd, Dallas, Texas 75219, and shall include the land, any improvements, buildings, fixtures, and all real or personal property thereon.

20. "Relating to" means embodying, pertaining, concerning, involving, constituting, commenting upon, comprising, reflecting, discussing, evidencing, mentioning, referring to, consisting of, responding to, supporting or controverting a contention, or having any logical or factual connection whatever with the subject matter in question.

21. "You" and "Your" each mean the Debtor, as defined above.

22. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed to be outside of their scope.

23. The use of the singular form of any word includes the plural and vice versa.

## II.
## INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

1. All document requests herein refer to the time period from September 1, 2019, to the date of production unless the particular request specifically indicates otherwise.

2. You are requested to produce the documents responsive to this request as they are kept in the usual course of business, or to organize and label them to correspond with the categories specified below.

3. All documents shall be produced that respond to any part or clause of any paragraph of this request. If any document request cannot be produced in full, produce such document to the extent possible and indicate specifically in your response to this request your inability to produce the remainder and sufficient information concerning the unproduced document or portion thereof so that the Court and counsel can determine if a motion to compel is appropriate and can determine if *in*

*camera* inspection is needed to test the validity of any claim, privilege or other reason for non-production.

4. File folders with tabs or labels identifying documents called for shall be produced intact with such documents.

5. Selection of documents from the files and other sources shall be performed in such a manner as to insure that the source of each document may be determined.

6. Documents attached to each other should not be separated unless sufficient records are kept to permit reconstruction of such grouping.

7. If any document requested is objected to or withheld, in whole or in part, pursuant to a claim of privilege, provide the following information with respect to each such document:

(a) date;

(b) author(s), and their title or position;

(c) addressee(s), and their title or position;

(d) person(s) receiving a copy and their title or position;

(e) general description of subject matter (*e.g.*, opinion of counsel on merits of claims);

(f) the nature of the privilege claimed (*e.g.*, attorney/client, work product, etc.);

(g) the factual and legal basis for the claim of such privilege (*e.g.*, communication between attorney for corporation and outside counsel relating to acquisition of legal advice);

(h) the identity of each person who was present when the documents was prepared and who has seen the document; and

(i) the identity of every other document which refers to or describes the contents of such document.

8. You are required to file a written response stating with respect to each request that an inspection and copying will be permitted as requested unless the request is objected to, in which event the reason for the objection shall be stated.

## III.
## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce all offers, letters of intent, term sheets, and expressions of interest you received from any party for the acquisition of the Property.

**RESPONSE:**

**REQUEST NO. 2:** Please produce all offers, letters of intent, term sheets, and expressions of interest you received from any party for the development or redevelopment of the Property.

**RESPONSE:**

**REQUEST NO. 3:** Please produce all documents you received from any party indicating the value of the Property, such as an opinion of value or appraisal.

**RESPONSE:**

**REQUEST NO. 4:** Please produce all executed contracts between you and any third-party related to the development or redevelopment of the Property.

**RESPONSE:**

**REQUEST NO. 5:** Please produce all executed contracts between you and any entity doing business as, or otherwise representing and acting with agency authority on behalf of, the Mandarin Oriental Hotel Group.

**RESPONSE:**

**REQUEST NO. 6:** Please produce all engagement agreements and/or executed contracts between you and each party identified on your *List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* [Dkt. No. 7] (the **"20 Largest Creditors List"**).

**RESPONSE:**

**REQUEST NO. 7:** Please produce all loan documents and other financial instruments evidencing any secured or unsecured debts owed by you to any of your creditors, including but not limited to Moss Construction.

**RESPONSE:**

**REQUEST NO. 8:** Please produce all documents evidencing debts owed by you to Palisades Capital Realty Advisors.

**RESPONSE:**

**REQUEST NO. 9:** Please produce all documents evidencing debts owed by you to each creditor listed on the 20 Largest Creditors List.

**RESPONSE:**

**REQUEST NO. 10:** Please produce all employment agreements and other documents evidencing any W-2 employees employed by 2999TC Acquisitions, LLC.

**RESPONSE:**

**REQUEST NO. 11:** Please produce all contractual agreements and other documents evidencing any

1099 independent contractors, agents, directs, and officers with whom 2999TC Acquisitions, LLC contracts.

**RESPONSE:**

**REQUEST NO. 12:** Please produce all documents, including deeds, titles, or other proof of ownership, evidencing 2999TC Acquisitions, LLC's ownership of assets worth more than $10,000 other than the Property on the Petition Date.

**RESPONSE:**

**REQUEST NO. 13:** If you identified any assets owned by 2999TC Acquisitions, LLC worth more than $10,000, please produce all documents evidencing the value of those assets.

**RESPONSE:**

**REQUEST NO. 14:** Please produce all documents evidencing any lawsuits filed or threatened against the Debtor or its Affiliates prior to the Petition Date.

**RESPONSE:**

**REQUEST NO. 15:** Please produce all communications between you and any party in which that party declined an offer or proposal for that party to develop, purchase, or otherwise acquire the Property for consideration.

**RESPONSE:**

**REQUEST NO. 16:** Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives—

regarding the Forbearance Agreement.

**RESPONSE:**

**REQUEST NO. 17:** Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives—regarding your decision to file for bankruptcy relief.

**RESPONSE:**

**REQUEST NO. 18:** Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives—regarding your ability or inability to pay the Note when due under the Forbearance Agreement.

**RESPONSE:**

**REQUEST NO. 19:** Please produce copies of all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives—regarding your ability or inability to pay the Note when due under the Forbearance Agreement.

**RESPONSE:**

**REQUEST NO. 20:** Please produce all documents evidencing your authority to file for bankruptcy relief, including applicable company agreements and necessary authorizations.

**RESPONSE:**

**REQUEST NO. 21:** Please produce all balance sheets, income statements, financial statements, and

tax returns for the Debtor.

**RESPONSE:**

## IV.
## INSTRUCTIONS FOR INTERROGATORIES

1. The answers of the Debtor to these Interrogatories are to contain all of the information, including that information learned or obtained through hearsay, which is known by the Debtor and its respective employees, agents, representatives, or attorneys, or which appear in records or documents of said parties, regardless of whether said information is admissible as evidence.

2. If Debtor cannot answer an interrogatory or any other part thereof after conducting the requisite investigation, Debtor should so state and answer the interrogatory to the extent possible, stating what information Debtor does have, what information Debtor cannot provide and state what efforts Debtor made to obtain the unknown information.

3. When the facts set forth in answers or portions thereof are supplied upon information and belief rather than actual knowledge, Debtor is requested to so state and specifically describe the source or sources of such information and/or belief.

4. If Debtor is requested to respond to any interrogatory by stating that an entity took some particular action, Debtor is requested to identify the person whom it alleges took the action on behalf of the entity. If actions are alleged to have been taken, Debtor is requested to state when and where such actions took place and identify all persons who took, observed or have knowledge of such action. When describing facts, which concern an allegation or contention, Debtor is requested to identify each and every fact in detail, all relevant dates, places and persons involved. When referring to documents to answer any interrogatory, describe how such documents are relevant to or support Debtor's answer.

5. Debtor is advised that it is under a duty to reasonably supplement its responses to these Interrogatories upon the basis of which: (a) it knows that the response was incorrect or incomplete when made or (b) it knows that the response though correct or complete when made, is no longer true and complete.

6. Debtor is further requested to supplement its responses to these Interrogatories with respect to any question addressed to the name, address and telephone number of an expert witness and the substance of the testimony that the expert witness is expected to testify.

7. If any objection is made to any of the following Interrogatories or sub-parts thereof, Debtor should state any and all grounds for said objection. Failure to specifically identify all grounds for any objection within the time allowed by law shall constitute a waiver of those grounds as the basis for objection.

8. For the purposes of these Interrogatories, the definitions as previously outlined shall apply.

## V.
## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each of the Debtor's W-2 employees as of the Petition Date, their annual salary, and the Debtor's source of funding for that salary.

**ANSWER:**

**INTERROGATORY NO. 2:** Describe with specificity the Debtor's revenue sources and the amount of revenue generated for the Debtor on an annual basis by each source.

**ANSWER:**

**INTERROGATORY NO. 3:** Describe with specificity the organizational structure of the Debtor, including the identity of any parent entities of the Debtor, subsidiaries of the Debtor, owners, principals, entities owned by the Debtor, etc., including the percent interest held by such entities or the Debtor.

**ANSWER:**

**INTERROGATORY NO. 4:** Identify all payments over $1,000 made by the Debtor to any entity other than HNGH Turtle Creek, LLC or its predecessor in interest.

**ANSWER:**

**INTERROGATORY NO. 5:** Describe with specificity the Debtor's assets, other than the Property, with an estimated value of more than $10,000.

**ANSWER:**

**INTERROGATORY NO. 6:** Describe with specificity all efforts taken by the Debtor and/or Barton to sell, develop, or otherwise monetize the Property in a manner sufficient to pay HNGH Turtle Creek, LLC in full at any time between October 1, 2020 and the Petition Date.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify all lawsuits and bankruptcy cases involving the Debtor, any of its Affiliates, or Barton, filed or pending between October 1, 2020 and the Petition Date.

**ANSWER:**

**INTERROGATORY NO. 8:** Has the Debtor or Barton ever been sued, been involved as a party to a suit, or been threatened with suit, for failing to sell, develop, or redevelop real property in the past three years and, if so, by whom, when, and to which property did the suit or threat of suit relate?

**ANSWER:**

**INTERROGATORY NO. 9:** Has the Debtor or Barton ever been sued, been involved as a party to a suit, or been threatened with suit, for mismanaging the sale, development, or redevelopment of real property in the past three years and, if so, by whom, when, and to which property did the suit or threat of suit relate?.

**ANSWER:**

**<u>INTERROGATORY NO. 10</u>:** Identify each creditor, or affiliate or entity under common ownership with a creditor, listed on the 20 Largest Creditors List that, directly or indirectly, owns or holds an equity or membership interest in the Debtor.

**<u>ANSWER</u>:**

**<u>INTERROGATORY NO. 11</u>:** Identify each Person who provided answers to these interrogatories and specify which interrogatory answer was provided by which person.

**<u>ANSWER</u>:**