Wick Phillips
ATTORNEYS & COUNSELORS

**Isaac Brown**
**214.740.4037 | Direct Dial**
Isaac.brown@wickphillips.com
www.wickphillips.com

October 29, 2021

*Via Email:* RIcklan@OldRepublicTitle.com
*Via Fax:* 212-983-2791
*Via Hand Delivery:* 8201 Preston Rd., Suite 450, Dallas, TX 75225

Old Republic Title Company
Attn: Richard Icklan, Senior Vice President
521 Fifth Avenue, 23rd Floor
New York, New York 10175

Re: Notice of Forbearance Default and exercise of rights regarding loan documents between 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Borrower") and HNGH Turtle Creek, LLC ("Lender")

Dear Mr. Icklan:

As representatives of Lender, this letter is formal notice to Escrow Agent to record that certain Special Warranty Deed in Escrow Agent's possession pursuant to the terms of that certain Deed in Escrow Agreement dated as of March 5, 2021 by and among Borrower, Timothy Lynch Barton, as guarantor, Lender, and Escrow Agent (the "Escrow Agreement"), which agreement is enclosed herein.

In addition to the Escrow Agreement, this correspondence references the following loan documents between Borrower and Lender (collectively, the "Loan Documents"):

- Forbearance and Payoff Agreement dated March 1, 2021, by and among 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC, as Borrower, Timothy Lynch Barton, as Guarantor, and HNGH Turtle Creek, LLC, as Lender (the "Forbearance Agreement"; capitalized terms not otherwise defined herein shall have the meaning given in the Forbearance Agreement); and

- Secured Promissory Note dated September 20, 2019, by and between Borrower and 2999 Turtle Creek LLC, as original lender, in the amount of $32,500,000 (the "Secured Note").

Borrower has failed to pay the full amount due under the Secured Note as required by Section 2(c) of the Forbearance Agreement by 1:00 p.m. New York time on this day, October 29, 2021, which is the Extended Maturity Date.

Because of this failure, Lender hereby instructs Escrow Agent to immediately record the Special Warranty Deed in its possession pursuant to the following language from Paragraph 9 of the Forbearance Agreement: "If (i) **the Modified Loan is not paid in full on or before the Initial Maturity Date or, if applicable, the Extended Maturity Date**, or (ii) a Forbearance Default otherwise occurs and is continuing (a 'Transfer Event'), **Lender shall have the right to elect in Lender's sole discretion to record the Deed in the real property records of Dallas County, Texas to effect the transfer of the Property to Lender.**"

Please acknowledge receipt of this correspondence by e-mail to Isaac Brown (isaac.brown@wickphillips.com) and forward the recorded Special Warranty Deed immediately upon receipt.

This letter is not, and shall not be deemed to be, a waiver of, or a consent to, any default, noncompliance, Forbearance Default or Event of Default now existing or hereafter arising under the Secured Note, Forbearance Agreement, or any of the other Loan Documents. Nothing contained in this letter or any delay by Lender in exercising any rights, powers, privileges, or remedies under the Loan Documents or applicable law with respect to any Forbearance Default or Event of Default now existing or hereafter arising under the Loan Documents shall be construed as a waiver or modification of such rights, powers, privileges, or remedies. Lender may elect to exercise any or all of its rights, at its option, at any time hereafter, without the necessity of any further notice, demand, or other action on the part of Lender, except as expressly provided under the Loan Documents. This letter shall not entitle the Borrower to any other or further notice or demand.

Except as explicitly set forth herein, nothing in this letter alters, revises, or amends, or is intended to alter, revise, or amend, the agreements between the Parties set forth in the previously executed Forbearance Agreement. The Loan Documents, including the Forbearance Agreement, are expressly reaffirmed and incorporated fully by reference, and shall remain in full force and effect and continue to govern and control the relationship between the parties.

Please let me know if you have questions or would like to discuss.

Sincerely,

Isaac Brown

Isaac Brown

Encl.

# DEED IN ESCROW AGREEMENT

THIS DEED IN ESCROW AGREEMENT (this "**Agreement**") is made as of March 5, 2021 (the "**Effective Date**"), by and among 2999TC Acquisitions, LLC, a Texas limited liability company ("**Borrower**"), Timothy Lynch Barton ("**Guarantor**") and HNGH Turtle Creek, LLC ("**Lender**"), along with Richard Icklan on behalf of Old Republic Title Company as escrow agent. ("**Escrow Agent**").

## RECITALS:

A. On or about September 20, 2019, 2999 Turtle Creek, LLC, a Delaware limited liability company (the "**Senior Participant**") made a loan to Borrower in the original principal amount of $32,500,000.00 (the "Loan") evidenced by, among other things, that certain Secured Promissory Note, dated September 20, 2019, made by Borrower in the amount of $32,500,000.00, which Note is currently owned and held by Lender, (as amended from time to time, the "Note"), which Loan is guaranteed by the Guarantor pursuant to that certain Guaranty, dated September 20, 2019, by and between the Guarantor and Senior Participant, which Guaranty is currently owned and held by Lender (the "**Guaranty**").

B. The Loan is secured by a security interest in that certain real property owned by Borrower, (the "**Property**") as described in that certain Deed of Trust, Security Agreement and Fixture Filing dated September 20, 2019, recorded in the real property records of Dallas County, Texas (the "**Deed of Trust,**" and, together with the Note, the Guaranty and all other documents evidencing or executed in connection with the Loan, as the same have been amended and modified, collectively, the "**Loan Documents**").

C. Borrower is in default under the Loan Documents by its failure to make the following payments (collectively, the "**Specified Defaults**"): (i) failure to pay the real estate taxes in connection with the Property due on or about February 1, 2020; (ii) failure to replenish the interest reserve in the amount of $1,376,916.67 ; (iii) failure to pay a portion of the monthly interest payment due on June 1, 2020 in the amount of $11,194.45; (iv) failure to pay monthly interest payments due on July 1, August 1, September 1, and October 1; and (v) failure to pay the principal amount of $32,500,000.00 as of October 1, 2020.

D. Lender has agreed to forbear exercising its rights and remedies arising as a result of the Specified Defaults, including (but not limited to) foreclosure as part of a Forbearance and Payoff Agreement ("**Forbearance Agreement**") executed by Lender and Borrower contemporaneously with this Escrow Agreement upon which this Escrow Agreement is contingent.

E. The executed Deed was held in temporary Escrow by Vance McMurry of McMurry Law, PLLC ("McMurry") and has been or is being delivered to the Escrow Agent as defined herein.

## AGREEMENT:

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged and confessed, the parties hereto hereby covenant, agree, represent and warrant as follows:

1. Forbearance and Deed. Lender has agreed to forbear from exercising its rights and remedies arising the Loan Documents as a result of the Specified Defaults under the terms of the Forbearance Agreement. As specified in the Forbearance Agreement, Borrower has executed, acknowledged (where applicable) and delivered into escrow with Escrow Agent the fully executed special warranty deed in the form attached as Exhibit A to the Forbearance Agreement (the "**Deed**").

2. Receipt by Escrow Agent. Escrow Agent hereby acknowledges receipt of the fully executed Forbearance Agreement and fully executed and notarized Deed by Borrower which is in a

recordable format and agrees to establish an escrow (the "Escrow") and hold the executed and acknowledged Deed in such Escrow pursuant to the provisions of this Escrow Agreement as the successor escrow agent. Upon the later of execution of this Agreement or delivery of the Deed to Escrow Agent via Federal Express overnight delivery all liabilities, claims, and obligations of McMurry as the prior escrow agent shall automatically be released and as such the prior escrow agreement with McMurry is terminated.

3. Release of Deed in the Forbearance Default. If an uncured Forbearance Default occurs under the Forbearance Agreement, Lender may send written notice to Escrow Agent of such Forbearance Default and Escrow Agent shall remove the Deed from Escrow, date the effective date of the Deed to be the date of the Forbearance Default ("Default Date") and the Deed shall be recorded in the Real Property Records of Dallas County, Texas and the recorded copy shall be delivered to Lender. Borrower, and any other related party or other party in connection with the Loan, shall execute and deliver, or cause to be executed and delivered, to Lender or Lender's designee such further assignments, instruments, affidavits and agreements of further assurance, approvals, consents and other documents, including (without limitation) modifications to the Deed (if Lender reasonably determines that the transactions contemplated by this Escrow Agreement must be modified, rearranged, or restructured) and endorsements and assignments of checks, deposits and accounts assigned to Lender, as may be reasonably necessary, ~~expedient or proper in the opinion of Lender in order to consummate any and all conveyances, transfers,~~ sales and assignments contemplated by this Escrow Agreement, or as may be required to be executed and delivered on the Default Date pursuant to this Escrow Agreement, or as Lender may reasonably require to effect a full and complete transfer to Lender or its designee.

4. Transfer Absolute. Borrower acknowledges and agrees that at the time the Deed contemplated by this Escrow Agreement is properly delivered to Lender by the Escrow Agent on the Default Date pursuant to the provisions of this Escrow Agreement and the Forbearance Agreement, then: (a) (i) such delivery is intended to effect a present and absolute conveyance and unconditional transfer to Lender pursuant to the Deed effective upon the Default Date, (ii) such items are not given as a mortgage, trust conveyance, deed of trust, or security instrument of any kind, and (iii) Borrower has no further interest (including rights of redemption) or claims in and to the Property or to the proceeds and profits which may be derived therefrom, of any kind whatsoever; (b) Borrower shall, concurrently with the delivery to Lender of the Deed, deliver to Lender, its nominee, designee or assignee possession and enjoyment of the Property and the other property transferred pursuant to the Deed, and Lender, its nominee, designee or assignee shall thereafter have the immediate right to occupy, operate, use, sell and transfer the same or any part thereof for its own account, at its sole and absolute discretion; (c) such delivery of the Deed and possession of the Property as described in this Section 4 shall be in full satisfaction of all past, present, and future claims, obligations, and liabilities of Borrower and Guarantor related to the Loan except as otherwise set forth in the Forbearance Agreement; and (d) Lender, its nominee, designee or assignee shall, as of the Default Date and thereafter, have the sole and absolute right to record, distribute, assign or take any other action deemed necessary or desirable by Lender, in Lender's sole and absolute discretion, with respect to the Deed and any other documents and information delivered or obtained by Lender in connection with this Escrow Agreement..

5. Enforcement. The provisions of this Escrow Agreement shall be enforceable by any means available at law or in equity, including (without limitation) an action for specific performance.

6. Provisions Regarding Escrow Agent.

a. Escrow Agent shall not be liable to the other parties hereto or to anyone else for any action taken or omitted by it, as directed by Lender under the terms of the Forbearance Agreement, and otherwise in good faith and in the exercise of reasonable judgment, except for acts of willful misconduct or gross negligence.

b. Promptly after the receipt by Escrow Agent of notice of any demand or claim or the commencement of any action, suit or proceeding, Escrow Agent shall, if a claim in respect thereof is to be made against any of the other parties hereto, notify such other parties hereto in writing.

c. Escrow Agent is not a party to or bound by any agreement which may be deposited under, evidenced by, or which arises out of the foregoing instructions.

d. Escrow Agent acts hereunder as a depository only and is not responsible or liable in any manner whatsoever for the sufficiency, correctness, genuineness, or validity of any instrument deposited with it hereunder, or with respect to form or execution of the same, or the identity, authority, or rights of any person executing or depositing the same.

e. Escrow Agent shall not be required to take or be bound by notice of any default of person, or to take action with respect to such default involving any expense or liability, unless notice in writing is given to an officer of Escrow Agent of such default and unless it is indemnified in a manner satisfactory to it against any such expense or liability. These instructions shall not be subject to rescission or modification except upon receipt by Escrow Agent of written instructions of all the parties hereto or their successors in interest, and no such modification shall be effective unless and until consented to in writing by Escrow Agent.

f. Escrow Agent shall be protected in acting upon any notice, request, waiver, consent, receipt, or other paper or document believed by Escrow Agent to be genuine and to be signed by the proper party or parties.

g. Escrow Agent shall not be liable for any error of judgment or for any act done or step taken or omitted by it in good faith, or for any mistake of fact or law, or for anything which it may do or refrain from doing in connection herewith, except its own gross negligence or willful misconduct, and Escrow Agent shall have no duties to anyone except those signing these instructions.

h. Escrow Agent may resign as Escrow Agent hereunder upon giving 20 days prior written notice to that effect to each of the parties to this Escrow Agreement. In addition, Lender may, at any time and in its sole and absolute discretion, appoint a successor to act as Escrow Agent as consented to by Borrower under this Escrow Agreement. In such event, the successor Escrow Agent shall be a reputable law firm or a nationally recognized title insurance company, selected by Lender and approved by Borrower, which approval shall not be unreasonably withheld or delayed. Such party that will no longer be serving as Escrow Agent shall deliver, against receipt, to such successor Escrow Agent, the Deed, if any, held by such party, to be held by such successor Escrow Agent pursuant to the terms and provisions of this Escrow Agreement. If no such successor has been designated on or before the effective date of such party's resignation, its obligations as Escrow Agent shall continue until such successor is appointed; provided, however, its sole obligation thereafter shall be to safely keep all documents and instruments then held by it and to deliver the same to the person, firm or corporation designated as its successor. If no successor Escrow Agent is designated and qualified within 10 days after Escrow Agent's resignation is effective, such party that will no longer be serving as Escrow Agent may apply to any court of competent jurisdiction for the appointment of a successor Escrow Agent.

7. <u>Release</u>. Upon the purchase of the Loan by any third party referred to Lender by Borrower or upon Borrower's payment of Modified Loan or such negotiated amount agreed to by Lender by the Initial

Maturity Date or if applicable, the Extended Maturity Date, Escrow Agent shall immediately release the Deed held in escrow to Borrower and the Deed shall be null and void upon the receipt of such payment, and the obligations of Borrower under this Escrow Agreement shall terminate , all obligations (other than any obligations under the Loan Documents that survive repayment thereof) of Borrower under the Loan Documents including the Deed of Trust and any other security instruments shall terminate and be released by Lender.

8. Miscellaneous.

a. No failure or delay on the part of a party to this Escrow Agreement in exercising any power or right hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any such right or power preclude any other or further exercise thereof or the exercise of any other right or power hereunder. No waiver of any provision of this Escrow Agreement and no consent to any departure by any party from strict compliance with this Escrow Agreement shall be effective unless the same shall be in writing and signed by the party against whom such waiver or consent is being sought to be enforced and then such waiver or consent shall be effective only in the specific instance and for the purpose for which given. No notice to or demand on any party to this Escrow Agreement in any case shall, of itself, entitle such party to any other or further notice or demand in similar of other circumstances.

b. This Escrow Agreement may only be modified, amended, changed, discharged or terminated by an agreement in writing signed by the parties hereto.

c. Each of the parties to this Escrow Agreement (and the undersigned representatives of such parties, if any) has the full power, authority and legal right to execute this Escrow Agreement and to keep and observe all of the terms, covenants and provisions of this Escrow Agreement on such parties' respective parts to be performed or observed.

d. Any notice, request, direction or demand given or made under this Escrow Agreement shall be in writing and shall be deemed delivered (i) upon delivery, if delivered in person or by facsimile transmission with receipt acknowledged by the recipient thereof and confirmed by email by sender, (ii) 1 Business Day after having been deposited for overnight delivery with any reputable overnight courier service, or (iii) 2 Business Days after having been deposited in any post office or mail depository regularly maintained by the U. S. Postal Service and sent by registered or certified mail, postage prepaid, return receipt requested, to the addresses listed set forth in the Loan Documents.

e. If any term, covenant or provision of this Escrow Agreement shall be held to be invalid, illegal or unenforceable in any respect, this Escrow Agreement shall be construed without such term, covenant or provision.

f. This Escrow Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

g. This Escrow Agreement may be executed in 1 or more counterparts by some or all of the parties hereto, each of which counterparts shall be an original and all of which together shall constitute one and the same agreement, even though all of the parties hereto may not have executed the same counterpart of this Escrow Agreement.

h. If any party to this Escrow Agreement commences any legal action to enforce its rights or another party's obligations under this Escrow Agreement, the prevailing party in any

such action shall be entitled to recover its attorneys' fees and expenses incurred in prosecuting and/or defending against any such action from the non-prevailing party.

*[Remainder of page left intentionally blank]*

IN WITNESS WHEREOF, Borrower, Lender and Escrow Agent have caused this Escrow Agreement to be executed effective as of the date first written above.

**BORROWER:**

2999TC ACQUISITIONS, LLC,
a Delaware limited liability company
formerly known as MO 2999TC, LLC

By: ________________________
Name: Timothy Barton
Title: President

**GUARANTOR:**

________________________
TIMOTHY LYNCH BARTON

**LENDER:**

HNGH TURTLE CREEK, LLC,
a Delaware limited liability company

By: HN Green Hollow Capital Partners LLC,
its authorized signatory

By: ________________________
Name: James Glasgow
Title: Manager

IN WITNESS WHEREOF, Borrower, Lender and Escrow Agent have caused this Escrow Agreement to be executed effective as of the date first written above.

**ESCROW AGENT:**

Old Republic Title Company

By: [signature]

Name: RICHARD M. ICKLAN 3/9/21

Title: SVP

Address:
2 Hudson Place
Hoboken, New Jersey 07030

**Acknowledgement of Receipt**

The undersigned confirms receipt of fully executed Deed which is to be held in escrow by the Escrow Agent under this Escrow Agreement in conunction with the Forbearance Agreement and undersigned has reviewed and understands the terms herein agrees and consents to hold the Deed in escrow and otherwise abide by this Escrow Agreement as of March 5, 2021.

Old Republic Title Company ("Escrow Agent")

By: ______________________

Name: Richard Icklan

Its: ______________________