| | |
|---|---|
| **From:** | John J. Kane |
| **Sent:** | Friday, November 26, 2021 9:03 AM |
| **To:** | Joyce Lindauer; Hale Neilson |
| **Subject:** | Re: 2999 Discovery Responses |
| **Attachments:** | image001.png; 20211124154231.pdf |

Joyce,

We're going to need an answer to Interrogatory No. 6. It's at the heart of the contested matter. It is as relevant as it gets. We'll need to discuss other production objections, but there is no getting around Rog 6.

John J. Kane
972-672-6915

On Nov 24, 2021, at 3:26 PM, Joyce Lindauer <joyce@joycelindauer.com> wrote:

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

| | | |
|---|---|---|
| **2999TC ACQUISITIONS, LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **ADVERSARY PROCEEDING NO. 21-03085** |
| | § | |
| | § | |
| | § | |
| **HNGH TURTLE CREEK, LLC, VIPIN** | § | |
| **NAMBIAR, HN GREEN HOLLOW** | § | |
| **CAPITAL PARTNERS, LLC,** | § | |
| **Defendants.** | § | |

**DEBTOR'S OBJECTIONS AND RESPONSES TO HNGH TURTLE CREEK LLC'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO 2999TC ACQUISITIONS, LLC**

TO: HNGH Turtle Creek, LLC c/o John J. Kane and R. Hale Neilson, Kane Russell Coleman Logan PC, Bank of America Plaza 901 Main Street, Suite 5200, Dallas, Texas 75202.

2999TC Acquisitions, LLC ("Debtor') serve the following *Debtor's Objections and Responses to HNGH Turtle Creek LLC's First Requests for Production and Interrogatories to 2999TC Acquisitions, LLC.* All responses and any documents, electronically stored information,

and tangible things delivered concurrently with these objections and responses are produced in accordance with Rules 26 and 34 of the FEDERAL RULE OF CIVIL PROCEDURE, as made applicable herein, by Rules 7026, 7034, and 9014(c) of the FEDERAL RULES OF BANKRUPTCY PROCEDURE.

## GENERAL PROVISIONS AND OBJECTIONS

Capitalized terms not otherwise defined herein shall have such meaning as defined in HNGH's First Requests for Production and Interrogatories to Debtor. Debtor reserves the right to supplement the following discovery responses.

Debtor makes the following general objections to each of HNGH's requests for production (each a "Request") and interrogatories ("Interrogatories"):

- Debtor objects to the extent any Request or Interrogatory seeks the discovery of any Documents, Communications, information, or materials which are protected by the attorney-client privilege.

- Debtor objects to HNGH's Interrogatories and Requests for documents, communications, or materials (collectively, "Documents") since September 1, 2019 because the time period for such request overly broad and not properly limited to a relevant time period that is directly related to the Debtor's Motion for Sanctions, Debtor's Motion to Enforce Automatic Stay, HNGH's Motion to Dismiss, and HNGH's Motion for Relief from Stay which are the current matters before the Court ("Matters").

- Debtor objects to any Interrogatory or Request which seeks the discovery of any information, Documents, Communications, or materials which contain Debtor's confidential and/or sensitive information including but not limited to contact information, valuations, projections, plans, financial data, forecasts, records, or are otherwise highly sensitive in nature or which contain information that is protected by any separate confidentiality agreement or obligations of Debtor or its related parties.

- Debtor objects to any Request for the production of Documents, Communications, or materials which are not relevant to the Matters before the Court, and/or which are overly broad and thus not limited in scope to the production of only Documents, Communications, or materials that are reasonably calculated to produce admissible evidence directly related to the Matters before the Court.

- Debtor objects to any Request which seeks the production of documents in HNGH"s custody or control.

- Debtor objects to any Request which seeks the production of documents which is not in Debtor's possession or control.

**DEBTOR'S OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

REQUEST NO. 1: Please produce all offers, letters of intent, term sheets, and expressions of interest you received from any party for the acquisition of the Property.

RESPONSE: Debtor objects to this request because it is overly broad, seeks Documents outside the relevant time period and which are not relevant to Matters for which these documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant documents in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 2: Please produce all offers, letters of intent, term sheets, and expressions of interest you received from any party for the development or redevelopment of the Property.

RESPONSE: Debtor objects to this request because it is overly broad, seeks Documents outside the relevant time period and which are not relevant to Matters for which these documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant documents in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 3: Please produce all documents you received from any party indicating the value of the Property, such as an opinion of value or appraisal.

RESPONSE: Debtor objects to this request because it is overly broad, seeks Documents outside the relevant time period and which are not relevant to Matters for which these Documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 4: Please produce all executed contracts between you and any third-party related to the development or redevelopment of the Property.

RESPONSE: Debtor objects to this request because it is overly broad, seeks Documents outside the relevant time period and which are not relevant to Matters for which these Documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 5: Please produce all executed contracts between you and any entity doing business as, or otherwise representing and acting with agency authority on behalf of, the Mandarin Oriental Hotel Group.

RESPONSE: Debtor objects as such Documents are outside the relevant time period and not relevant to Matters for which these Documents are requested and thus such request is not reasonably calculated to lead the discovery of admissible evidence that would be directly relevant to the Matters before the Court. Debtor further objects as such Documents contain highly confidential and sensitive information.

REQUEST NO. 6: Please produce all engagement agreements and/or executed contracts between you and each party identified on your List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders [Dkt. No. 7] (the "20 Largest Creditors List").

RESPONSE: Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 7: Please produce all loan documents and other financial instruments evidencing any secured or unsecured debts owed by you to any of your creditors, including but not limited to Moss Construction.

RESPONSE: Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control that are not duplicative of the Documents produced in response to Request No. 6 or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 8: Please produce all documents evidencing debts owed by you to Palisades Capital Realty Advisors.

RESPONSE: Debtor objects to this request because it seeks Documents outside the relevant time period and which are not relevant to Matters for which these Documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 9: Please produce all documents evidencing debts owed by you to each creditor listed on the 20 Largest Creditors List.

RESPONSE: Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control that are not duplicative of the Documents produced in response to Request No. 6 and Request No. 7 or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 10: Please produce all employment agreements and other documents evidencing any W-2 employees employed by 2999TC Acquisitions, LLC.

RESPONSE: No relevant Documents that are responsive to this request are in Debtor's possession or control.

REQUEST NO. 11: Please produce all contractual agreements and other documents evidencing any 1099 independent contractors, agents, directs, and officers with whom 2999TC Acquisitions, LLC contracts.

RESPONSE: Debtor objects to this request because it is overly broad, seeks Documents outside the relevant time period and which are not relevant to Matters for which these Documents are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 12: Please produce all documents, including deeds, titles, or other proof of ownership, evidencing 2999TC Acquisitions, LLC's ownership of assets worth more than $10,000 other than the Property on the Petition Date.

RESPONSE: Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control that are responsive to this request or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 13: If you identified any assets owned by 2999TC Acquisitions, LLC worth more than $10,000, please produce all documents evidencing the value of those assets.

RESPONSE: Documents in Debtor's possession or control that are responsive to this Request are duplicative of the Documents produced or that shall be produced in response to Request No. 12 and otherwise, no separate Documents exist

REQUEST NO. 14: Please produce all documents evidencing any lawsuits filed or threatened against the Debtor or its Affiliates prior to the Petition Date.

RESPONSE: Excepts related to HNGH, no relevant Documents that are responsive to this request are in Debtor's possession or control.

REQUEST NO. 15: Please produce all communications between you and any party in which that party declined an offer or proposal for that party to develop, purchase, or otherwise acquire the Property for consideration.

RESPONSE: Debtor objects to this request because it is overly broad, seeks communications outside the relevant time period and which are not relevant to Matters for which these communications are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant communications responsive to this request in Debtor's possession or control that are properly limited to the relevant time period and directly related to the Matters before the Court or otherwise such communications shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 16: Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives— regarding the Forbearance Agreement.

RESPONSE: Other than communications with counsel which are protected by attorney-client privilege, no relevant communications that are responsive to this request are in Debtor's possession or control.

REQUEST NO. 17: Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives— regarding your decision to file for bankruptcy relief.

RESPONSE: Other than communications with counsel which are protected by attorney-client privilege, no relevant communications that are responsive to this request are in Debtor's possession or control

REQUEST NO. 18: Please produce all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives— regarding your ability or inability to pay the Note when due under the Forbearance Agreement.

RESPONSE: No relevant communications that are responsive to this request are in Debtor's possession or control

REQUEST NO. 19: Please produce copies of all communications, occurring from March 1, 2021 through the Petition Date, between you and any party—other than HNGH or its affiliates or representatives—regarding your ability or inability to pay the Note when due under the Forbearance Agreement.

RESPONSE: Request No 19 is essentially a duplicate of Request No. 18 and as such, Debtor refers to its response to Request No. 18.

REQUEST NO. 20: Please produce all documents evidencing your authority to file for bankruptcy relief, including applicable company agreements and necessary authorizations.

RESPONSE: Following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant Documents responsive to this request in Debtor's possession or control that are responsive to this request or otherwise such Documents shall be made available at such time and place as agreed to by Debtor and HNGH.

REQUEST NO. 21: Please produce all balance sheets, income statements, financial statements, and tax returns for the Debtor.

RESPONSE: Debtor objects to this request because it is overly broad, seeks communications outside the relevant time period and which are not relevant to Matters for which these communications are requested, and thus such request is unduly burdensome and not reasonably calculated to lead to admissible evidence relevant to the Matters. Subject to the foregoing objection and following the execution of a protective order that protects the confidentiality and sensitivity of Debtor's confidential information, Debtor shall produce relevant communications responsive to this request in Debtor's possession or control that are properly limited to the relevant

time period and directly related to the Matters before the Court or otherwise such communications shall be made available at such time and place as agreed to by Debtor and HNGH.

## DEBTOR'S OBJECTIONS AND RESPONSES TO HNGH'S INTERROGATORIES

INTERROGATORY NO. 1: Identify each of the Debtor's W-2 employees as of the Petition Date, their annual salary, and the Debtor's source of funding for that salary.

ANSWER: Debtor does not directly employ any W-2 employees as of the Petition Date.

INTERROGATORY NO. 2: Describe with specificity the Debtor's revenue sources and the amount of revenue generated for the Debtor on an annual basis by each source.

ANSWER: Debtor objects to this interrogatory because "revenue" is vague and ambiguous and not otherwise defined.

INTERROGATORY NO. 3: Describe with specificity the organizational structure of the Debtor, including the identity of any parent entities of the Debtor, subsidiaries of the Debtor, owners, principals, entities owned by the Debtor, etc., including the percent interest held by such entities or the Debtor.

ANSWER: Debtor objects to this interrogatory because it is overly broad, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court. Furthermore, Debtor objects because "etc." is vague and ambiguous.

INTERROGATORY NO. 4: Identify all payments over $1,000 made by the Debtor to any entity other than HNGH Turtle Creek, LLC or its predecessor in interest.

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court. Subject to the foregoing, Debtor refers to such Documents produced or to be produced by Debtor in response to Request No 21.

INTERROGATORY NO. 5: Describe with specificity the Debtor's assets, other than the Property, with an estimated value of more than $10,000.

ANSWER: Debtor has asserted certain claims which are currently pending against L. Allen Hodges III, individually and as independent executor of the estate of Leland A. Hodges, Jr., Tejas Group, Ltd., LAH III Family Specific Interest, Ltd. and Blackfoot Interest, Ltd. (collectively,

"Hodges"), under cause no 141-316567-20 in 141st District Court of Tarrant County Texas including but not limited to a claim for the recovery of a $100,000 payment made by Debtor on behalf of the defendants therein as part of an agreed settlement agreement to settle such matters but which was not honored and subsequently breached by Hodges.

INTERROGATORY NO. 6: Describe with specificity all efforts taken by the Debtor and/or Barton to sell, develop, or otherwise monetize the Property in a manner sufficient to pay HNGH Turtle Creek, LLC in full at any time between October 1, 2020 and the Petition Date.

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court. Subject to the foregoing objection, Debtor states that it timely made all payments as agreed.

INTERROGATORY NO. 7: Identify all lawsuits and bankruptcy cases involving the Debtor, any of its Affiliates, or Barton, filed or pending between October 1, 2020 and the Petition Date.

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court.

INTERROGATORY NO. 8: Has the Debtor or Barton ever been sued, been involved as a party to a suit, or been threatened with suit, for failing to sell, develop, or redevelop real property in the past three years and, if so, by whom, when, and to which property did the suit or threat of suit relate?

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court. Subject to the foregoing objection, neither Debtor nor Barton has been sued, involved as a party to a suit, or threatened with suit as described during the identified period.

INTERROGATORY NO. 9: Has the Debtor or Barton ever been sued, been involved as a party to a suit, or been threatened with suit, for mismanaging the sale, development, or redevelopment of real property in the past three years and, if so, by whom, when, and to which property did the suit or threat of suit relate?

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters

before the Court. Subject to the foregoing objection, neither Debtor nor Barton as been sued, involved as a party to a suit, or threatened with suit as described during the identified period.

INTERROGATORY NO. 10: Identify each creditor, or affiliate or entity under common ownership with a creditor, listed on the 20 Largest Creditors List that, directly or indirectly, owns or holds an equity or membership interest in the Debtor.

ANSWER: Debtor objects to this interrogatory because it is overly broad, not properly limited to a relevant time period, unduly burdensome, not relevant to the Matters before the Court, and is not reasonably calculated to lead the discovery of any admissible evidence as related to the Matters before the Court. Furthermore, Debtor objects as such information would not necessarily be known to Debtor. Subject the foregoing objections, Debtor is not aware of any of the 20 Largest Creditors that directly or indirectly owns or holds and equity membership interest in the Debtor.

INTERROGATORY NO. 11: Identify each Person who provided answers to these interrogatories and specify which interrogatory answer was provided by which person.

ANSWER: Tim Barton with the assistance of counsel.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75201
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com

**ATTORNEYS FOR DEBTOR**

CERTIFICATE OF SERVICE

I certify that on November 24, 2021 I served this document on the below via the ECF system and/or email.

John J. Kane
R. Hale Neilson
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer