John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**EMERGENCY MOTION OF HNGH TURTLE CREEK, LLC TO COMPEL PRODUCTION BY DEBTOR IN CONNECTION WITH HNGH TURTLE CREEK LLC'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO 2999TC ACQUISTIIONS, LLC**

HNGH Turtle Creek, LLC ("**HNGH**"), by and through its undersigned counsel, files this emergency motion (the "**Motion**") to compel 2999TC Acquisitions, LLC (the "**Debtor**") to produce documents in connection with HNGH's *First Requests for Production and Interrogatories to 2999TC Acquisitions, LLC* (the "**Requests**"). In support of this Motion, HNGH respectfully represents as follows:

## BACKGROUND

1. On November 4, 2021, HNGH filed its Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support (the "**Motion to Dismiss**")[Docket No. 9]. The Debtor opposed the Motion to Dismiss, and the parties entered a Stipulation and Agreed Scheduling Order (the "**Scheduling Order**") with respect to the

Motion to Dismiss and other matters (collectively, the "**Contested Matters**") [Docket No. 37]. The Scheduling Order agreed to by the Debtor and HNGH on November 15, 2021, was uploaded on November 16, 2021, and signed and entered by this Court on November 30.

2. The Scheduling Order provides that:

> **Written Discovery:** All written discovery shall be served in the Contested Matters not later than November 17, 2021 at 5:00 p.m. Parties responding to written discovery shall have until November 23, 2021 at 5:00 p.m. to respond to written discovery, and shall produce all documents responsive to any requests for production not later than November 30, 2021 at 5:00 p.m.
>
> [Docket No. 37, ¶ 2].

3. The Scheduling Order further sets a hearing on the Contested Matters for December 9, 2021, at 9:00 a.m. [*Id.* at ¶ 1], but requires all depositions to be completed by December 5, 2021. The Debtor intends to depose HNGH's representative, Vipin Nambiar, at 8:30 a.m. on December 3, 2021. Per the parties agreement, HNGH will depose Timothy Barton at 1:00 p.m. on December 3, 2021.

4. On November 12, 2021, HNGH served its Requests (the "**HNGH Requests**") on the Debtor in connection with the Contested Mattes. On November 17, 2021, the Debtor timely submitted its discovery requests to HNGH (the "**Debtor Requests**"), citing compliance with the Scheduling Order in its transmittal email.

5. On November 23, 2021, HNGH timely delivered responses to the Debtor's Requests. The Debtor, however, failed to timely respond to the HNGH Requests. At 3:30 the following day, the Debtor delivered its responses to the HNGH Requests. While disappointed that the Debtor missed an agreed deadline, HNGH suffered no harm from that one day delay, and so raised no issue at the time.

6. On November 29, 2021, however, counsel for HNGH reminded counsel for the Debtor of the November 30, 2021 production deadline, and that HNGH absolutely expected the Debtor to timely produce documents in accordance with the express terms of the Scheduling Order. At approximately 5:00 p.m., November 30, 2021, HNGH timely produced approximately 220 documents totaling about 1800 pages to the Debtor.

7. The Debtor produced nothing. Moreover, the Debtor provided no update to HNGH about the status of its production, nor when HNGH should expect to receive production. Given the timing of Mr. Barton's deposition, and HNGH's desire to review documents and prepare for the deposition, the Debtor's ***second*** failure to meet a Scheduling Order deadline was material and damaging to HNGH. Moreover, HNGH has extensive experience with the Debtor's disregard for discovery obligations, and so fears that the Debtor will abuse HNGH without court intervention.

8. Accordingly, HNGH moves this Court to compel the Debtor to produce documents no later than 12:00 noon, December 2, 2021.

**EMERGENCY RELIEF REQUESTED**

9. Emergency consideration of this Motion is warranted because the hearing for consideration of HNGH's Motion to Dismiss is set for December 9, 2021, and the Debtor has failed to produce documents and answer interrogatories responsive to HNGH's Requests. Absent Court intervention, HNGH does not expect Debtor will take reasonable efforts to remedy its failure to comply with the Scheduling Order. Indeed, Debtor's failure to respond in the instant matter is representative of its lack of integrity and routine disregard of court orders. In *2999TC Acquisitions, LLC f/k/a/ MO 2999TC, LLC v. HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, and HN Green Hollow Capital Partners, LLC, 299 Turtle Creek, LLC, and Madison Realty Capital, LP*, Case No. DC-20-05864 in the 14th Judicial District Court of Dallas County, Texas, Debtor was sanctioned after

it failed to respond to production requests for well over a month and then failed to attend an ordered and agreed deposition. A copy of the sanctions order is attached as Exhibit 1.

10. HNGH asks that this Court intervene to preclude the Debtor from similarly abusing the discovery process in these Contested Matters.

**WHEREFORE**, HNGH requests that the Court (i) set this matter for emergency hearing, (ii) compel 2999TC Acquisitions, LLC to produce responsive documents to HNGH's counsel no later than 12:00 noon, December 2, 2021, and (iii) grant HNGH all further relief to which it may be entitled.

DATED: December 1, 2021

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*

John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: hneilson@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 1st day of December, 2021, served a copy of the foregoing, by e-mailing the same, upon counsel of record as follows:

Joyce W. Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Tel: (972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

*/s/ John J. Kane*
John J. Kane

## CERTIFICATE OF CONFERENCE

I do hereby certify that I contacted Debtor's counsel, Joyce Lindauer, on December 1, 2021 at approximately 4:30. At approximately 5:40, Mrs. Lindauer informed me that the Debtor might produce some document at night on December 1, but after 6:00 p.m., and "others in the morning." Given the Debtor's position to date, HNGH lacks confidence that the Debtor will provide complete production. Debtor opposes the Motion.

*/s/ John J. Kane*
John J. Kane

# EXHIBIT 1

CAUSE NO. DC-20-05864

| | | |
|---|---|---|
| 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| HNGH Turtle Creek, LLC, William L. Hutchinson, Vipin Nambiar, and HN Green Hollow Capital Partners, LLC, 2999 Turtle Creek, LLC, and Madison Realty Capital, LP | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | 14th JUDICIAL DISTRICT |

## ORDER FOR CONTEMPT OF COURT

On this day, the Court considered Defendants HNGH Turtle Creek, LLC's ("HNGH"), William L. Hutchinson's ("Hutchinson"), Vipin Nambiar's ("Nambiar"), and HN Green Hollow Capital Partners, LLC's ("HN Green Hollow") (collectively "Defendants") Motion for Order to Show Cause and Motion for Contempt ("Motion") related to Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC's ("Plaintiff") failure to comply with the terms of this Court's Order Granting Defendants' Motion to Compel dated August 13, 2020 (the "August 13 Order") and the Parties' August 19, 2020 Rule 11 Agreement ("Rule 11 Agreement").

***Appearances***

Defendants appeared in person and by their counsel of record, Rusty J. O'Kane and Zachary Farrar, WICK PHILLIPS GOULD & MARTIN, LLP, and announced ready.

After being properly served and cited to appear, Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC appeared through its counsel of record, Royce West and Craig Capua, WEST & ASSOCIATES, LLP. Plaintiff's Motion for Continuance was considered and DENIED.

2999 Turtle Creek, LLC appeared through its counsel of record, Douglas Wade Carvell, HOGE & GAMEROS, LLP.

***Jurisdiction***

After examining the pleadings, evidence, and arguments of counsel, the Court finds it has jurisdiction over the subject matter and Parties in this case; that the Motion is in all respects proper and sufficient; that Plaintiff was afforded due and proper notice of these proceedings; and that Plaintiff was properly served with a copy of the Motion and the Order Granting Motion for Order to Show Cause (the "Show Cause Order") both via e-service upon its counsel of record, and through its registered agent, Incorp Services.

***Findings***

After considering the briefing, evidence (including exhibits tendered to the Court), testimony, and arguments of counsel, the Court hereby finds as follows:

1. On August 13, 2020, this Court entered its Order Granting Defendants' Motion to Compel ("August 13 Order") that provided, in pertinent part, that Plaintiff shall cause its corporate representative(s) to attend a deposition on August 26, 2020.

2. On August 19, 2020, the Parties signed a Rule 11 Agreement scheduling Plaintiff's corporate representative's deposition for September 17, 2020. The Rule 11 Agreement was filed with this Court.

3. Despite the August 13 Order and Rule 11 Agreement, Plaintiff failed to appear at its deposition on September 17, 2020.

4. On September 22, 2020, Defendants properly served a Second Amended Notice of Deposition of the Corporate Representative of 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC ("Second Amended Notice"), which scheduled the deposition for September 29, 2020. Plaintiff did not object to or move to quash the Second Amended Notice.

5. Plaintiff failed to appear for its properly noticed deposition on September 29, 2020.

6. Plaintiff's failure to appear at its properly noticed depositions violates this Court's August 13 Order, the Parties' Rule 11 Agreement, and the Texas Rules of Civil Procedure. Plaintiff's conduct amounts to contempt of Court.

7. The Court specifically finds that there was no good cause for Plaintiff's failure to appear and Plaintiff is in civil contempt for failing to appear at its depositions.

8. On October 12, 2020, Defendants presented, and the Court admitted, evidence on the reasonable and necessary attorneys' fees Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

9. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs Defendants incurred in preparing for the depositions for which Plaintiff failed to appear.

10. On October 12, 2020, Defendants further presented, and the Court admitted, evidence on the costs incurred by Defendants for court reporter costs and expenses related to the depositions.

It is therefore **ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC f/k/a MO 2999TC, LLC is in civil contempt of Court.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $10,000.00, representing properly proven reasonable and necessary attorneys' fees incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff 2999TC Acquisitions, LLC pay to Defendants the amount of $1,160.05, representing court reporter costs and expenses incurred due to Plaintiff's contempt, which amount shall be paid by cash, cashier's check, wire transfer, or other certified funds and delivered to Wick Phillips Gould & Martin, LLP no later than 5:00 p.m. on October 20, 2020.

Signed this 15 day of October, 2020.

HONORABLE JUDGE PRESIDING

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

**ORDER GRANTING EMERGENCY MOTION OF HNGH TURTLE CREEK, LLC TO COMPEL PRODUCTION BY DEBTOR IN CONNECTION WITH HNGH TURTLE CREEK LLC'S FIRST REQUESTS FOR PRODUCTION AND INTERROGATORIES TO 2999TC ACQUISTIIONS, LLC**

CAME BEFORE THE COURT HNGH Turtle Creek, LLC's ("**HNGH**") *Emergency Motion to Compel Production by Debtor* (the "**Motion**"). After consideration of the Motion and hearing arguments of the Parties, and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion is GRANTED;

2. 2999TC Acquisitions, LLC is ordered to produce all responsive documents to HNGH's Requests no later than 12:00 p.m. (noon) on December 2, 2021; and

3. This Court retains jurisdiction to hear and interpret all matters pertaining to interpretation and enforcement of this Order.

**### End of Order ###**

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
R. Hale Neilson (TX Bar No. 24116820)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: hneilson@krcl.com

***Counsel to HNGH Turtle Creek, LLC***