FILED
TARRANT COUNTY
11/10/2020 2:41 PM
THOMAS A. WILDER
DISTRICT CLERK

**CAUSE NO.** 342-321533-20

| | | |
|---|---|---|
| **HAPPY STATE BANK,**<br>Plaintiff | § | **IN THE DISTRICT COURT** |
| | § | |
| **Vs.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **MANSIONS APARTMENT HOMES AT MARINE CREEK LLC;**<br>**DAVID CAMPBELL;**<br>**HAL THORNE;**<br>**JMJ DEVELOPMENT, LLC; and**<br>**TIMOTHY BARTON a/k/a TIM BARTON;**<br>**Defendants** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **TARRANT COUNTY, TEXAS** |

## ORIGINAL PETITION

COMES NOW Happy State Bank ("HSB," "Lender" or "Plaintiff") and complaining of Mansions Apartment Homes at Marine Creek LLC ("Mansions" or "Borrower"), David Campbell ("Campbell"), Hal Thorne ("Thorne"), JMJ Development, LLC ("JMJ"), and Timothy Barton a/k/a Tim Barton ("Barton") (Mansions, Campbell, Thorne, JMJ, and Barton, hereinafter collectively, "Defendants"), shows:

## OVERVIEW

HSB loaned $5,400,000.00 to Mansions. Campbell, Thorne, JMJ, and Barton each guaranteed the loan. The loan matured by its terms, and Mansions defaulted by failing to pay the loan. The loan remains in default and unpaid. HSB sues herein to recover from Defendants on the loan.

## DISCOVERY

1. Discovery in this matter should be conducted under Level 2 pursuant to rule 190 of the Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff Happy State Bank is an entity, and accordingly, it does not possess a driver's license or social security number and therefore cannot provide the identifying information associated with such numbers.

3. **Defendant Mansions Apartment Homes at Marine Creek LLC** is a limited liability company formed under the laws of the state of Texas, which can be served by serving its **registered agent, Hal T. Thorne, at his registered address, 3550 Gifco Road, Midlothian, TX 76065**.

4. **Defendant David Campbell** is a nonresident of Texas. At all times material to this action, David Campbell engaged in business in Texas, but does not maintain a regular place of business in this state or a designated agent for service of process. This proceeding arises out of business done in this state and to which David Campbell is a party. More specifically, David Campbell agreed in writing to perform obligations under the Loan Documents (defined later herein) in Texas and agreed in writing that any action or proceeding against him under or in connection with the Loan Documents may be brought in Texas. Consequently, the secretary of state is an agent for service of process on David Campbell, and service of process on David Campbell may be made by serving **the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079**, provided the citation and petition are forwarded to **David Campbell's home or home office address, which is 5060 SW Philomath Boulevard, #363 Corvalis, OR 97333**.

5. **Defendant Hal Thorne** is an individual who may be served at his usual place of abode, **3550 Gifco Road, Midlothian, Texas.**

6. **Defendant JMJ Development, LLC** is a limited liability company formed under

the laws of the state of Texas, which can be served by serving its **registered agent, ONE Agent Texas, LLC, at its registered address, 13901 Midway Rd., Ste 102, Dallas, TX 75244**.

7. **Defendant Timothy Barton a/k/a Tim Barton** is an individual who may be served at his usual place of business, **1755 Wittington Place, Suite 340, Dallas, Texas**.

## JURISDICTION AND VENUE

8. Plaintiff seeks monetary relief over $1,000,000. The damages sought are within the jurisdictional limits of the Court.

9. Venue is proper in Tarrant County, Texas, because (i) Tarrant County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred, (ii) one or more of the Defendants have agreed in writing that a suit arising from the subject transaction (which is a "major transaction" under Texas Civil Practice & Remedies Code §15.020) may be brought in Tarrant County, and/or (iii) one or more of the Defendants contracted in writing to perform an obligation in Tarrant County, specifically naming Tarrant County or a definite place in Tarrant County by that writing, and this suit is on or by reason of such obligation. Further, since venue is proper in Tarrant County as to one or more of the Defendants, venue as to all of the Defendants is proper in Tarrant County, as all claims or actions herein arise out of the same transaction, occurrence, or series of transactions and occurrences.

## FACTS AND CLAIMS

10. In connection with a loan (the "Loan") made by HSB to Mansions, the following documents were signed and/or given:

a. Loan Agreement dated June 6, between Mansions and HSB;

b. Promissory Note dated June 6, 2018, in the original principal amount of $5,400,000.00 made by Mansions payable to the order of HSB;

c. Deed of Trust ("Deed of Trust") dated June 6, 2018, given by Mansions for the benefit of HSB;

d. Guaranty Agreement dated June 6, 2018, given by Campbell;

e. Guaranty Agreement dated June 6, 2018, given by Thorne;

f. Guaranty Agreement dated June 6, 2018, given by JMJ; and

g. Guaranty Agreement dated June 6, 2018, given by Barton.

The documents described in a., b., c., d., e., f., and g. above may hereinafter collectively be referred to as the "Original Loan Documents."

11. To secure payment of all obligations of Mansions to HSB, by the Deed of Trust, Mansions granted to HSB a lien on the property described in the Deed of Trust, which includes the land located in Tarrant County, Texas, commonly known as 5201 Shady Shell Drive, Fort Worth, Texas 76135, and all buildings and improvements thereon (all property defined as such in the Deed of Trust, hereafter the "Property").

12. Pursuant to the Original Loan Documents, HSB loaned $5,400,000.00 to Mansions.

13. Thereafter, in connection with the Loan, the following document was signed:

a. Modification, Renewal and Extension Agreement dated June 1, 2020, between Mansions and HSB, and ratified by Campbell, Thorne, JMJ, and Barton.

The Original Loan Documents and the documents described in a. above may hereinafter collectively be referred to as the "Loan Documents."

14. HSB is the owner and holder of the Loan and the Loan Documents.

15. Under the Loan Documents, the Loan matured on June 4, 2020. Mansions defaulted

under the Loan Documents by failing to pay the Loan when it matured.

16. By letter dated September 25, 2020, made demand for payment of the Loan. Despite the demand, the Loan remains in default and unpaid.

17. The unpaid principal balance of the Loan as of September 30, 2020 (excluding attorney's fees) was in excess of $4,850,000.00. Interest continues to accrue as provided in the Loan Documents.

18. Under the Loan Documents, the Defendants are each jointly and severally liable for all amounts owed under and/or in connection with the Loan.

19. HSB has the right to have the Property sold at a non-judicial foreclosure sale under the Deed of Trust. The Property is currently scheduled to be sold at a non-judicial foreclosure sale on December 1, 2020. The proceeds of any non-judicial foreclosure sale of the Property will be applied as required by the Deed of Trust and/or applicable law, including to the extent so required (i) to the Loan, if such sale is conducted before judgment is rendered herein, and (ii) to the judgment, if such sale is conducted after judgment is rendered herein.

20. In the Loan Documents, the Defendants each waived various rights they might otherwise have had, including (but not limited to) the provisions of Sections 51.003-51.005 of the Texas Property Code.

## FIRST CAUSE OF ACTION

21. HSB incorporates all of the previous paragraphs herein by reference.

22. The conduct of the Defendants constitutes a breach of the Loan Documents. HSB is entitled to recover from the Defendants, jointly and severally, all actual damages caused by such breach.

## ATTORNEY'S FEES

23. HSB has incurred and will continue to incur collection costs, including attorney's fees in connection with enforcement of the Loan Documents. Pursuant to the Loan Documents, HSB is entitled to recover all such costs, fees and expenses from the Defendants, jointly and severally. Furthermore, HSB presented its claims to the Defendants more than 30 days before judgment will be rendered herein. Consequently, HSB is also entitled to recover its attorney's fees from the Defendants pursuant to Texas Civil Practice & Remedies Code Section 38.001 et seq.

## CONDITIONS PRECEDENT

24. All conditions precedent to HSB's right to recover have been performed, have occurred, or have been waived.

## RELIEF REQUESTED

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

(i) That Plaintiff have judgment, jointly and severally, against Defendants for:

a. all actual damages;

b. all costs and expenses, including attorney's fees and legal expenses incurred and to be incurred by Plaintiff (including for any appeals),

c. pre-judgment and post-judgment interest as allowed by law, and

d. costs of suit; and

(ii) That Plaintiff be granted such other and further relief, to which it may be justly entitled.

Respectfully Submitted,

*/s/ Martin J. Lehman*
Martin J. Lehman
mlehman@pamlaw.com
State Bar No. 12172900

PALMER LEHMAN SANDBERG, PLLC
8350 N. Central Expressway, Suite 1111
Dallas, Texas 75206
(214) 242-6444/ (214) 265-1950 FAX

Attorneys for Plaintiff Happy State Bank