FILE COPY

# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

**Justices**
*Rex D. Davis*
*John E. Neill*

McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373
Phone: (254) 757-5200 Fax: (254) 757-2822

**Clerk**
*Nita Whitener*

October 2, 2020

Robert W. Buchholz
The Law Office of Robert W. Buchholz, P.C.
420 S Cesar Chavez Blvd Ste 300
Dallas, TX 75201-5817
* DELIVERED VIA E-MAIL *

Hon. D. Wayne Bridewell
249th District Court
204 S. Buffalo St., Suite 208
Cleburne, TX 76033
* DELIVERED VIA E-MAIL *

Robert Doyle Wilson
Law Offices of Robt D. Wilson, P.C.
2701 Dallas Pkwy Ste 150
Plano, TX 75093-8772
* DELIVERED VIA E-MAIL *

Evan Lane Shaw
Law Offices of Van Shaw
2723 Fairmount St
Dallas, TX 75201-1912
* DELIVERED VIA E-MAIL *

**RE:** Court of Appeals Number: 10-20-00258-CV
Trial Court Case Number: DC-C202000421

**STYLE:** In re LDG001, LLC and DJD Land Partners, LLC

A Petition for Writ of Injunction was filed today.

Sincerely,

Nita Whitener, Clerk

By: Lanette Sullins, Deputy Clerk

CC: Jeremy Powell (DELIVERED VIA E-MAIL)
David Welch (DELIVERED VIA E-MAIL)
Kurt Hurley (DELIVERED VIA E-MAIL)

ACCEPTED
10-20-00258-CV
TENTH COURT OF APPEALS
WACO, TEXAS
10/2/2020 11:25 AM
NITA WHITENER
CLERK

No. ___ - ____________-CV

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
10/2/2020 12:58:00 PM
NITA WHITENER
Clerk

IN THE
COURT OF APPEALS
TENTH DISTRICT OF TEXAS AT WACO

*LDG001, LLC and DJD LAND PARTNERS, LLC,*

*Relators.*

Original Proceeding from the
249th District Court, Johnson County, Texas
Cause No. DC-C202000421

# PETITION FOR WRIT OF INJUNCTION

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
van@shawlaw.net
beau@shawlaw.net
david@shawlaw.net

**LAW OFFICES OF VAN SHAW**
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115

**ATTORNEYS FOR RELATORS**

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| Relators: | LDG001, LLC<br>DJD Land Partners, LLC |
| Counsel for Relators: | Evan Lane (Van) Shaw<br>State Bar No. 18140500<br>Jeremy B. (Beau) Powell<br>State Bar No. 24099163<br>David J. Welch<br>State Bar No. 24098593<br>van@shawlaw.net<br>beau@shawlaw.net<br>david@shawlaw.net<br>LAW OFFICES OF VAN SHAW<br>2723 Fairmount<br>Dallas, Texas 75201<br>(214) 754-7110<br>FAX NO. (214) 754-7115 |
| Respondent: | Southern Star Capital, LLC d/b/a Reliance Mortgage Co. |
| Counsel for Respondent: | Robert W. Buchholz<br>State Bar No. 03290600<br>bob@attorneybob.com<br>THE LAW OFFICE OF ROBERT W. BUCHHOLZ, P.C.<br>420 S. Cesar Chavez Blvd., Suite 300<br>Dallas, Texas 75201<br>(214) 754-5500<br>FAX NO. (214) 754-9100 |
| Trial Court: | The Honorable Wayne Bridewell<br>249th Judicial District Court<br>Johnson County, Texas<br>204 S. Buffalo Ave.<br>Cleburne, Texas 76033<br>(817) 556-6825 |

| | |
|---|---|
| Other Parties in Interest: | Robert W. Buchholz (as Trustee)<br>Mike Anderson |
| Counsel: | Robert W. Buchholz<br>State Bar No. 03290600<br>bob@attorneybob.com<br>THE LAW OFFICE OF ROBERT W. BUCHHOLZ, P.C.<br>420 S. Cesar Chavez Blvd., Suite 300<br>Dallas, Texas 75201<br>(214) 754-5500<br>FAX NO. (214) 754-9100 |
| Other Parties in Interest: | Mark Adams |
| Counsel: | Robert Doyle Wilson<br>State Bar No. 00789823<br>Rwilson429@aol.com<br>THE LAW OFFICE OF ROBERT D. WILSON, P.C.<br>2701 Dallas Parkway, Suite 150<br>Plano, Texas 75093<br>(214) 637-8866<br>FAX NO. (214) 975-1618 |
| Other Parties in Interest: | Citizens Bank |
| Counsel: | Citizens Bank has not yet appeared in the trial court |

# TABLE OF CONTENTS

**Identity of Parties and Counsel** ........ ii

**Table of Contents** ........ iv

**Index of Authorities** ........ v

**Statement of the Case** ........ vi

**Statement of Jurisdiction** ........ vii

**Issues Presented** ........ vii

**Statement of Facts** ........ 1

**Argument** ........ 3

Applicable Legal Standards ........ 3

This Court Should Issue a Writ of Injunction to Prevent Relators' Interlocutory Appeal from Becoming Moot and to Preserve this Court's Jurisdiction ..... 4

**Prayer** ........ 5

**Certifications of Compliance** ........ 6

**Certificate of Service** ........ 6

# INDEX OF AUTHORITIES

**Cases**

*Dallas Morning News v. Fifth Court of Appeals*,

842 S.W.2d 655 (Tex. 1992) (orig. proceeding) .......... 3

*Madison v. Martinez*,

42 S.W.2d 84 (Tex. Civ. App.—Dallas 1931, writ ref'd) .......... 3

*In re Perkins*,

2015 Tex. App. LEXIS 10833 (Tex. App.—Dallas 2015, no pet.) .......... 3

*In re Shields*,

190 S.W.3d 717 (Tex. App.—Dallas 2005) (orig. proceeding) .......... 3

**Statutes**

Tex. Civ. Prac. Rem. Code § 51.014(a)(4) .......... 4

Tex. Const. V, § 6 .......... 3

Tex. Govt. Code § 22.221(a) .......... 3

**Rules**

Tex. R. App. P. 25.1(a) .......... 2

## STATEMENT OF THE CASE

| | |
|---|---|
| Underlying Proceeding: | The trial court proceeding is a property dispute involving certain tracts of real property in Johnson County, Texas (the legal descriptions of which are attached at Tab 1 of Relators' appendix) (the "Property"). Respondent posted the Property for foreclosure. Relators sought and obtained a temporary restraining order preventing the foreclosure. However, the temporary restraining order expired by its own terms and Relators' application for temporary injunction was denied. Relators filed a statutorily-allowed interlocutory appeal from that order. Relators seek an injunction to prevent Respondent from foreclosing on the Property pending resolution of Relators' interlocutory appeal, to preserve this Court's jurisdiction, and to preserve the subject matter of the appeal pending such resolution. |
| Respondent: | Southern Star Capital, LLC d/b/a Reliance Mortgage, Co. |
| Respondent's Actions: | Posting the Property for foreclosure **on October 6, 2020**. |

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this original proceeding and to issue a writ of injunction under article V section 6 of the Texas Constitution, Tex. Gov't Code § 22.221(a), and Texas Rule of Appellate Procedure 52.

## ISSUE PRESENTED

Should this Court issue a writ of injunction to prevent the foreclosure on the Property in Johnson County, Texas in order to preserve this Court's jurisdiction over a timely and properly perfected interlocutory appeal and to preserve the subject matter of the interlocutory appeal?

## STATEMENT OF FACTS

On July 24, 2020, Relator LDG001, LLC filed its *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* (the "Application"). Appx. Tab 2. The Application was supplemented three times. Appx. Tabs 3-5. Relator DJD Land Partners, LLC was added as a plaintiff in the first supplement. Appx. Tab 3.

In the trial court, Relators filed claims for fraud, conspiracy, negligent misrepresentation, tortious interference with existing contracts, tortious interference with prospective contracts, and improper foreclosure against Respondent (and others). The claims against Respondent arise from Respondent's attempts to improperly foreclose on the Property. Respondent's foreclosure efforts were improper due to various factors including:

- Respondent's refusal to provide Relators with information and documentation regarding the underlying loan transactions;
- Respondent's providing Relators with fraudulent accounting to support the foreclosure efforts; and
- **Respondent's lack of authority to foreclose on the Property**.

On August 28, 2020, the trial court granted Relators a temporary restraining order ("TRO") that enjoined Respondent from foreclosing on the Property. Appx.

Tab 6. To secure the TRO, Relators posted a cash bond in the amount of $10,000.00 with the Clerk of the District Court, which remains on file. The TRO expired by its own terms.

On September 30, 2020, the trial court held a hearing on Relators' Application for injunctive relief. At approximately 4:39 p.m., on October 1, 2020, Relators received a file-marked copy of the trial court's docket entry denying the temporary injunction sought by Relators (the "Order"). Appx. Tab 7. **As a result of the trial court's denial of injunctive relief, Respondent will be able to foreclose on the Property on October 6, 2020.**

At approximately 8:29 a.m. on October 2, 2020, Relators filed a Notice of Appeal of the Order with the District Court. Appx. Tab 8. The interlocutory appeal seeks review of the District Court's Order denying Relators' application for injunctive relief, the reversal of which would preserve the Property under its current ownership pending resolution of all underlying claims.

The interlocutory appeal of the Order has been perfected pursuant to Rule 25.1(a) of the Texas Rules of Appellate Procedure. While it is an accelerated appeal, the currently-scheduled foreclosure of the Property – set for October 6, 2020 – will occur before this Court can act on the accelerated appeal. Relator files

this Petition for Writ of Injunction to preserve the Court's jurisdiction to consider the interlocutory appeal.

## ARGUMENT

### I. Applicable Legal Standards

The Texas Constitution provides that the courts of appeals have such appellate and original jurisdiction as prescribed by law. Tex. Const. V, § 6. Under the Government Code, a court of appeals "may issue a writ of mandamus and all other writs necessary to enforce jurisdiction of the court." Tex. Govt. Code § 22.221(a). The purpose of a writ of injunction is to protect the Court's jurisdiction over a pending proceeding. *In re Perkins*, No. 05-15-01444-CV, 2015 Tex. App. LEXIS 10833 (Tex. App.—Dallas 2015, no pet.).

A court of appeals may issue such a writ to prevent an appeal from becoming moot. *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 657 (Tex. 1992) (orig. proceeding); *Madison v. Martinez*, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref'd). In fact, **a court of appeals may issue a writ of injunction to prevent the foreclosure of real property if such writ is necessary to preserve the court's jurisdiction and prevent an appeal from becoming moot**. *In re Shields*, 190 S.W.3d 717, 719 (Tex. App.—Dallas 2005, orig. proceeding).

## II. This Court Should Issue a Writ of Injunction to Prevent Relators' Interlocutory Appeal from Becoming Moot and to Preserve this Court's Jurisdiction

This Court should issue a writ of injunction to preserve its jurisdiction over Relators' interlocutory appeal. In the trial court, Relators sought a temporary injunction to prevent the foreclosure of the Property **(currently scheduled for October 6, 2020)**. The application for temporary injunction was denied at the close of business on October 1, 2020.

Upon receipt of the Order denying injunctive relief, Relators immediately filed a Notice of Appeal, perfecting an accelerated interlocutory appeal of the Order pursuant to Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. Specifically, Relators filed the interlocutory appeal to obtain review of the denial of its application for temporary injunction. However, **before the interlocutory appeal can be heard by this Court (in fact, *before appellants' opening brief will be filed*), the Property will be foreclosed upon by Respondent unless a Writ of Injunction issues from this Court**. A foreclosure of the Property by Respondent will cause Relators irreparable injury, render the underlying interlocutory appeal moot and will deprive this Court of jurisdiction to consider Relators' interlocutory appeal. As a result, a Writ of Injunction that prevents Respondent from foreclosing on the Property is necessary to preserve this Court's jurisdiction over the interlocutory appeal.

Relators, therefore, request that this Court issue a Writ of Injunction enjoining Respondent, and its agent Trustee Buchholz, from foreclosing on the Property during the pendency of the interlocutory appeal in order to preserve this Court's jurisdiction over the interlocutory appeal. Realtors further request that, to protect Respondent's interest, this Court require that Relators leave on file the current $10,000 bond posted in the District Court as security pending the resolution of the interlocutory appeal.

**PRAYER**

Because a Writ of Injunction is necessary to preserve this Court's jurisdiction over Relators' interlocutory appeal, Relator prays that this Court issue a Writ of Injunction to enjoin Respondent from foreclosing on the Property during the pendency of the interlocutory appeal.

Dated: October 2, 2020

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
DAVID J. WELCH
State Bar No. 24098593
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115

van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR RELATORS

## CERTIFICATIONS OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I hereby certify that I have reviewed the above Petition for Writ of Injunction and that all factual statements are supported by competent evidence included in the record.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

Pursuant to Texas Rules of Appellate Procedure 9.4(i)(3), I certify that the total number of words in this document is 925, excluding those portions exempted from the length requirement by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served in accordance with the Texas Rules of Civil Procedure to all counsel of record on October 2, 2020.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

# RELATORS' APPENDIX

| TAB | CONTENTS |
|---|---|
| 1 | Legal descriptions of Property at issue |
| 2 | Plaintiff's Original Petition, Jury Demand and Request for Temporary and Permanent Injunction |
| 3 | Plaintiffs' First Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction |
| 4 | Plaintiffs' Second Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction |
| 5 | Plaintiffs' Third Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction |
| 6 | Temporary Restraining Order |
| 7 | File-marked docket order |
| 8 | Plaintiffs' Notice of Accelerated Appeal |

# EXHIBIT "A"

TRACT ONE:
Being a 153.9273 acre tract of land situated in the B.B.B. & C.R.R, Co. Survey, Abstract No. 93, being part of that certain called 156 acre tract of land described in from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 153.9273 acre tract to be more particularly described by meets and bounds as follows;

BEGINNING at a 1/2" iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest comer of the Jackson Smith Survey, Abstract No, 758 and being in the East line of Philip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest comer of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records and also being in the East line of that certain called 94.26 Acre tract of land form Edco Farms, Inc. and Fairview Farms, Inc. to Harper Cattle, LLC and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-ofway);

THENCE North 30°31'39" West with said County Road 213, the West line of said 156 acre tract and the East line of said 94,26 acre tract a distance of 2,640.00 feet to a point for corner at the Northwest corner of said 156 acre tract, the Southwest corner of that. certain called 1.074 acre tract described in deed from called 1.074 acre tract from J.W. Martin to H.C. Griffin and recorded in Volume 1583, Page241 of said Deed Records;

THENCE North 59°28'21" East with the North line of said 156 acre tract and the South line of said 1.074 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference comer in said Right-of-Way and continuing a total distance of 869.98 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the North line of said 156 acre tract, the East corner of said 1.074 acre tract and also being in the South line of G.C. & S.F. Railroad (100 foot wide Right-of-Way):

THENCE North 66°32'57" East with the South line of said Railroad a distance of 682.02 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in said South line at the beginning of a curve to the right;

THENCE in a Northeasterly direction with said curve to the right having a radius of 2595.97 feet, whose chord bears North 70°50'32" East-388.67 feet for an arc length of 389.03 feet to 1/2" iron rod with plastic marked "SANDS" set for corner in South line of said Railroad;

THENCE North 75°08'08" East with said South line a distance of756.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the East line of said 156 acre tract and being in the West line of that certain called 184.887 acre tract of land conveyed to Billy C. Roten by deed recorded in Volume 1248, Page 742 of said Deed Records;

THENCE South 30°31'39" East with the East line of said 156 acre tract and the West Line of said 184.887 acre tract at a distance of 2,245.02 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the North Right-of-Way of said County Road No. 110 and continuing a total distance of 2,275.02 feet a point for corner at the Southeast corner of said 156 acre Inlet and being in the Southerly edge of County Road 110 (60' right-of-way);

THENCE South 59°28'21" West with said road and the South line of said 156 acre tract a distance of 860.80 feet a point for corner in said road and being at the Southeast corner of that certain called 1.003 acre tract of land described In deed from Patrick M. Griffin to Kaleb L. Hazard and recorded in Instrument No. 201000025372 of said Deed Records:

THENCE North 30°31'39" West across said 156 acre tract and with the East line of said 1.003 Acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the East line of said 1.003 acre tract and continuing a total distance of 226.67 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;

THENCE South 59°32'03" West across said 156 acre tract and the North line of said 1,003 acre tract a distance of 192.78 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northwest corner of said 1.003 acre tract;

THENCE South 30°31'39" East across said 156 acre tract and the West line of said 1.003 acre tract at a distance or196.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for reference in the West line of said 1.003 acre tract and continuing a total distance of 226.88 a point for corner at the Southwest corner of said 1,003 acre tract and in the Southerly line of County Road 110;

THENCE South 59°28'21" West with said County Road 110 and the South line of said 156 acre tract a distance of 1603.10 feet back to the Point of Beginning and Containing 6,705,073 Square feet and 153.9273 acres of land of which 14944 acres lie within County Roads, leaving a net acreage of 150.4329 acres of land, more or less.

TRACT TWO:
Being a 47.8572 acre tract of land situated in the Jackson Smith Survey, Abstract No. 758, Johnson County, Texas, being all of that certain called 47-1/2 acre tract of land described in deed from Henry C. Griffin, Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of the Deed Records of Johnson County, Texas said 46,9003 acre tract to be more particularly described by meets and bounds as follows:

COMMENCING at a 1/2" iron rod found for corner at the Northwest corner of said Jackson Smith Survey, same being the Southwest corner of the B.B.B. & C.R.R. Co. Survey, Abstract No. 93 and being at the intersection of County Road No. 213 (60' right-of-way) with County Road No. 110 (60' right-of-way);

THENCE with the North line of said Jackson Smith Survey and the South line of said B.B.B. & C.R.R. Co. Survey and with County Road No, 110 a distance of 2,656.62 feet to a point for comer in the Southerly line of said County Road 110, same being the Northwest corner of said 47-1/2

acre tract, the Northeast corner of that certain called 50 acre tract described in deed from Elzy Ray Brown to Judith Louise Brown and recorded in Volume 3119, Page 27 of said Deed Records, the Southeast corner of that certain called 156 acre tract described in deed from Henry C. Griffin Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of said Deed Records and the Southwest corner of that certain called 184.887 acre tract described in deed to Bill C. Roten and recorded in Volume 1248, Page 472 of said Deed Records and being at the POINT OF BEGINNING;

THENCE North 59°2821" East with the North line of said 47-1/2 acre tract and with said County Road 110 a distance of 826,39 feet to a point for corner at the Northeast corner of said 47-1/2 acre tract, the Northwest corner of that certain called 70.74 acres tract of land described in deed from Schifano-Regan, JV to Duane Schifano and recorded in instrument No. 201200024756 of said Deed Records and also being in the South line of said 184.887acre tract;

THENCE South 30°31'39'1 East with the East line of said 474/2 acre tract and the West line of said 70.74 acre tract at a distance of 30.00 feet passing a 1/2' Iron rod with plastic marked "SANDS" set for reference and counting at a distance of 1,721.56 feet passing a 1" iron found the corner at the Southwest corner of said 70.74 acre tract, same being the Northwest corner of that certain called 15.004 acre tract of land described in Deed from Walter Glenn Carisle of RES Land Holding and recorded in Volume 3507, Page 398 of said Deed Records and continuing at a distance of 2,088.49 feet passing a 1" iron bar found for corner the Southwest corner of said 15.004 acre tract, same being the Northwest corner of that certain called 0.78 acre tract land described in deed from Erica Denise Vesper to Daniel H. Vesper, Sr. and recorded in Instrument No. 201000011279 of said Deed Records and counting at a distance of 2442.17 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and continuing a total distance of 2,472.17 feet to a point for corner at the Southeast corner of said 47.5 acre tract, the Southwest corner of said 0.78 acre tract, and being in County Road 109 (60' right-of-way) and also being in the North line of Southwest Acres, Phase 1, an addition to Johnson County, Texas;

THENCE South 59°2821" West with the South line of said 47.5 acre tract and the North line of said Southern Acres a distance of 843.25 Feet to a point tor corner of said County Road 109 and being in the North line of that certain called Lot 2R-I, Block 1 of Harden Estates, an addition to Johnson County, Texas, according to the Plat thereof recorded in Volume 10, Page 463 of said Deed Records, same being the Southeast corner of said above mentioned 50 acre tract;

THENCE North 30°31'39" West with the West line of said 47-1/2 acre tract and the West line of said 50 acre tract a distance of 30.00 feet passing to a 1/2' iron rod With plastic marked "SANDS" set for reference and counting, a total distance of 2472.17 feet back to the Point of Beginning and Containing 2,084,662 Square feet or 47.8572 acres of which 1.1616 acre lie within County Road leaving a net acreage of 47.8572 acres of land, more or less.

# EXHIBIT "B"

TRACT ONE:

940 County Road 110, Venus Texas;

**Being a 1.00 acre tract of land situated in the B.B.B. & C. Railroad Company Survey, Abstract No. 93 and being all that certain called 1.003 acre tract of land described in Deed from Patrick M. Griffin to Kaleb L. Hazard and recorded by Instrument No. 201000025372 of the Deed Records of Johnson County, Texas and also being part of that certain called 156 acre tract of land described in Deed from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 1.00 acre tract to be more particularly described by meets and bounds as follows:**

**COMMENCING at a 1/2: iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of Jackson Smith Survey and being in the East line of Plilip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records, the East line of that certain called 94.26 Acre tract of land from Edco Farms, Inc., and Fairview Farms, Inc., to Harper Cattle, LLC, and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);**

**THENCE North 59° 28' 21" East with the South line of said 156 acre tract of land, the South line of said B.B.B. & C. Railroad Company Survey a distance of 1603.10 feet to a point for corner at the Southeast corner of said 1.003 tract and being at the PLACE OF BEGINNING;**

**THENCE North 30° 31' 39" West with the West line of said 1.003 acre tract a distance of 30.00 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.88 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;**

**THENCE North 59° 32' 03" East with the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract of land;**

**THENCE South 30° 31' 39" East with the East line of said 1.003 acre tract a distance of 196.67 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.67 feet to a point for corner in the South line of said B.B.B. & C. Railroad Company Survey, same being the Southeast corner of said 1.003 acre tract;**

**THENCE South 59° 28' 21" West with the South line of said 1.003 acre tract and the South line of said B.B.B. & C. Railroad Survey a distance of 192.78 feet back to the POINT OF BEGINNING and CONTAINING 1.00 acres of land of which 0.13 acres lie within County Road 110, leaving a net acreage of 0.87 acres of land, more or less.**

TRACT TWO:

1025 N FM 157, Venus Texas 76084

Being a 0.977 acre tract of land situated in the Absolam Williams Survey, Abstract No. 857, Johnson County, Texas and being all of that certain called 0.979 acre tract of land described in Deed from JLRJ, Inc. to Jason Alan Williams and recorded in Instrument No. 2013012640 of the Deed Records of Johnson County, Texas, said 0.977 acre tract to more particularly described by metes and bounds as follows:

THENCE South 60°23'32"West with South line of said 0.979 acre tract same being the East line of said that certain called Tract Three, 128.30 acre tract of land described in Deed from Henry C. Hill to Anastasia Energy, LLC and recorded in Volume 3969, Page 264 of said Deed Records a distance of 118.31 feet to a 1/2" iron rod cap found for comer at the Southwest comer of said 0.979 acre;

THENCE North 30°02' 19"West with West line of said 0.979 acre tract and the East line of said 128.30 acre tract a distance 504.00 to a Rail Road Spike found for comer in the centerline of County Road 501 at the Northwest corner of said 0.979 acre tract;

THENCE North 37°39'29" East with the North line of said 0.979 acre tract and the center line of said County Road 501 a distance of 16.66 feet to a Rail Road Spike found for comer at Northeast comer of said 0.979 acre tract and being in the West line of Farm to Market Road 157 and also being at the beginning of a non tangent curve to the right;

THENCE in a Southeasterly direction with said curve to the right having a radius of 1404.92 feet, whose chords bears South 41 °30' 19" East- 523.30 feet for an arc length of 526.37 feet back to the Point of Beginning and Containing 42,577 Square Feet or 0.977 acre of land more or less.

Filed: 7/24/2020 2:25 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| | § | |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ,<br>*Defendants.* | § | OF JOHNSON COUNTY, TEXAS |
| | § | |
| | § | |
| | § | Johnson County - 249th District Court |
| | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now LDG001, LLC ("Plaintiff") and files this its *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Discovery Control Plan Level 3 as set forth in the Texas Rules of Civil Procedure.

## II.
## PARTIES

2. Plaintiff is a domestic limited liability company doing business in Johnson County.

3. Defendant SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY ("Reliance Mortgage") is a domestic limited liability company doing business in Johnson County and may be served with process through its registered agent, Mike Anderson, at 5220 Spring Valley Road, Suite 602, Dallas, Texas 75254.

4. Defendant Mike Anderson ("Anderson") is an individual residing in Dallas County who may be served with process at 6613 Forest Creek Drive, Dallas, Texas 75230.

5. Defendant Mark Adams ("Adams") is an individual residing in Dallas County who may be served with process at 6476 Ridgeview Circle, Dallas, Texas 75240.

6. Defendant Robert W. Buchholz is an individual conducting business in Dallas County who may be served with process at 420 S. Cesar Chavez Blvd., Suite 300, Dallas, Texas 75201.

## III.
## VENUE

7. Venue is proper in Johnson County, Texas pursuant to Section 15.002 of the Civil Practice & Remedies Code.

## IV.
## STATEMENT OF FACTS

8. Plaintiff is a single-purpose entity and an affiliate of JMJ Development, LLC. Plaintiff was formed for the purpose of acquiring two tracts of land in Johnson County, Texas. The two tracts of land are more fully described on Exhibit A attached hereto and referred to herein as the "Property."

9. Defendant Robert Buchholz is the named trustee (the "Trustee") on a deed of trust regarding the Property and filed at Clerk's File No. 2019-18287 in the real property records of Johnson County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.

10. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.

11. Anderson is the sole manager of Reliance Mortgage.

12. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiff) on the one hand and Reliance Mortgage on the other hand.

13. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiff).

14. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

15. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of a foreclosure sale on the Property. Plaintiff seeks injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.

16. Despite repeated requests by Plaintiff and Plaintiff's counsel, **Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreement** between Plaintiff and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement. Exhibit B attached hereto contains examples of the previous requests made.

17. **Reliance Mortgage is improperly seeking, and the Trustee is improperly attempting to foreclose the Property based on, MONIES NOT OWED by Plaintiff and based on an incorrect accounting.** The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiff. At a minimum, the demand for monies owed does not properly account for debt reduction

due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

18. The refusal to provide the documentation requested has precluded Plaintiff from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreement.

19. Following Adams' departure from JMJ, it was discovered that Adams:

    a. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;

    b. converted company assets;

    c. improperly took and used company contacts and files; and

    d. improperly used confidential information regarding company projects.

20. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

## V.
## CAUSES OF ACTION AGAINST DEFENDANTS RELIANCE MORTGAGE, ANDERSON, AND ADAMS

### Count A – Fraud

21. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

22. Plaintiff would show that the foregoing allegations constitute fraud and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.

23. Plaintiff would show the following as to Defendants' common-law fraud:

a. Defendants made a representation to Plaintiff.

b. The representation was material.

c. The representation was false.

d. When Defendants made the representation, Defendants:

    i. Knew the representation was false; or

    ii. Made the representation recklessly, as a positive assertion, and without knowledge of its truth.

e. Defendants made the representation with the intent that the Plaintiff act on it.

f. Plaintiff relied on the representation.

g. The representation caused Plaintiff injury.

24. Plaintiff would show the following as to Defendants statutory fraud:

a. There was a transaction involving real estate or stock.

b. During the transaction, the Defendants:

    i. Made a false promise of fact;

    ii. Made a false promise; or

    iii. Benefitted by not disclosing that a third-party's representation or promise was false.

c. The false representation or promise was made for the purpose of inducing plaintiff to enter into a contract.

d. Plaintiff relied on the false representation or promise by entering into the contract.

e. The reliance caused Plaintiff's injury.

25. Defendants knew the statements were false when made, and intended Plaintiff to rely

upon these representations, on which Plaintiff did detrimentally rely. Plaintiff relied upon the misrepresentations of Defendants to its detriment. Defendants knew the representations were false or such representations were made recklessly without any knowledge as to the truth and the representations were made knowing Plaintiff would rely upon them. As a result of the fraud of Defendants, Plaintiff suffered damages in excess of the minimum jurisdictional limits of this Court. Defendants' conduct constitutes fraud under common and statutory law, including Tex. Bus. & Comm. Code §27.01. Accordingly, Plaintiff also seeks exemplary damages sufficient to punish Defendants for said conduct.

**Count B – Conspiracy**

26. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.
27. Defendants all combined to accomplish the unlawful purpose of committing fraud against Plaintiff in connection with the real estate financing at issue. Defendants had a meeting of the minds regarding their fraudulent course of action. All actions taken by Defendants were taken in furtherance of the conspiracy. At least one member of the conspiracy committed an unlawful, overt act of committing fraud against Plaintiff.
28. The conspiracy has damaged Plaintiff in an amount in excess of the minimum jurisdictional limits of this Court.

**Count C – Negligent Misrepresentation**

29. Plaintiff incorporates by reference and re-alleges all preceding sections of this Petition and would show Defendants made negligent misrepresentations to Plaintiff in the course of Defendants' business and in a transaction in which Defendants' had a pecuniary interest. Plaintiff relied upon the representations of Defendants and has

suffered damages in excess of the minimum jurisdictional limits of the Court as a result of the negligent misrepresentations.

**Count D – Tortious Interference with Existing Contracts**

30. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.
31. Plaintiff would further show that the foregoing allegations constitute tortious interference with an existing contract and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.
32. Plaintiff would further show that:
    a. Plaintiff had a valid contract;
    b. Defendants willfully and intentionally interfered with the contract;
    c. The interference proximately caused Plaintiff's injury; and
    d. Plaintiff incurred actual damage and loss.

**Count E – Tortious Interference with Prospective Contracts**

33. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.
34. Plaintiff would further show that the foregoing allegations constitute tortious interference with prospective contracts and said actions have caused Plaintiff damage in an amount in excess of the minimum jurisdictional limits of this Court.
35. Plaintiff would further show:
    a. There was a reasonable probability that Plaintiff would have entered into a business relationship with a third person;
    b. Defendant intentionally interfered with the relationship;
    c. Defendant's conduct was independently tortious or unlawful;
    d. The interference proximately caused Plaintiff's injury; and

e. Plaintiff suffered actual damage and loss.

## VI.
## ADDITIONAL CAUSES OF ACTION AGAINST DEFENDANT ADAMS

### Count A – Breach of Fiduciary Duty

36. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

37. Plaintiff would show that the foregoing allegations constitute breach of fiduciary duties by Defendant Adams and such breach was the proximate cause of Plaintiff's damages in an amount in excess of the minimum jurisdictional limits of this Court.

38. Plaintiff would further show:

    a. Plaintiff and Defendant had a fiduciary relationship;

    b. Defendant breached its fiduciary duties owed to Plaintiff;

    c. Defendant's breach:

        i. Proximately caused injury to Plaintiff; and

        ii. Resulted in a benefit to Defendant.

### Count B – Conversion

39. Plaintiff incorporates by reference and re-alleges all allegations of this Petition.

40. Plaintiff would show that the foregoing allegations constitute conversion and have caused Plaintiff damages as a direct, proximate, producing cause and responsibility thereof in an amount in excess of the minimum jurisdictional limits of this Court.

41. Plaintiff would show that:

    a. Plaintiff owned, possessed, or had the right to immediate possession of the property at issue.

    b. The property was personal property.

    c. Defendant wrongfully exercised dominion or control over the property.

d. Plaintiff suffered injury.

## VII.
## DAMAGES

42. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show that Plaintiff seeks monetary relief of more than $1,000,000.00. Plaintiff also seeks non-monetary injunctive relief.

## VIII.
## PRE-JUDGMENT/POST-JUDGMENT INTEREST

43. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show that many of Plaintiff's damages may be determined by known standards of value and accepted rules of interest as damages during the period beginning on the 180th day after the date Defendants received notice of the claim or on the day suit was filed, whichever occurred first, and ending on the day preceding the date judgment is rendered, or as the Court otherwise directs, calculated at the legal rate, or as otherwise set by the Texas Finance Code, any statute, or the common law.

## IX.
## NOTICE/CONDITIONS PRECEDENT

44. All conditions precedent necessary to maintain this action have been performed or have occurred. Alternatively, Defendants have wholly waived and are estopped from asserting all rights to any condition(s) precedent.

## X.
## ALTERNATIVE PLEADING

45. Plaintiff incorporates by reference and re-alleges all allegations of this Petition and would further show the Court that all pleadings herein, if deemed inconsistent, are made and should be construed in accordance with Rule 48 of the Texas Rules of Civil

Procedure.

## XI.
## NOTICE OF INTENT

46. Plaintiff hereby gives notice of intent to utilize items produced in discovery in the trial of this matter and the authenticity of such items is self-proven per the Texas Rules of Civil Procedure 193.7.

## XII.
## JURY DEMAND

47. Plaintiff hereby demands a trial by jury.

## XIII.
## TEMPORARY AND PERMANENT INJUNCTION AGAINST DEFENDANT BUCHHOLZ

48. Plaintiff requests a Writ of Temporary Injunction pursuant to Section 65.011 of the Civil Practice and Remedies Code in order to maintain the status quo. As shown above, Reliance Mortgage, through the Trustee, is attempting to improperly foreclose on the Property at issue in this suit based on an improper demand for monies not owed by Plaintiff.

49. Plaintiff requests that it be granted a temporary injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

50. Following the granting of the temporary relief requested herein, Plaintiff requests that it be granted a permanent injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

51. Plaintiff is likely to ultimately prevail on Plaintiff's claims against Defendants.

52. Absent the injunction sought, Plaintiff will suffer injury that is imminent and irreparable.

53. There is no adequate remedy at law to otherwise grant the relief sought by Plaintiff.

54. Plaintiff is willing to post a reasonable bond but requests the same be waived as:

   a. The relief sought is not damaging to Defendant in any way;

   b. The relief sought is sought solely to ensure Plaintiff does not suffer irreparable injury; and

   c. Defendant faces no unreasonable burden in complying with the injunction sought.

55. As alleged herein, there is a clear and present danger of a loss of rights to the Property, which will cause Plaintiff immediate and irreparable injury for which there is no adequate remedy at law. Plaintiff asks this Court to issue a Temporary Injunction immediately and without bond.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested above, and that upon final trial hereof, Plaintiff recover judgment against the Defendants for the following:

   a. Judgment against Defendants for actual and exemplary damages;

   b. Costs of Court; and

   c. Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFF

DC-C202000421
CAUSE NO. ________________

| | | |
|---|---|---|
| LDG001, LLC, *Plaintiff,* | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ, *Defendants.* | § § § § § § | OF JOHNSON COUNTY, TEXAS<br>Johnson County - 249th District Court<br>_____ JUDICIAL DISTRICT |

**DECLARATION OF TIM BARTON**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1. My name is Tim Barton, I am over the age of twenty-one, of sound mind and capable of making this declaration.
2. I am authorized to make this declaration on behalf of LDG001, LLC.
3. I have read the foregoing *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* (the "Petition").
4. The facts stated in Section IV "STATEMENT OF FACTS" are all true and correct. Specifically:
    a. Plaintiff is a single-purpose entity and an affiliate of JMJ Development, LLC. Plaintiff was formed for the purpose of acquiring two tracts of land in Johnson County, Texas (the "Property").
    b. Defendant Robert Buchholz is the named trustee (the "Trustee") on a deed of trust regarding the Property and filed at Clerk's File No. 2019-18287 in the real property records of Johnson County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.
    c. Adams was formerly the debt and capital markets officer of JMJ Development, LLC ("JMJ") and Plaintiff. Through this position, Adams acquired proprietary and confidential information of both JMJ and Plaintiff.
    d. Anderson is the sole manager of Reliance Mortgage.
    e. During his time at JMJ, Adams handled numerous financings and re-financing deals between JMJ and JMJ-related entities (including Plaintiff) on the one hand and Reliance Mortgage on the other hand.
    f. Adams worked exclusively with Anderson in these transactions on behalf of JMJ and JMJ-related entities (including Plaintiff).
    g. On or about May 24, 2020, Adams left his position with JMJ and shortly thereafter took a position at Reliance Mortgage.

h. On or about July 6, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of a foreclosure sale on the Property. Plaintiff seeks injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.

i. Despite repeated requests by Plaintiff and Plaintiff's counsel, Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreement between Plaintiff and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement.

j. The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiff. At a minimum, the demand for monies owed does not properly account for debt reduction due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

k. The refusal to provide the documentation requested has precluded Plaintiff from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreement.

l. Following Adams' departure from JMJ, it was discovered that Adams:
   i. breached his fiduciary duties to Plaintiff by self-dealing and personally enriching himself with company assets and by way of company deals, including those of Plaintiff;
   ii. converted company assets;
   iii. improperly took and used company contacts and files; and
   iv. improperly used confidential information regarding company projects.
   v. Adams, Anderson and Reliance Mortgage also conspired to defraud Plaintiff by way of the financing agreement between Plaintiff and Reliance Mortgage.

My name is Tim Barton, my date of birth is August 17, 1963, and my address is 1755 Whittington Place, Suite 340, Dallas, Texas 75244, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on July 23, 2020.

Tim Barton, Declarant

Doc-18287

# EXHIBIT "A"

**TRACT 1:**

Being a 153.9273 acre tract of land situated in the B.B.B. & C.R.R. Co. Survey, Abstract No. 93, being part of that certain called 156 acre tract of land described in from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 153.9273 acre tract to be more particularly described by meets and bounds as follows:

BEGINNING at a 1/2" iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of the Jackson Smith Survey, Abstract No. 758 and being in the East line of Philip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records and also being in the East line of that certain called 94.26 Acre tact of land form Edco Farms, Inc. and Fairview Farms, Inc. to Harper Cattle, LLC and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);

THENCE North 30°31'39" West with said County Road 213, the West line of said 156 acre tract and the East line of said 94.26 acre tract a distance of 2,640.00 feet to a point for corner at the Northwest corner of said 156 acre tract, the Southwest corner of that certain called 1.074 acre tract described in deed from called 1.074 acre tract from J.W. Martin to H.C. Griffin and recorded in Volume 1583, Page 241of said Deed Records;

THENCE North 59°28'21" East with the North line of said 156 acre tract and the South line of said 1.074 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference corner in said Right-of-Way and continuing a total distance of 869.98 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the North line of said 156 acre tract, the East corner of said 1.074 acre tract and also being in the South line of G.C. & S.F. Railroad (100 foot wide Right-of-Way);

THENCE North 66°32'57" East with the South line of said Railroad a distance of 682.02 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in said South line at the beginning of a curve to the right;

THENCE in a Northeasterly direction with said curve to the right having a radius of 2595.97 feet, whose chord bears North 70°50'32" East - 388.67 feet for an arc length of 389.03 feet to 1/2" iron rod with plastic marked "SANDS" set for corner in South line of said Railroad;

THENCE North 75°08'08" East with said South line a distance of 756.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the East line of said 156 acre tract and being in the West line of that certain called 184.887 acre tract of land conveyed to Billy C. Roten by deed recorded in Volume 1248, Page 742 of said Deed Records;

A-1

EXHIBIT
A

Doc-18207

**THENCE South 30°31'39" East with the East line of said 156 acre tract and the West line of said 184.887 acre tract at a distance of 2,245.02 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the North Right-of-Way of said County Road No. 110 and continuing a total distance of 2,275.02 feet a point for corner at the Southeast corner of said 156 acre tract and being in the Southerly edge of County Road 110 (60' right-of-way);**

**THENCE South 59°28'21" West with said road and the South line of said 156 acre tract a distance of 860.80 feet a point for corner in said road and being at the Southeast corner of that certain called 1.003 acre tract of land described in deed from Patrick M. Griffin to Kaleb L. Hazard and recorded in Instrument No. 201000025372 of said Deed Records;**

**THENCE North 30°31'39" West across said 156 acre tract and with the East line of said 1.003 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the East line of said 1.003 acre tract and continuing a total distance of 226.67 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;**

**THENCE South 59°32'03" West across said 156 acre tract and the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northwest corner of said 1.003 acre tract;**

**THENCE South 30°31'39" East across said 156 acre tract and the West line of said 1.003 acre tract at a distance of 196.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for reference in the West line of said 1.003 acre tract and continuing a total distance of 226.88 a point for corner at the Southwest corner of said 1.003 acre tract and in the Southerly line of County Road 110;**

**THENCE South 59°28'21" West with said County Road 110 and the South line of said 156 acre tract a distance of 1603.10 feet back to the Point of Beginning and Containing 6,705,073 Square feet and 153.9273 acres of land of which 3.4944 acres lie within County Roads, leaving a net acreage of 150.4329 acres of land, more or less.**

**TRACT 2:**

**Being a 47.8572 acre tract of land situated in the Jackson Smith Survey, Abstract No. 758, Johnson County, Texas, being all of that certain called 47-1/2 acre tract of land described in deed from Henry C. Griffin, Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of the Deed Records of Johnson County, Texas, said 46.9803 acre tract to be more particularly described by meets and bounds as follows:**

**COMMENCING at a 1/2" iron rod found for corner at the Northwest corner of said Jackson Smith Survey, same being the Southwest corner of the B.B.B. & C.R.R. Co. Survey, Abstract No. 93 and being at the intersection of County Road No. 213 (60' right-of-way) with County Road No. 110 (60' right-of-way);**

A-2

Doc-19297

**THENCE with the North line of said Jackson Smith Survey and the South line of said B.B.B. & C.R.R. Co. Survey and with County Road No. 110 a distance of 2,656.62 feet to a point for corner in the Southerly line of said County Road 110, same being the Northwest corner of said 47-1/2 acre tract, the Northeast corner of that certain called 50 acre tract described in deed from Elzy Ray Brown to Judith Louise Brown and recorded in Volume 3119, Page 27 of said Deed Records, the Southeast corner of that certain called 156 acre tract described in deed from Henry C. Griffin Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of said Deed Records and the Southwest corner of that certain called 184.887 acre tract described in deed to Bill C. Roten and recorded in Volume 1248, Page 472 of said Deed Records and being at the POINT OF BEGINNING;**

**THENCE North 59°28'21" East with the North line of said 47-1/2 acre tract and with said County Road 110 a distance of 843.25 feet to a point for corner at the Northeast corner of said 47-1/2 acre tract, the Northwest corner of that certain called 70.74 acres tract of land described in deed from Schifano-Reagan, JV to Duane Schifano and recorded in Instrument No. 201200024756 of said Deed Records and also being in the South line of said 184.887 acre tract;**

**THENCE South 30°31'39" East with the East line of said 47-1/2 acre tract and the West line of said 70.74 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and counting at a distance of 1,721.56 feet passing a 1" iron found for corner at the Southwest corner of said 70.74 acre tract, same being the Northwest corner of that certain called 15.004 acre tract of land described in Deed from Walter Glenn Carisle to RES Land Holding and recorded in Volume 3507, Page 398 of said Deed Records and continuing at a distance of 2,088.49 feet passing a 1" iron bar found for corner at the Southwest corner of said 15.004 acre tract, same being the Northwest corner of that certain called 0.78 acre tract of land described in deed from Erica Denise Vesper to Daniel H. Vesper, Sr. and recorded in Instrument No. 201000011279 of said Deed Records and counting at a distance of 2442.17 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and continuing a total distance of 2,472.17 feet to a point for corner at the Southeast corner of said 47.5 acre tract, the Southwest corner of said 0.78 acre tract, and being in County Road 109 (60' right-of-way) and also being in the North line of Southern Acres, Phase I, an addition to Johnson County, Texas;**

**THENCE South 59°28'21" West with the South line of said 47.5 acre tract and the North line of said Southern Acres a distance of 843.25 feet to a point for corner in said County Road 109 and being in the North line of that certain called Lot 2R-1, Block 1 of Harden Estates, an addition to Johnson County, Texas, according to the Plat thereof recorded in Volume 10, Page 463 of said Deed Records, same being the Southeast corner of said above mentioned 50 acre tract;**

**THENCE North 30°31'39" West with the West line of said 47-1/2 acre tract and the West line of said 50 acre tract a distance of 30.00 feet passing to a 1/2' iron rod with plastic marked "SANDS" set for reference and counting a total distance of 2472.17 feet back to the Point of Beginning and Containing 2,084,662 Square feet or 47.8572 acres of which 1.1616 acre lie within County Road leaving a net acreage of 46.6956 acres of land, more or less.**

A-3

# McMurry Law, PLLC

Attorney and Mediation Services

June 26, 2020

*via email* markadams3@mac.com *and CMRRR*
Mark Adams
Southern Star Capital LLC dba
Reliance Mortgage Company
5220 Spring Valley Rd, Suite 602
Dallas, TX 75254

RE: Loan Documents

Mark,

Please accept this letter as a formal request to you and Southern Star Capital for all loan documents including notes, deeds of trusts, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and related documents for all current and past loans (such as Camillo Lakes) between Southern Star Capital, LLC (or any related entity or person) and any entity related to JMJ or Tim regardless of who was the borrower or who was the lender. Also, please include any transaction reports, statements, and similar documents. We are in the process of reconciling the financials and need to ensure that we have all relevant documents. Thanks.

Sincerely,

Vance McMurry

CC: Mike Anderson Mike@RMCDFW.com and Al Keller via Al@RMCDFW.com

EXHIBIT
tabbies
B

508 W. Lookout, Ste 14 - 74 • Richardson, Texas 75080 • Phone: 972-746-9656 • Fax: 888-388-0561 • vance@mcmurrylegal.com

**RANDY P. MARX**

---

| | |
|---|---|
| **From:** | Tim Barton <tbarton@jmjdevelopment.com> |
| **Sent:** | Friday, July 3, 2020 2:45 PM |
| **To:** | Mike Anderson; Mike Anderson |
| **Cc:** | RANDY P. MARX; Vance McMurry |
| **Subject:** | Loan files |

Mike

You were sent a letter from our lawyer requesting a copy of all files that are connected to the loans you made to any entity I had borrow from you.

It's a simple request as your records and our records don't match

I again ask that you send those files as we have a audit under way of all activities that a previous employer did you with.

As you can imagine it's highly concerning fact that this previous employee has now been given a lucrative agreement with you personally . Due to this highly irregular and many would consider unprofessional activity we now are forced to audit all activies and confirm to our partners no issue has occured other than honest mistakes.

I am sure you could understand the need for this information and that said information comes directly from your firm. Referring to files that this employee left or did not leave is not a answer professional parties would accept

Please confirm when you will Send them.

Regards
Tim Barton

Sent from my BlackBerry 10 smartphone.

**Beau Powell**

**From:** Van Shaw
**Sent:** Monday, July 20, 2020 5:45 PM
**To:** bob@attorneybob.com
**Cc:** TBARTON@JMJDEVELOPMENT.COM; vance@mcmurrylegal.com; randy@themarxfirm.com; David Welch; Beau Powell; Kurt Hurley; Van Shaw
**Subject:** 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure / 5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure / 7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 20, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMR 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

I am in receipt of your letters dated July 6, 2020 directed to JMR 100, LLC, BM318, LLC & LDG001, LLC referred to above. In follow-up:

1) Please send to me via email and fax (van@shawlaw.net / 214-754-7115) the "complete statement of the balance owed on the debt to the Noteholder" referred to in your July 6, 2020 letters

2) Advise of facts that support your statement that "Default has occurred under the terms of the Deed of Trust" for each loan referred to above

3) If you will not honor 1 & 2 above let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
VS.rv

Cc: Mr. Tim Barton TBARTON@JMJDEVELOPMENT.COM
Mr. Vance McMurry vance@mcmurrylegal.com
Mr. Randy P Marx randy@themarxfirm.com

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

BOARD CERTIFIED®
Texas Board of Legal Specialization

<Click and Follow us
www.shawlawoffice.com

**Beau Powell**

---

**From:** Van Shaw
**Sent:** Tuesday, July 21, 2020 2:51 PM
**To:** bob@attorneybob.com; john@attorneybob.com
**Cc:** TBARTON@JMJDEVELOPMENT.COM; Mr. Vance McMurry; Mr. Randy P Marx; David Welch; Beau Powell; Kurt Hurley; Van Shaw
**Subject:** FW: SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC
**Attachments:** Response letter to Attorney Van Shaw 7-21-2020.pdf

Mr. Robert Buchholz
ATTORNEY AT LAW
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas

July 21, 2020
FAX (214-754-9100)
= PH 214-754-7550 =
bob@attorneybob.com
john@attorneybob.com

Re: 2/12/2019 Deed of Trust / JMJ 100, LLC - July 6, 2020 Notice of Foreclosure
5/3/2019 Deed of Trust / BM318, LLC - July 6, 2020 Notice of Foreclosure
7/10/2019 Deed of Trust / LDG001, LLC - July 6, 2020 Notice of Foreclosure

Dear Counsel:

Thank you for your email letter and enclosures of today. In follow-up, please provide asap via fax and email copies of:

1) The Original Notes for each of the three (3) loans

2) The Deed of Trusts for each of the three (3) loans

3) The Original signed Loan Documents for each of the three (3) loans

4) Notice of Default & proof of delivery for each of the three (3) loans sent to my clients on behalf of the Note Holder

5) Please send to me via email and fax (van@shawlaw.net / 214-754-7115)

6) If you will not honor 1 - 5 above, let me know that in writing and all reasons why

TIME IS OF THE ESSENCE.

Yours very truly,

Van Shaw
Law Offices of Van Shaw
2723 Fairmount St.
Dallas, TX 75201
214/754-7110
214/754-7115 Fax

BOARD CERTIFIED
Texas Board of Legal Specialization

<Click and Follow us
www.shawlawoffice.com

**From:** The Law Office of Robert W. Buchholz, PC <john@attorneybob.com>
**Sent:** Tuesday, July 21, 2020 2:07 PM
**To:** Van Shaw <van@shawlaw.net>
**Subject:** SOUTHERN STAR CAPITAL, LLC - JMR 100, LLC, BM318, LLC & LDG001, LLC

Dear Mr. Shaw;

Please find attached Mr. Buchholz response to your correspondence dated July 20, 2020.

Should you have any question please let me know.

John / Paralegal
The Law Office of Robert W. Buchholz, PC
420 S. Cesar Chavez Blvd., Suite 300
Dallas, Texas 75201
(p) 214-754-5500 (f) 214-754-9100

This message is attorney privileged and confidential information and is transmitted for the exclusive information and use of the addressee. Please notify the sender by email if you are not the intended recipient. If you are not the intended recipient, you may not copy, disclose, or distribute this message or its contents to any other person as any such actions may be unlawful.

Filed: 8/17/2020 11:08 AM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC, and DJD LAND PARTNERS, LLC *Plaintiffs,* | § § § | IN THE DISTRICT COURT |
| VS. | § § § § | OF JOHNSON COUNTY, TEXAS |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ, *Defendants.* | § § § § § § | 249th JUDICIAL DISTRICT |

**PLAINTIFFS' FIRST SUPPLEMENTAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now LDG001, LLC and DJD LAND PARTNERS, LLC ("Plaintiffs") and files this *First Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I.
## SUPPLEMENTAL PLEADING

1. The pleadings and assertions set forth herein supplement and are in addition to Plaintiff's Original Petition. None of the contentions, assertions, or causes of action set forth in Plaintiff's Original Petition are withdrawn. This is to be read in addition to and in conjunction with Plaintiff's Original Petition.

## II.
## NEW PARTY

2. Plaintiff DJD Land Partners, LLC is a domestic limited liability company doing business in Johnson County.

## III.
## STATEMENT OF FACTS

3. Plaintiff DJD Land Partners, LLC is a single-purpose entity and an affiliate of JMJ Development, LLC. Plaintiff was formed for the purpose of acquiring two tracts of land in Johnson County, Texas. The two tracts of land are more fully described on Exhibit C attached hereto and referred to herein as the "Property."

4. Defendant Robert Buchholz is the named trustee (the "Trustee") on a deed of trust regarding the Property and filed at Clerk's File No. 2020-4968 in the real property records of Johnson County. Defendant Buchholz is named herein for purposes of the injunctive relief sought only.

5. On or about August 7, 2020, Reliance Mortgage, through the Trustee, improperly sent notice of a foreclosure sale on the Property.[1] Plaintiff seeks injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.

6. Despite repeated requests by Plaintiff and Plaintiff's counsel, **Reliance Mortgage and Anderson have failed and refused to provide documentation and files related to the financing agreements** between Plaintiff and Reliance Mortgage including, without limitation, loan agreements, closing statements, notices, collateral assignments, payoffs, estoppels, CD documentation, releases, and other loan-related documents, in order to allow for a proper accounting of monies owed pursuant to the financing agreement.

7. **Reliance Mortgage is improperly seeking, and the Trustee is improperly attempting to foreclose the Property based on, MONIES NOT OWED by Plaintiff and based on an incorrect accounting.** The Trustee, on behalf of Reliance Mortgage, has made improper demands for payment of monies not owed by Plaintiff. At a

[1] The Trustee also re-noticed a foreclosure sale on the Property described in Exhibit A to Plaintiffs' Original Petition.

minimum, the demand for monies owed does not properly account for debt reduction due to previous payments made. Upon information and belief, Defendants refuse to provide the documentation requested because the documentation would reflect the fact the demands made by the Trustee are improper.

8. The refusal to provide the documentation requested has precluded Plaintiffs from any opportunity to cure and pay any amount owed (if any) pursuant to the financing agreement.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested above, and that upon final trial hereof, Plaintiffs recover judgment against the Defendants for the following:

a. Judgment against Defendants for actual and exemplary damages;

b. Costs of Court; and

c. Such other and further relief to which Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 17th day of August, 2020.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Johnson County, Texas. To verify the authenticity of this copy please visit: https://johnson.tx.publicsearch.us/verifycert/9j3srxGg

Johnson County Clerk
Digitally signed by Becky Ivey Date 2020.08.03 09:01:59 -05:00



# EXHIBIT "B"

**TRACT ONE:**

940 County Road 110, Venus Texas;

Being a 1.00 acre tract of land situated in the B.B.B. & C. Railroad Company Survey, Abstract No. 93 and being all that certain called 1.003 acre tract of land described in Deed from Patrick M. Griffin to Kaleb L. Hazard and recorded by Instrument No. 201000025372 of the Deed Records of Johnson County, Texas and also being part of that certain called 156 acre tract of land described in Deed from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 1.00 acre tract to be more particularly described by meets and bounds as follows:

COMMENCING at a 1/2: iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of Jackson Smith Survey and being in the East line of Pillip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records, the East line of that certain called 94.26 Acre tract of land from Edco Farms, Inc., and Fairview Farms, Inc., to Harper Cattle, LLC, and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);

THENCE North 59° 28' 21" East with the South line of said 156 acre tract of land, the South line of said B.B.B. & C. Railroad Company Survey a distance of 1603.10 feet to a point for corner at the Southeast corner of said 1.003 tract and being at the PLACE OF BEGINNING;

THENCE North 30° 31' 39" West with the West line of said 1.003 acre tract a distance of 30.00 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.88 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;

THENCE North 59° 32' 03" East with the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract of land;

THENCE South 30° 31' 39" East with the East line of said 1.003 acre tract a distance of 196.67 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.67 feet to a point for corner in the South line of said B.B.B. & C. Railroad Company Survey, same being the Southeast corner of said 1.003 acre tract;

THENCE South 59° 28' 21" West with the South line of said 1.003 acre tract and the South line of said B.B.B. & C. Railroad Survey a distance of 192.78 feet back to the POINT OF BEGINNING and CONTAINING 1.00 acres of land of which 0.13 acres lie within County Road 110, leaving a net acreage of 0.87 acres of land, more or less.

EXHIBIT C

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Johnson County, Texas. To verify the authenticity of this copy please visit: https://johnson.tx.publicsearch.us/verifycert/9J3srxGg

Johnson County Clerk
Digitally signed by Becky Ivey Date: 2020.08.03 09:01:59 -05:00



**TRACT TWO:**

**1025 N FM 157, Venus Texas 76084**

**Being a 0.977 acre tract of land situated in the Absolam Williams Survey, Abstract No. 857, Johnson County, Texas and being all of that certain called 0.979 acre tract of land described in Deed from JLRJ, Inc. to Jason Alan Williams and recorded in Instrument No. 2013012640 of the Deed Records of Johnson County, Texas, said 0.977 acre tract to more particularly described by metes and bounds as follows:**

**THENCE South 60°23'32"West with South line of said 0.979 acre tract same being the East line of said that certain called Tract Three, 128.30 acre tract of land described in Deed from Henry C. Hill to Anastasia Energy, LLC and recorded in Volume 3969, Page 264 of said Deed Records a distance of 118.31 feet to a 1/2" iron rod cap found for corner at the Southwest corner of said 0.979 acre;**

**THENCE North 30°02' 19"West with West line of said 0.979 acre tract and the East line of said 128.30 acre tract a distance 504.00 to a Rail Road Spike found for corner in the centerline of County Road 501 at the Northwest corner of said 0.979 acre tract;**

**THENCE North 37°39'29" East with the North line of said 0.979 acre tract and the center line of said County Road 501 a distance of 16.66 feet to a Rail Road Spike found for corner at Northeast corner of said 0.979 acre tract and being in the West line of Farm to Market Road 157 and also being at the beginning of a non tangent curve to the right;**

**THENCE in a Southeasterly direction with said curve to the right having a radius of 1404.92 feet, whose chords bears South 41 °30' 19" East- 523.30 feet for an arc length of 526.37 feet back to the Point of Beginning and Containing 42,577 Square Feet or 0.977 acre of land more or less.**

Filed: 8/24/2020 9:05 AM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Brenda McGuire, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC, and DJD LAND PARTNERS, LLC<br>*Plaintiffs,*<br><br>VS.<br><br><br>SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, ROBERT W. BUCHHOLZ, and CITIZENS BANK,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br><br><br><br><br>OF JOHNSON COUNTY, TEXAS<br><br><br><br><br><br><br>249th JUDICIAL DISTRICT |

**PLAINTIFFS' SECOND SUPPLEMENTAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now LDG001, LLC and DJD LAND PARTNERS, LLC ("Plaintiffs") and files this *Second Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I.
## SUPPLEMENTAL PLEADING

1. The pleadings and assertions set forth herein supplement and are in addition to Plaintiff's Original Petition. None of the contentions, assertions, or causes of action set forth in Plaintiff's Original Petition are withdrawn. This is to be read in addition to and in conjunction with Plaintiff's Original Petition.

## II.
## NEW PARTY

2. Defendant CITIZENS BANK is a Texas State Financial Institution doing business in

Johnson County who may be served with process through its registered agent, Larry T. Long, at 301 East Main Street, Kilgore, Texas 75662.

## III.
## STATEMENT OF FACTS

3. Defendant Citizens Bank is the holder of promissory notes signed by Plaintiffs and the holder of deeds of trust regarding the property securing those Promissory Notes. The two tracts of land are more fully described on Exhibits A and C attached hereto and referred to herein as the "Property."
4. Defendant Robert Buchholz is the named trustee (the "Trustee") on the deeds of trust regarding the Property.
5. On or about August 7, 2020, the Trustee, purportedly at the request of Citizens Bank, improperly sent notice of a foreclosure sale on the Property. Plaintiffs seek injunctive relief to stop the foreclosure and also seeks damages caused by Defendants' actions.
6. **Citizens Bank and the Trustee ARE improperly attempting to foreclose the Property based on, MONIES NOT OWED by Plaintiffs and based on an incorrect accounting.** The Trustee, purportedly on behalf of Citizens Bank, has made improper demands for payment of monies not owed by Plaintiff. At a minimum, the demand for monies owed does not properly account for debt reduction due to previous payments made and certificates of deposit purchased.

## IV.
## CAUSES OF ACTION AGAINST CITIZENS BANK

### Count A - Conspiracy

7. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.
8. Defendants all combined to accomplish the unlawful purpose of committing fraud

against Plaintiffs in connection with the real estate financing at issue. Defendants had a meeting of the minds regarding their fraudulent course of action. All actions taken by Defendants were taken in furtherance of the conspiracy. At least one member of the conspiracy committed an unlawful, overt act of committing fraud against Plaintiffs.

9. The conspiracy has damaged Plaintiffs in an amount in excess of the minimum jurisdictional limits of this Court.

**Count B – Negligence**

10. Plaintiffs incorporate by reference and re-allege all allegations of this Petition and would further show that the occurrence made the basis of this lawsuit and Plaintiffs' resulting damages were proximately caused by the negligent conduct of Defendant.

11. Plaintiffs would further show the following as to Defendant's negligence:

    a. Defendant owed a legal duty to Plaintiffs;

    b. Defendant breached the duty;

    c. Defendant's breach caused Plaintiffs' injury.

12. Said negligence has proximately caused the occurrence made the basis of this action and Plaintiffs' damages in excess of the minimum jurisdictional limits of this Court.

**Count C – Negligent Misrepresentation**

13. Plaintiffs incorporate by reference and re-allege all preceding sections of this Petition and would show Defendant made negligent misrepresentations to Plaintiffs in the course of Defendant's business and in a transaction in which Defendant had a pecuniary interest. Plaintiffs relied upon the representations of Defendant and has suffered damages in excess of the minimum jurisdictional limits of the Court as a result

of the negligent misrepresentations.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested, and that upon final trial hereof, Plaintiffs recover judgment against the Defendants for the following:

a. Judgment against Defendants for actual and exemplary damages;

b. Costs of Court; and

c. Such other and further relief to which Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 24th day of August, 2020.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

Filed: 9/29/2020 11:40 AM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC, and DJD LAND PARTNERS, LLC *Plaintiffs,* | § | IN THE DISTRICT COURT |
| VS. | § | |
| | § | OF JOHNSON COUNTY, TEXAS |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, ROBERT W. BUCHHOLZ, and CITIZENS BANK, *Defendants.* | § | 249th JUDICIAL DISTRICT |

**PLAINTIFFS' THIRD SUPPLEMENTAL PETITION, JURY DEMAND AND REQUEST FOR TEMPORARY AND PERMANENT INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

Come now LDG001, LLC and DJD LAND PARTNERS, LLC ("Plaintiffs") and files this *Third Supplemental Petition, Jury Demand and Request for Temporary and Permanent Injunction* and, in support of the same, would respectfully show the Court as follows:

## I. SUPPLEMENTAL PLEADING

1. The pleadings and assertions set forth herein supplement and are in addition to Plaintiff's Original Petition. None of the contentions, assertions, or causes of action set forth in Plaintiff's Original Petition are withdrawn. This is to be read in addition to and in conjunction with Plaintiff's Original Petition.

## II. SUPPLEMENTAL STATEMENT OF FACTS

2. Mark Adams has signed documents, including (without limitation) a promissory note

with Southern Star, as "President" of Plaintiff LDG001, LLC without authority to do so. Mark Adams has never been President of LDG001, LLC and has never been authorized to sign documents as President of LDG001, LLC.

3. Southern Star improperly purchased certificates of deposit in the name of Southern Star using Plaintiffs' loan proceeds. Thereafter, Southern Star has refused, and continues to refuse, to credit Plaintiffs for the amounts of the certificates of deposit improperly purchased by Southern Star with Plaintiffs' loan proceeds and the interest earned therefrom.

4. Anderson, on behalf of Southern Star, admits that all promissory notes at issue have been assigned to Citizens Bank. Similarly, the collateral securing the notes, and the right to foreclose on this Property at issue, has been transferred to Citizens Bank. Therefore, Southern Star does not have the authority to foreclose on the Property.

5. The Trustee (Buchholz) originally purported to be foreclosing on behalf of Southern Star as the mortgagee; the Trustee has changed his tune and now purports to act on behalf of Southern Star, as servicer of the "Noteholder" (mortgagee) Citizens Bank.

6. **The Trustee's efforts to foreclose on the Property should be enjoined because:**

    a. **The deed of trust that forms the basis for the foreclosure is invalid, improper, void and/or voidable;**

    b. **Southern Star has no authority to foreclose on the Property; and**

    c. **The Trustee's foreclosure notices are legally invalid.**

7. Anderson admits that no agreement exists authorizing or allowing Southern Star to act as "servicer" for Citizens Bank. Because no agreement exists allowing Southern Star to act as servicer, Southern Star is unable to foreclose on the Property on behalf of Citizens

Bank pursuant to Section 51.0025(1) of the Texas Property Code which requires a mortgage servicer and mortgagee "enter into an agreement granting the current mortgage servicer authority to service the mortgage[.]"

8. On September 14, 2020, the Trustee sent notices of foreclosure indicating the Trustee's intention to foreclose on the Property.

9. The Trustee's September 14, 2020 Notices of Foreclosure are legally deficient and do not meet the statutory requirements of Section 51.0025(2) of the Texas Property Code which requires (among other things):

    a. The mortgage servicer's notice of foreclosure to disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee; and

    b. The mortgage servicer provide the name of the mortgagee.

10. Southern Star has treated, and continues to improperly treat, all obligations of JMJ-affiliate companies (including Plaintiffs) as one large cross-collateralized loan, which, along with the improper accounting referred to in Plaintiffs' Original Petition, has significantly impaired Plaintiffs' abilities to determine the true obligations of each entity.

## IV.
## ADDITIONAL CAUSE OF ACTION AGAINST BUCHHOLZ, SOUTHERN STAR, AND CITIZENS BANK

### Improper Foreclosure

11. Plaintiffs incorporate by reference and re-allege all allegations of this Petition.

12. As set forth in Plaintiffs' Statement of Facts, as supplemented:

    a. Defendants Southern Star and Buchholz are improperly seeking to foreclose on the Property at issue;

    b. Defendants Southern Star and Buchholz lack authority to foreclose on behalf

of Citizens Bank;

c. The September 14, 2020 foreclosure notices are legally invalid;

d. the Defendants' efforts to foreclose are improper and should be stopped.

13. Plaintiffs seek an order from the Court staying the foreclosure of the Property at issue until a determination of the claims against Defendants.

## XIII.
## TEMPORARY AND PERMANENT INJUNCTION AGAINST DEFENDANT BUCHHOLZ

14. Plaintiff requests a Writ of Temporary Injunction pursuant to Section 65.011 of the Civil Practice and Remedies Code in order to maintain the status quo. As shown in Plaintiffs' Statement of Facts, as supplemented, the Trustee is attempting to improperly foreclose on the Property at issue in this suit based on an improper notices, improper demands for monies not owed by Plaintiff, and an improper accounting of Plaintiffs' funds.

15. Plaintiff requests that it be granted a temporary injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property pending a resolution of the claims against Defendants. *See El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883 (Tex. App.—Corpus Christi 1987, no writ) ("Every piece of real estate is unique, and if foreclosure were allowed before a full determination of the usury claim, appellee would be irreparably harmed.").

16. Following the granting of the temporary relief requested herein, Plaintiff requests that it be granted a permanent injunction enjoining Defendant Buchholz from making any efforts to foreclose on, and foreclosing on, the Property.

17. Plaintiff is likely to ultimately prevail on Plaintiff's claims against Defendants.

18. Absent the injunction sought, Plaintiff will suffer injury that is imminent and irreparable. *See El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883 (Tex. App.—Corpus Christi 1987, no writ); *see also Loye v. Travelhost, Inc.*, 156 S.W.3d 615 (Tex. App.—Dallas 2004, no pet.) ("No adequate remedy at law exists if damages are incapable of calculation or if a defendant is incapable of responding damages. A plaintiff does not have an adequate remedy at law if the defendant is insolvent.").
19. There is no adequate remedy at law to otherwise grant the relief sought by Plaintiff.
20. Plaintiff is willing to post a reasonable bond but requests the same be waived as:
    a. The relief sought is not damaging to Defendant in any way;
    b. The relief sought is sought solely to ensure Plaintiff does not suffer irreparable injury; and
    c. Defendant faces no unreasonable burden in complying with the injunction sought.

As alleged herein, there is a clear and present danger of a loss of rights to the Property, which will cause Plaintiff immediate and irreparable injury for which there is no adequate remedy at law. Plaintiff asks this Court to issue a Temporary Injunction immediately and without bond.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be duly cited to appear and answer herein, the Court grant the injunctive relief requested, and that upon final trial hereof, Plaintiffs recover judgment against the Defendants for the following:

a. Judgment against Defendants for actual and exemplary damages;
b. Costs of Court; and

c. Such other and further relief to which Plaintiffs may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 29th day of September, 2020.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC, and DJD LAND PARTNERS, LLC, *Plaintiffs,* | § | IN THE DISTRICT COURT |
| VS. | § | |
| | § | OF JOHNSON COUNTY, TEXAS |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ, *Defendants.* | § | 249th JUDICIAL DISTRICT |

**DECLARATION OF TIM BARTON**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

1. My name is Tim Barton, I am over the age of twenty-one, of sound mind and capable of making this declaration.
2. I am the President of LDG001, LLC and the President of DJD Land Partners, LLC. I am authorized to make this declaration on behalf of LDG001, LLC and DJD Land Partners, LLC.
3. I have personal knowledge of the facts stated herein. My personal knowledge of the facts stated herein, and in Plaintiffs' petition as supplemented, arises from my capacity as President of LDG001, LLC and President of DJD Land Partners, LLC.
4. I have read Plaintiffs' *Original Petition, Jury Demand and Request for Temporary and Permanent Injunction* and all supplements thereto (collectively the "Petition").
5. The facts stated in the "STATEMENT OF FACTS" sections of Plaintiffs' Petition (and supplements) are all true and correct.

My name is Tim Barton, my date of birth is August 17, 1963, and my address is 1755 Whittington Place, Suite 340, Dallas, Texas 75244, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on September 24, 2020.

________________________
Tim Barton, Declarant

FILED
JOHNSON COUNTY
2020 AUG 28 AM 11:33
DAVID R. LLOYD
DISTRICT CLERK
BY

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC,<br>*Plaintiff,* | § | IN THE DISTRICT COURT |
| VS. | § | |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, and ROBERT W. BUCHHOLZ,<br>*Defendants.* | § | OF JOHNSON COUNTY, TEXAS<br><br>249th JUDICIAL DISTRICT |

**ORDER GRANTING**
**TEMPORARY RESTRAINING ORDER**

On this the 29 day of July, 2020 and the 18th day of August, 2020, the Court considered the Plaintiff's Verified Request for Temporary Injunction, constituting its application for injunctive relief filed by Plaintiff, LDG001, LLC, on the 24th day of July, 2020 and August 17, 2020 by Plaintiff DJD Land Partners, LLC (together with evidence in support thereof, the "Application") against Defendant SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY ("Reliance Mortgage"), MIKE ANDERSON ("Anderson"), MARK ADAMS ("Adams"), and ROBERT W. BUCHHOLZ (the "Trustee").

Present were at such hearing were the following:

1. Van Shaw/Beau Powell, counsel to Plaintiff, movant;
2. Robert Buchholz, counsel for Defendants Buchholz, Anderson and Southern Star;
3. Robert Wilson, counsel for Adams.

After having considered the Application and arguments of counsel, the Court **FINDS**, as follows:

1. that Plaintiff owns commercial property situated in Johnson County that is the subject hereof more fully described on Exhibits A and B (the "Property");
2. Defendant Buchholz has threatened to foreclose Deeds of Trust respecting the property, to secure a certain Promissory Note, at a foreclosure sale to occur September 1, 2020;
3. Plaintiff has pled and presented evidence that Defendants have **failed to provide proper demand for payment, or proper accounting of the amount that Defendants now seek to collect** by the attempted foreclosure of the Property;
4. Plaintiff would be injured by a foreclosure sale under circumstances such as this;
5. that such injury would deprive Plaintiff of its substantial ownership rights and interests in the Property;
6. that such injury would be irreparable as relates to unique property interests in and to the Property that is a subject hereof; in that the permanent deprivation of title to and possession of a unique piece of real estate constitutes a sufficient injury to justify an injunction;
7. that this Order should be issued at this time, as time is of the essence, in that threatened foreclosure sale is scheduled to occur September 1, 2020;
8. if the Court does not issue the Temporary Restraining Order, Plaintiff will be irreparably harmed.
9. in sum, Plaintiff has sufficiently shown a probable right of relief, and probable injury; and
10. as such, the Court finds that injunctive relief is necessary, and that the Application

should be GRANTED.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED,** as follows:

1. Trustee Buchholz is hereby **ORDERED** to refrain from, and is ENJOINED from, conducting the threatened foreclosure sale of the Property at the September 1, 2020 scheduled sale date.
2. Reliance Mortgage and Trustee are hereby **ORDERED** to refrain from, and are ENJOINED from, taking any actions to foreclosure on the Property while this Order is pending.
3. ~~(a) Plaintiff is not required to post a bond;~~ OR

   (b) The Court hereby fixes the amount of security to be given by the Applicant in the amount of $ 10,000.00 ; before the issuance hereof, the applicant shall execute and file with the clerk a bond to the adverse party, with two or more good and sufficient sureties, to be approved by the clerk, in accordance with TRCP Rule 684.
4. this Order shall expire by its term within fourteen (14) days hereof; unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period; in such instance, the reasons for the extension shall be entered of record;
5. no more than one extension may be granted unless subsequent extensions are unopposed;
6. the application for a temporary injunction shall be set down for hearing at the earliest possible date, as provided below, which shall takes precedence of all matters except older matters of the same character;
7. when the application comes on for hearing, Plaintiff, the party who obtained the temporary restraining order shall proceed with the application for a temporary injunction and, plaintiff

does not do so, the court shall dissolve the temporary restraining order;

8. If this Order was obtained without notice, then on two days' notice to Plaintiff (the party who obtained the temporary restraining order) or on such shorter notice to Plaintiff the court may prescribe, the adverse party may appear and move its dissolution or modification and in that event the Court shall proceed to hear and determine such motion (to dissolve) as expeditiously as the ends of justice require;

9. A Temporary Injunction hearing shall be held herein on the 11th day of September, 2020, at 10:00 A am or pm.

10. All other presently request relief, not expressly granted above, is hereby **denied.**

**A PERSON WHO VIOLATES THIS ORDER MAY BE PUNISHED FOR CONTEMPT OF COURT BY FINE OF AS MUCH AS $500 OR BY CONFINEMENT IN JAIL AS LONG AS SIX MONTHS, OR BOTH.**

**NO PERSON, INCLUDING A PERSON PROTECTED BY THIS ORDER, MAY GIVE PERMISSION TO ANYONE TO IGNORE OR VIOLATE ANY PROVISION OF THIS ORDER. DURING THE TIME IN WHICH THIS ORDER IS VALID, EVERY PROVISION OF THIS ORDER IS IN FULL FORCE AND EFFECT UNLESS A COURT CHANGES THE ORDER.**

IT IS SO ORDERED, this the 28th day of August, 2020 at 11:16 A.M. ~~(am) or (pm)~~.

PRESIDING JUDGE

Bao48287

# EXHIBIT "A"

**TRACT 1:**

Being a 153.9273 acre tract of land situated in the B.B.B. & C.R.R. Co. Survey, Abstract No. 93, being part of that certain called 156 acre tract of land described in from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 153.9273 acre tract to be more particularly described by meets and bounds as follows:

BEGINNING at a 1/2" iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of the Jackson Smith Survey, Abstract No. 758 and being in the East line of Philip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Plainview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records and also being in the East line of that certain called 94.26 Acre tact of land form Edco Farms, Inc. and Fairview Farms, Inc. to Harper Cattle, LLC and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);

THENCE North 30°31'39" West with said County Road 213, the West line of said 156 acre tract and the East line of said 94.26 acre tract a distance of 2,640.00 feet to a point for corner at the Northwest corner of said 156 acre tract, the Southwest corner of that certain called 1.074 acre tract described in deed from called 1.074 acre tract from J.W. Martin to H.C. Griffin and recorded in Volume 1583, Page 241of said Deed Records;

THENCE North 59°28'21" East with the North line of said 156 acre tract and the South line of said 1.074 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference corner in said Right-of-Way and continuing a total distance of 869.98 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the North line of said 156 acre tract, the East corner of said 1.074 acre tract and also being in the South line of G.C. & S.F. Railroad (100 foot wide Right-of-Way);

THENCE North 66°32'57" East with the South line of said Railroad a distance of 682.02 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in said South line at the beginning of a curve to the right;

THENCE in a Northeasterly direction with said curve to the right having a radius of 2595.97 feet, whose chord bears North 70°50'32" East - 388.67 feet for an arc length of 389.03 feet to 1/2" iron rod with plastic marked "SANDS" set for corner in South line of said Railroad;

THENCE North 75°08'08" East with said South line a distance of 756.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner in the East line of said 156 acre tract and being in the West line of that certain called 184.887 acre tract of land conveyed to Billy C. Roten by deed recorded in Volume 1248, Page 742 of said Deed Records;

A-1

EXHIBIT
A

Doc-12207

THENCE South 30°31'39" East with the East line of said 156 acre tract and the West line of said 184.887 acre tract at a distance of 2,245.02 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the North Right-of-Way of said County Road No. 110 and continuing a total distance of 2,275.02 feet a point for corner at the Southeast corner of said 156 acre tract and being in the Southerly edge of County Road 110 (60' right-of-way);

THENCE South 59°28'21" West with said road and the South line of said 156 acre tract a distance of 860.80 feet a point for corner in said road and being at the Southeast corner of that certain called 1.003 acre tract of land described in deed from Patrick M. Griffin to Kaleb L. Hazard and recorded in Instrument No. 201000025372 of said Deed Records;

THENCE North 30°31'39" West across said 156 acre tract and with the East line of said 1.003 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference in the East line of said 1.003 acre tract and continuing a total distance of 226.67 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;

THENCE South 59°32'03" West across said 156 acre tract and the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2' iron rod with plastic marked "SANDS" set for corner at the Northwest corner of said 1.003 acre tract;

THENCE South 30°31'39" East across said 156 acre tract and the West line of said 1.003 acre tract at a distance of 196.88 feet to a 1/2' iron rod with plastic marked "SANDS" set for reference in the West line of said 1.003 acre tract and continuing a total distance of 226.88 a point for corner at the Southwest corner of said 1.003 acre tract and in the Southerly line of County Road 110;

THENCE South 59°28'21" West with said County Road 110 and the South line of said 156 acre tract a distance of 1603.10 feet back to the Point of Beginning and Containing 6,705,073 Square feet and 153.9273 acres of land of which 3.4944 acres lie within County Roads, leaving a net acreage of 150.4329 acres of land, more or less.

TRACT 2:

Being a 47.8572 acre tract of land situated in the Jackson Smith Survey, Abstract No. 758, Johnson County, Texas, being all of that certain called 47-1/2 acre tract of land described in deed from Henry C. Griffin, Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of the Deed Records of Johnson County, Texas, said 46.9803 acre tract to be more particularly described by meets and bounds as follows:

COMMENCING at a 1/2" iron rod found for corner at the Northwest corner of said Jackson Smith Survey, same being the Southwest corner of the B.B.B. & C.R.R. Co. Survey, Abstract No. 93 and being at the intersection of County Road No. 213 (60' right-of-way) with County Road No. 110 (60' right-of-way);

A-2

**THENCE with the North line of said Jackson Smith Survey and the South line of said B.B.B. & C.R.R. Co. Survey and with County Road No. 110 a distance of 2,656.62 feet to a point for corner in the Southerly line of said County Road 110, same being the Northwest corner of said 47-1/2 acre tract, the Northeast corner of that certain called 50 acre tract described in deed from Elzy Ray Brown to Judith Louise Brown and recorded in Volume 3119, Page 27 of said Deed Records, the Southeast corner of that certain called 156 acre tract described in deed from Henry C. Griffin Jr. to Patrick M. Griffin and recorded in Volume 3130, Page 714 of said Deed Records and the Southwest corner of that certain called 184.887 acre tract described in deed to Bill C. Roten and recorded in Volume 1248, Page 472 of said Deed Records and being at the POINT OF BEGINNING;**

**THENCE North 59°28'21" East with the North line of said 47-1/2 acre tract and with said County Road 110 a distance of 843.25 feet to a point for corner at the Northeast corner of said 47-1/2 acre tract, the Northwest corner of that certain called 70.74 acres tract of land described in deed from Schifano-Reagan, JV to Duane Schifano and recorded in Instrument No. 201200024756 of said Deed Records and also being in the South line of said 184.887 acre tract;**

**THENCE South 30°31'39" East with the East line of said 47-1/2 acre tract and the West line of said 70.74 acre tract at a distance of 30.00 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and counting at a distance of 1,721.56 feet passing a 1" iron found for corner at the Southwest corner of said 70.74 acre tract, same being the Northwest corner of that certain called 15.004 acre tract of land described in Deed from Walter Glenn Carlsle to RES Land Holding and recorded in Volume 3507, Page 398 of said Deed Records and continuing at a distance of 2,088.49 feet passing a 1" iron bar found for corner at the Southwest corner of said 15.004 acre tract, same being the Northwest corner of that certain called 0.78 acre tract of land described in deed from Erica Denise Vesper to Daniel H. Vesper, Sr. and recorded in Instrument No. 201000011279 of said Deed Records and counting at a distance of 2442.17 feet passing a 1/2' iron rod with plastic marked "SANDS" set for reference and continuing a total distance of 2,472.17 feet to a point for corner at the Southeast corner of said 47.5 acre tract, the Southwest corner of said 0.78 acre tract, and being in County Road 109 (60' right-of-way) and also being in the North line of Southern Acres, Phase I, an addition to Johnson County, Texas;**

**THENCE South 59°28'21" West with the South line of said 47.5 acre tract and the North line of said Southern Acres a distance of 843.25 feet to a point for corner in said County Road 109 and being in the North line of that certain called Lot 2R-1, Block 1 of Harden Estates, an addition to Johnson County, Texas, according to the Plat thereof recorded in Volume 10, Page 463 of said Deed Records, same being the Southeast corner of said above mentioned 50 acre tract;**

**THENCE North 30°31'39" West with the West line of said 47-1/2 acre tract and the West line of said 50 acre tract a distance of 30.00 feet passing to a 1/2' iron rod with plastic marked "SANDS" set for reference and counting a total distance of 2472.17 feet back to the Point of Beginnig and Containing 2,084,662 Square feet or 47.8572 acres of which 1.1616 acre lie within County Road leaving a net acreage of 46.6956 acres of land, more or less.**

A-3

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Johnson County, Texas. To verify the authenticity of this copy please visit: https://johnson.tx.publicsearch.us/verifycert/9j3enxGg

Johnson County Clerk
Digitally signed by Becky Ivey
Date: 2020.03.03 09:01:59 -05:00



# EXHIBIT "B"

TRACT ONE:

940 County Road 110, Venus Texas;

Being a 1.00 acre tract of land situated in the B.B.B. & C. Railroad Company Survey, Abstract No. 93 and being all that certain called 1.003 acre tract of land described in Deed from Patrick M. Griffin to Kaleb L. Hazard said recorded by Instrument No. 201000025372 of the Deed Records of Johnson County, Texas and also being part of that certain called 156 acre tract of land described in Deed from Henry C. Griffin, JR to Patrick M. Griffin and recorded in Volume 3130, Page 714, of the Deed Records of Johnson County, Texas, said 1.00 acre tract to be more particularly described by metes and bounds as follows:

COMMENCING at a 1/2: iron rod found for corner at Southwest corner of the B.B.B. & C. Railroad Company Survey, the Northwest corner of Jackson Smith Survey and being in the East line of Pillip P. Barnes Survey, same being the Southwest corner of said 156 acre tract, the Northwest corner of Lot 2 of Fininview Acres, Phase 3, to the Johnson County, Texas and recorded in Volume 8, Page 248 of said Deed Records, the East line of that certain called 94.26 Acre tract of land from Edco Farms, Inc., and Fairview Farms, Inc., to Harper Cattle, LLC, and recorded in Volume 2304, Page 895 and also being at the intersection of County Road 213 (60' right-of-way) and County Road 110 (60' right-of-way);

THENCE North 89° 28' 21" East with the South line of said 156 acre tract of land, the South line of said B.B.B. & C. Railroad Company Survey a distance of 1603.10 feet to a point for corner at the Southeast corner of said 1.003 tract and being at the PLACE OF BEGINNING;

THENCE North 30° 31' 39" West with the West line of said 1.003 acre tract a distance of 30.03 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.88 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract;

THENCE North 89° 32' 03" East with the North line of said 1.003 acre tract a distance of 192.78 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for corner at the Northeast corner of said 1.003 acre tract of land;

THENCE South 30° 31' 39" East with the East line of said 1.003 acre tract a distance of 196.67 feet to a 1/2" iron rod with plastic cap marked "SANDS" set for reference and continuing a total distance of 226.67 feet to a point for corner in the South line of said B.B.B. & C. Railroad Company Survey, same being the Southeast corner of said 1.003 acre tract;

THENCE South 89° 28' 21" West with the South line of said 1.003 acre tract and the South line of said B.B.B. & C. Railroad Survey a distance of 192.78 feet back to the POINT OF BEGINNING and CONTAINING 1.00 acres of land of which 0.13 acres lie within County Road 110, leaving a net acreage of 0.87 acres of land, more or less.

EXHIBIT

tabbles'

B

I do hereby certify that this is a true and correct copy of the original record now on file in the Official Public Records of Johnson County, Texas.
To verify the authenticity of this copy please visit:
https://johnson.tx.publicsearch.us/verifycert/3j3snXGg

Johnson County Clerk
Digitally signed by Becky Ivey
Date 2020.03.03 09:01:59 -05:00



TRACT TWO:

1025 N FM 157, Venus Texas 76084

Being a 0.977 acre tract of land situated in the Absolom Williams Survey, Abstract No. 857, Johnson County, Texas and being all of that certain called 0.979 acre tract of land described in Deed from JLRJ, Inc. to Jason Alan Williams and recorded in Instrument No. 2013012640 of the Deed Records of Johnson County, Texas, said 0.977 acre tract to more particularly described by metes and bounds as follows:

THENCE South 60°23'32"West with South line of said 0.979 acre tract same being the East line of said that certain called Tract Three, 128.30 acre tract of land described in Deed from Henry C. Hill to Anastasia Energy, LLC and recorded in Volume 3969, Page 264 of said Deed Records a distance of 118.31 feet to a 1/2" iron rod cap found for corner at the Southwest corner of said 0.979 acre;

THENCE North 30°02' 19"West with West line of said 0.979 acre tract and the East line of said 128.30 acre tract a distance 304.00 to a Rail Road Spike found for corner in the centerline of County Road 501 at the Northwest corner of said 0.979 acre tract;

THENCE North 37°39'29" East with the North line of said 0.979 acre tract and the center line of said County Road 501 a distance of 16.66 feet to a Rail Road Spike found for corner at Northeast corner of said 0.979 acre tract and being in the West line of Farm to Market Road 157 and also being at the beginning of a non tangent curve to the right;

THENCE in a Southeasterly direction with said curve to the right having a radius of 1404.92 feet, whose chords bears South 41 °30' 19" East- 323.30 feet for an arc length of 326.37 feet back to the Point of Beginning and Containing 42,577 Square Feet or 0.977 acre of land more or less.

6

Guinn Justice Center
204 S. Buffalo Avenue, Ste. 208
Cleburne, Texas 76033

Board Certified - Criminal Law
Texas Board of Legal Specialization

THE STATE OF TEXAS

**Wayne Bridewell**
**DISTRICT JUDGE**
249th Judicial District of Texas
Johnson and Somervell Counties

Local Administrative
District Judge
of Somervell County

Office: 817/556-6825
Fax: 817/556-6849

FILED
JOHNSON COUNTY
2020 OCT -1 PM 4:33
DAVID R. LLOYD
DISTRICT CLERK
BY

October 1, 2020

Hon. Beau Powell via email beau@shawlaw.net

Hon. Robert Buchholz via email bob@attorneybob.com

Hon. Robert Wilson via email rwilson429@aol.com

RE: Cause No. DC-C202000421; LDG001, LLC and DJD Land Partners v. Southern Star Capital LLC d/b/a Reliance Mortgage Company, Mike Anderson, Mark Adams, Robert W. Buchholz, and Citizens Bank

Please find enclosed a file marked copy of the docket sheet entry that the Court made on October 1, 2020 in the above referenced matter.

Very truly yours,

Wayne Bridewell
249th District Judge
DWB/grh

# CIVIL DOCKET

**DC – C202000421**
**Filed: 07/24/2020**

| Contract – Other | 249th District Court |
|---|---|
| LDG001, LLC vs. Southern Star Capital, LLC d/b/a Reliance Mortgage Company, Mike Anderson, Mark Adams and Robert W. Buchholz | |
| Plaintiff: LDG001, LLC | Lead Attorney: SHAW, EVAN LANE |
| Defendant: Southern Star Capital, LLC d/b; Anderson, Mike; Adams, Mark; Buchholz, Robert W. | Lead Attorney: |

100700010603391

## NOTES

## DOCKET ENTRIES

| MONTH | DAY | YEAR | DOCKET ENTRIES |
|---|---|---|---|
| 7 | 29 | 2020 | Zoom Hrg - Atty Beau Powell present for Plt's. Atty Robert Buchholz present w/ Def's. Both attys make opening statements. Witnesses sworn. Tim Barton testified. Plt's Exh#4,5,6,7,8,9-Adm. Hrg recessed till Friday morning 7/31/2020 @ 9:00am. WB/Sheffield |
| 8 | 18 | 2020 | Zoom Hrg - Atty's Beau Powell & Van Shaw Present For Plt's. Atty Robert Wilson Present w/Mark Adams. Atty Robert Buchholz Present w/Def's. Court Grants & Signs Order to Withdraw & Substitute Counsel. Witnesses sworn. Tim Barton Testified. Plt's Exh#1-15 & 16-21-Adm; Def's Exh# 1-3, 5-11, 13-19 & 21-35-Adm. Recessed For Lunch until 1:25pm. All present @ 2:11pm. Plt's Exh#22-Adm. Mike Anderson testified. Time ended. Case to be reset @ 4:50pm. WB/Howe |

| MONTH | DAY | YEAR | DOCKET ENTRIES |
|---|---|---|---|
| 9 | 30 | 2020 | Zoom Hrg - Atty Beau Powell present for Plt's. Atty Robert Buchholz present for Def's. Atty Robert Wilson present for Mark Adams. Witnesses previously sworn. Plt's Exh #23-27 - Adm. Mike Anderson testified. Def's Exh #37-51 offered; Plt's object to 49-51; Exh #37-48 - Adm. Def's Exh #50 offered; Plt's object - recessed to locate official from Citizen's Bank - unable to locate - continue w/ testimony of Mike Anderson. Plt's rest. Def's Adams rest. Mark Adams sworn & testified. Def's Exh #49 offered; Plt's object; Exh #49 - Adm. Def's Exh #51 - Adm. Jim Morgan w/ Citizens Bank sworn & testified. Def's Exh #50 - Adm. Continue testimony of Mark Adams. All parties make closing statements. Court will review file & exh's & make ruling by 5:00pm 10/2/2020. Hrg adjourned @ 12:42pm. WB/Howe |
| 10 | 1 | 2020 | The Court denys Plaintiff's Request for Temporary Injunction. [signature], Judge Presiding |

FILED
JOHNSON COUNTY
2020 OCT -1 PM 4:33
DAVID R. LLOYD
DISTRICT CLERK
BY [signature]

Filed: 10/2/2020 8:29 AM
David R. Lloyd, District Clerk
Johnson County, Texas
By: April Pectol, Deputy

CAUSE NO. DC-C202000421

| | | |
|---|---|---|
| LDG001, LLC, and DJD LAND PARTNERS, LLC *Plaintiffs,* | § | IN THE DISTRICT COURT |
| VS. | § | OF JOHNSON COUNTY, TEXAS |
| SOUTHERN STAR CAPITAL, LLC d/b/a RELIANCE MORTGAGE COMPANY, MIKE ANDERSON, MARK ADAMS, ROBERT W. BUCHHOLZ, and CITIZENS BANK, *Defendants.* | § | 249th JUDICIAL DISTRICT |

**PLAINTIFFS' NOTICE OF ACCELERATED APPEAL**

Come now LDG001, LLC and DJD LAND PARTNERS, LLC ("Plaintiffs") and file this *Notice of Accelerated Appeal*, to wit:

Pursuant to Rules 25.1 and 28.1 of the Texas Rules of Civil Procedure, and Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code, Plaintiffs state their intention to appeal this Court's file-marked docket entry denying Plaintiffs' application for injunctive relief filed on October 1, 2020. *Skidmore v. Glenn*, 781 S.W.2d 672, 674 (Tex. App.—Dallas 1989, no writ) (docket sheet entry filed with the clerk as the court's judgment and called to parties' attention constitutes a judgment or decree of the court).

This is an accelerated appeal pursuant to Rule 28.1 of the Texas Rules of Appellate Procedure. Plaintiffs appeal to the Tenth District Court of Appeals, Waco, Texas.

Respectfully submitted,

*/s/ Van Shaw*

EVAN LANE (VAN) SHAW
State Bar No. 18140500
DAVID J. WELCH
State Bar No. 24098593
JEREMY B. (BEAU) POWELL
State Bar No. 24099163
KURT L. HURLEY
State Bar No. 24097858
LAW OFFICES OF VAN SHAW
2723 Fairmount
Dallas, Texas 75201
(214) 754-7110
FAX NO. (214) 754-7115
van@shawlaw.net
david@shawlaw.net
beau@shawlaw.net
kurt@shawlaw.net

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause in accordance with the Rules of Civil Procedure, on this 2nd day of October, 2020.

*/s/ Van Shaw*
EVAN LANE (VAN) SHAW

# COURT OF APPEALS

**TENTH DISTRICT OF TEXAS**

---

October 5, 2020

No. 10-20-00258-CV

IN RE LDG001, LLC AND DJD LAND PARTNERS, LLC

Original Proceeding

---

From the 249th District Court
Johnson County, Texas
Trial Court No. DC-C202000421

---

## JUDGMENT

---

The Petition for Writ of Injunction filed by LDG001, LLC and DJD Land Partners, LLC has been considered by the Court. The Court has determined the Petition for Writ of Injunction should be and hereby is denied.

It is further ordered that Southern Star Capital, LLC d/b/a Reliance Mortgage, Co. is awarded judgment against LDG001, LLC and DJD Land Partners, LLC, jointly and severally, for Southern Star Capital, LLC d/b/a Reliance Mortgage, Co.'s costs that were paid, if any, by Southern Star Capital, LLC d/b/a Reliance Mortgage, Co.; and all unpaid appellate court cost, if any, is taxed against LDG001, LLC and DJD Land Partners, LLC, jointly and severally.

COURT OF APPEALS
STATE OF TEXAS

**Nita Whitener, Clerk**

**By:** ______________________________
Lanette Sullins, Deputy Clerk

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-20-00258-CV**

**IN RE LDG001, LLC AND DJD LAND PARTNERS, LLC**

---

**Original Proceeding**

**From the 249th District Court**
**Johnson County, Texas**
**Trial Court No. DC-C202000421**

---

## MEMORANDUM OPINION

---

Relators' Petition for Writ of Injunction, filed on October 2, 2020, is denied; and Relators' Emergency Motion for Stay is dismissed as moot.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Neill
Petition denied
Motion dismissed as moot
Opinion delivered and filed October 5, 2020
[OT06]

FILE COPY

# TENTH COURT OF APPEALS

**Chief Justice**
*Tom Gray*

**Justices**
*Rex D. Davis*
*John E. Neill*

McLennan County Courthouse
501 Washington Avenue, Rm. 415
Waco, Texas 76701-1373
Phone: (254) 757-5200 Fax: (254) 757-2822

**Clerk**
*Nita Whitener*

October 5, 2020

Robert W. Buchholz
The Law Office of Robert W. Buchholz, P.C.
420 S Cesar Chavez Blvd Ste 300
Dallas, TX 75201-5817
* DELIVERED VIA E-MAIL *

Hon. D. Wayne Bridewell
249th District Court
204 S. Buffalo St., Suite 208
Cleburne, TX 76033
* DELIVERED VIA E-MAIL *

Robert Doyle Wilson
Law Offices of Robt D. Wilson, P.C.
2701 Dallas Pkwy Ste 150
Plano, TX 75093-8772
* DELIVERED VIA E-MAIL *

Evan Lane Shaw
Law Offices of Van Shaw
2723 Fairmount St
Dallas, TX 75201-1912
* DELIVERED VIA E-MAIL *

**RE:** Court of Appeals Number: 10-20-00258-CV
Trial Court Case Number: DC-C202000421

**STYLE:** In re LDG001, LLC and DJD Land Partners, LLC

The Court this day issued an opinion, judgment and bill of cost in the above referenced cause. TEX. R. APP. P. 48.

Sincerely,

Nita Whitener, Clerk

By: Lanette Sullins, Deputy Clerk

CC: Jeremy Powell (DELIVERED VIA E-MAIL)
David Welch (DELIVERED VIA E-MAIL)
Kurt Hurley (DELIVERED VIA E-MAIL)