Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

**DEBTOR'S SUPPLEMENT TO RESPONSE TO HNGH TURTLE CREEK, LLC'S MOTION TO DISMISS DEBTOR'S BANKRUPTCY CASE OR, IN THE ALTERNATIVE, FOR RELIEF FROM THE AUTOMATIC STAY**

Comes now 2999TC Acquisitions, LLC, debtor herein ("Debtor") and files this its Supplement to Response to the Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay filed by HNGH Turtle Creek, LLC, and would show the Court as follows:

## I. PROCEDURAL HISTORY

1. This case was filed as a single-asset real estate ("SARE") case by voluntary petition on October 29, 2021.

2. HNGH Turtle Creek, LLC ("HNGH") filed a Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay (Doc. No. 9, the "Motion") on November 4, 2021, six days after the petition was filed.

3. The Debtor filed its Response to the Motion on November 26, 2021 (Doc. No. 34, the "Response").

4. HNGH filed a Reply to the Response on December 1, 2021 (Doc. No. 38, the "Reply").

5. The Debtor hereby files this Supplemental Response to address the new arguments raised by HNGH in the Reply.

## II. ARGUMENT

6. **Application of Section 362(d)(3).** In its Response the Debtor argued that 11 U.S.C. Section 362(d)(3) largely replaces the bad-faith standards for dismissal of a SARE case by putting in place a compromise mechanism to give such debtors a brief opportunity to file and confirm a reasonable plan of reorganization, even though some of the bad faith elements of the Fifth Circuit's *Little Creek* decision[1] may be present. In the Reply, HNGH cites *In re Sterling Bluff Investors, LLC*[2] as a SARE case which the court dismissed for bad faith despite its consideration of Section 362(d)(3) (See Reply at p. 2, 3). But HNGH's reliance on *Sterling Bluff* is misguided. In that case the court expressly *did not* consider 362(d)(3) because it was procedurally prohibited from doing so. The court stated:

> Now that the Court has determined that § 362(d)(3) applies in this case, the Debtor must take one of two alternative actions to remain entitled to the automatic stay with respect to its real estate: the Debtor must either file a plan that has a reasonable possibility of being confirmed within a reasonable time or start making monthly payments. Although the Debtor has filed a plan of reorganization, the Court entertains serious doubts about whether that plan has a reasonable possibility of being confirmed within a reasonable time as required by § 362(d)(3)(A). However, to make that determination now would be premature because the relevant time of inquiry is "30 days after the court determines that the debtor is subject to [the SARE case requirements]." 11 U.S.C. § 362(d)(3).

In other words, the *Sterling Bluff* court did not and could not determine the effect Section 362(d)(3) might have on a SARE case where some *Little Creek*-type elements may exist. As

[1] In re Little Creek Development Co., 779 F.2d 1068, 1072 (5th Cir. 1986).
[2] 515 B.R. 902 (Bankr. S.D. Ga. 2014).

discussed by the court in *In re RYYZ, LLC*, 490 B.R. 29 (Bankr. E.D.N.Y. 2013), Section 362(d)(3) was enacted as a compromise to give debtors a brief window to confirm a plan despite the presence of some of the *Little Creek* elements:

> Section 362(d)(3) provides a window of opportunity for debtors. Section 362(d)(3)'s specific, albeit nonexclusive, criteria for stay relief ought to counsel against knee-jerk motions at the outset of the case that merely parrot the elements of "bad faith," or other grounds for relief, just because the case involves single asset real estate. Its parameters often dictate how a case proceeds, allowing debtors to focus their efforts on formulating and filing a meaningful plan and/or negotiating a compromise. Thus, Section 362(d)(3) protects secured creditors by "'ensur[ing] that the automatic stay provision is not abused,'" and helps debtors by affording them an "'opportunity to create a workable plan of reorganization.'" *LDN*, 191 B.R. at 326 (quoting S. Rep. No. 103-168, 1st Sess. (1993)).

7. In this case, the 90-day time limit under Section 362(d)(3) to file a plan or start interest payments to HNGH does not end until January 27, 2022. At the hearing on the Motion the Debtor will present concrete evidence of significant equity in the Debtor's real property and the presence of a new lender that is strongly considering making a loan to pay off HNGH and refinance the secured debt. These factors among others demonstrate that the Debtor is capable of proposing a plan of reorganization that has "a reasonable possibility of being confirmed within a reasonable time" as required under Section 362(d)(3).

8. **Evidence of good faith.** Debtor showed ample evidence of its good faith in dealing with HNGH prior to filing this case. For example, the Debtor paid approximately $338,000.00 in property taxes pursuant to a pre-petition forbearance agreement with HNGH and paid $2,170,000.00 in debt service to HNGH in multiple payments during 2021, as shown in the chart below (it should be noted that this chart also demonstrates that HNGH accepted multiple payments at varying times and dates in relation to the due dates and times, thus waiving any arguments that payments were late or not pursuant to strict contractual deadlines).

| Payment Date | Amount | Description | Submitted (E.S.T.) | Approved (E.S.T.) | Modified (E.S.T.) | Due Date | Amount Due |
|---|---|---|---|---|---|---|---|
| 1/5/2021 | $100,000.00 | Delay Payment / Interest | 10:51 AM | 10:54 AM | 12:01 PM | 1/5/2021 | $100,000.00 |
| 2/2/2021 | $100,000.00 | Delay Payment / Interest | 10:03 AM | 10:07 AM | 10:20 AM | 2/2/2021 | $100,000.00 |
| 3/1/2021 | $100,000.00 | Mo. Interest | 4:31 PM | NA | 4:42 PM | 3/1/2021 | $100,000.00 |
| 3/18/2021 | $35,000.00 | Legal Fees | 3/16 @ 3:27AM | 3/18 @ 4:24 PM | 3/18 @ 4:40 PM | 3/5/2021 | $35,000.00 |
| 4/12/2021 | $50,000.00 | Mo. Interest | 4:45 PM | 4:46 PM | 5:00 PM | 4/1/2021 | $100,000.00 |
| 4/14/2021 | $50,000.00 | Mo. Interest | 1:12 PM | 1:35 PM | 1:50 PM | | |
| 5/10/2021 | $50,000.00 | Mo. Interest | 1:20 PM | 1:21 PM | 1:31 PM | 5/1/2021 | $100,000.00 |
| 5/10/2021 | $50,000.00 | Mo. Interest | 2:59 PM | 3:06 PM | 3:20 PM | | |
| 5/31/2021 | $337,827.55 | Taxes | NA | NA | NA | 5/31/2021 | $337,827.55 |
| 6/1/2021 | $50,000.00 | Mo. Interest | 3:29 PM | 3:58 PM | 4:10 PM | 6/1/2021 | $100,000.00 |
| 6/4/2021 | $50,000.00 | Mo. Interest | 3:52 PM | 4:07 PM | 4:20 PM | | |
| 7/1/2021 | $100,000.00 | Mo. Interest | 12:45 PM | 12:52 PM | 1:11 PM | 7/1/2021 | $100,000.00 |
| 7/30/2021 | $744,422.00 | Remaining Interest Reserve | NA | NA | NA | 7/31/2021 | $744,422.00 |
| 7/30/2021 | $784,074.00 | Extension Deposit | NA | NA | NA | 7/31/2021 | $784,074.00 |

9. **Prior dismissals and contractual releases.** In its Response HGNH complains that the Debtor's filing of adversary proceeding number 21-03085 (the "Adversary Proceeding") against HNGH and others violates pre-petition dismissals with prejudice and contractual releases. The Debtor disagrees and contends that the filing of the Adversary Proceeding does not constitute a breach of those agreements. However, even if it did, a debtor's breach of a pre-petition agreement is not evidence of bad faith under *Little Creek* or Section 1112(b). If it were, virtually every debtor would be found to be in bad faith. If HNGH is correct (which it is not), its remedy is clear – it may plead a prior release agreement as an affirmative defense or grounds for dismissal of the Adversary Proceeding.

10. **HGNH's failure to show noteholder status.** In its Response the Debtor questioned whether HNGH is actually the holder of the promissory note on which its alleged claim is based (Response, para. 7). The Debtor has good reason to do so - HNGH did not attach any document to the Motion establishing its status as the noteholder, did not state the date of any alleged assignment from the original lender, has not filed a proof of claim, and most interestingly, does not allege that it is the noteholder in the Motion or any other pleading it has filed herein. Instead, HGNH argues in the Reply that the Debtor conceded HNGH's status as the noteholder in a pre-petition forbearance agreement (Reply, page 7). Of course, that does not make it so. No matter what the Debtor may or may not have said about the ownership of the note, HNGH must still prove to the Court that it is a creditor in this case before it has standing to seek dismissal or stay relief.

11. **Unsecured creditors.** HNGH questions whether the Debtor has more than a "smattering of unsecured professional fee creditors" (Reply, page 8), presumably as a bad-faith element under *Little Creek*. In fact, the Debtor has scheduled $2,011,791.79 in general unsecured claims, most of which are non-professional fees (although HNGH does not explain why professional fees should have a lower status than other claims). These claimants are, in fact, a primary reason for the filing of this case. If this case is dismissed or the stay is lifted unsecured claimants presumably will recover nothing.

12. **Administrative expenses.** HNGH argues that the Debtor is administratively insolvent, based on its allegation that the estate does not have funds sufficient to maintain the real property, pay taxes or pay its bankruptcy counsel. But maintenance of the real property is currently very minimal as it is undeveloped raw land and property taxes have been paid in full. As for the Debtor's professional fees, undersigned counsel is confident the Debtor will have adequate funds

to pay its fees, whether through a sale of the property, refinance of the debt, or, with the Court's permission, from another non-debtor source.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to enter an order denying the Motion and granting such further relief as may be just.

Dated: December 7, 2021.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: 972-503-4033
Facsimile: 972-503-4034
Email: joyce@joycelindauer.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2021, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

John J. Kane on behalf of Creditor HNGH Turtle Creek, LLC
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer on behalf of Debtor 2999TC Acquisitions, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Joyce W. Lindauer on behalf of Plaintiff 2999TC Acquisitions, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger on behalf of Interested Party JMJ Development LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Interested Party Tim Barton
smetzger@pmklaw.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

/s/ *Joyce W. Lindauer*
Joyce W. Lindauer