# PREPAID INTEREST AGREEMENT

This **AGREEMENT** (this "**Agreement**") made as of September 20, 2019, by and between **2999 TURTLE CREEK LLC**, a Delaware limited liability company having offices at 520 Madison Avenue, Suite 3501, New York, NY 10022 (together with its successors and assigns, the "**Lender**"), and **MO 2999TC, LLC**, a Delaware limited liability company, having an address of 13901 Midway Road, Suite 102-243, Dallas, Texas 75244 (the "**Borrower**").

**W I T N E S S E T H:**

WHEREAS, Borrower is the owner of certain premises commonly known as 2999 Turtle Creek, Dallas, Texas 75219, and as more fully described in the Mortgage, as such term is hereinafter defined (the "**Premises**"); and

WHEREAS, the Lender has made a loan (the "**Loan**") to the Borrower in the original principal amount of $32,500,000.00 (the "**Loan Amount**") which Loan is evidenced by a Secured Promissory Note (the "**Note**") and secured by a Deed of Trust, Security Agreement and Fixture Filing (the "**Mortgage**"), as well as by the other Loan documents executed and delivered to Lender in connection with the Loan, as the same may be modified from time to time (collectively, including the Note and the Mortgage, the "**Mortgage Loan Documents**");

WHEREAS, from the Loan Amount, the sum of $1,343,333.33 ("**Prepaid Interest**") has been advanced to the Borrower and then subsequently remitted to the Lender for the pre-payment of certain monthly interest payments due under the Loan.

NOW, THEREFORE, in consideration of and as an inducement to Lender to enter into the Loan, the Borrower does hereby deliver and set over unto Lender the Prepaid Interest.

1. The Loan. The Lender has funded the Loan to the Borrower as of the date hereof. Of the Loan proceeds, the sum of $1,343,333.33 has been advanced to the Borrower and then remitted back to the Lender as pre-paid interest, which amounts shall be applied to the Monthly Payments (as defined in the Note) due in accordance with the Note. The parties acknowledge and agree that the Prepaid Interest is due and owing to the Lender and is in the sole control of the Lender, and Borrower has no interest or rights to the same. Commencing with the first (1st) Monthly Payment (as defined under the Note) to become due under the terms of the Note, the Prepaid Interest shall be applied to said payments on the date such payments are due thereafter under the terms of the Note. After the Prepaid Interest is exhausted, Borrower shall be responsible to make all Monthly Payments that become due thereafter from its own funds in accordance with the terms and conditions of the Loan Documents.

In the event Borrower shall seek to exercise its rights under the Note to extend the term of the Loan pursuant to the terms contained therein, as a further condition of exercising such extension(s), Borrower shall fund additional Prepaid Interest in an amount equal to Lender's calculation of the interest to accrue during each such extension term, as applicable, based upon current interest rates and otherwise in accordance with the terms of the Loan Documents, which amounts shall thereafter be considered "*Prepaid Interest*" pursuant to the terms herein.

EXHIBIT
tabbies
F

2. Counterparts. This Agreement may be executed in any number of counterparts, and each such counterpart shall for all purposes be deemed to be an original, and all such counterparts together constitute but one and the same agreement. Capitalized terms used herein and not defined have the meanings assigned in the Mortgage.

3. Governing Law. THIS AGREEMENT IS, AND SHALL BE DEEMED TO BE, A CONTRACT ENTERED INTO UNDER AND PURSUANT TO THE LAWS OF THE STATE OF NEW YORK AND SHALL IN ALL RESPECTS BE GOVERNED, CONSTRUED, APPLIED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT REGARD TO THE PRINCIPLES OF CONFLICTS OF LAW OF SUCH STATE. NO DEFENSE GIVEN OR ALLOWED BY THE LAWS OF ANY OTHER STATE OR COUNTRY SHALL BE INTERPOSED IN ANY ACTION OR PROCEEDING HEREON UNLESS SUCH DEFENSE IS ALSO GIVEN OR ALLOWED BY THE LAWS OF THE STATE OF NEW YORK.

4. Consent to Jurisdiction. FOR ANY CLAIM, ACTION, OR DISPUTE ARISING UNDER, OR TO INTERPRET OR APPLY, THIS AGREEMENT, OR TO RESOLVE ANY DISPUTE ARISING UNDER THIS AGREEMENT OR THE RELATIONSHIP BETWEEN THE PARTIES, BORROWER IRREVOCABLY SUBMITS TO THE NONEXCLUSIVE JURISDICTION OF THE COURTS OF THE STATE OF NEW YORK AND THE UNITED STATES DISTRICT COURT LOCATED IN THE BOROUGH OF MANHATTAN IN NEW YORK CITY, NEW YORK, AND APPELLATE COURTS FROM ANY OF SUCH COURTS. BORROWER IRREVOCABLY WAIVES ANY OBJECTION THAT IT MAY HAVE AT ANY TIME TO VENUE OF ANY SUCH SUIT, ACTION, OR PROCEEDING BROUGHT IN ANY SUCH COURT, INCLUDING ANY CLAIM THAT ANY SUCH SUIT, ACTION, OR PROCEEDING SO BROUGHT HAS BEEN BROUGHT IN AN INCONVENIENT FORUM. NOTHING IN THIS AGREEMENT SHALL BE DEEMED TO PRECLUDE LENDER FROM BRINGING ANY SUIT, ACTION, OR PROCEEDING RELATING TO THIS AGREEMENT OR THE DEBT (AS SUCH TERM IS DEFINED IN THE NOTE) IN ANY OTHER JURISDICTION WHERE LENDER COULD OTHERWISE PROPERLY BRING SUCH SUIT, ACTION, OR PROCEEDING. BORROWER FURTHER CONSENTS AND AGREES TO SERVICE OF ANY SUMMONS, COMPLAINT OR OTHER LEGAL PROCESS IN ANY SUCH SUIT, ACTION OR PROCEEDING BY REGISTERED OR CERTIFIED U.S. MAIL, POSTAGE PREPAID, TO BORROWER AT THE ADDRESS SET FORTH ON PAGE 1 HEREOF, AND CONSENTS AND AGREES THAT SUCH SERVICE SHALL CONSTITUTE IN EVERY RESPECT VALID AND EFFECTIVE SERVICE (BUT NOTHING HEREIN SHALL AFFECT THE VALIDITY OR EFFECTIVENESS OF PROCESS SERVED IN ANY OTHER MANNER PERMITTED BY LAW).

5. Miscellaneous.

(i) Borrower further agrees to execute such other instruments as Lender may reasonably deem necessary or desirable to effectuate the purposes of this Agreement.

(ii) All of the agreements, obligations, undertakings, representations and warranties herein made by the parties hereto shall be binding upon and shall inure to the benefit of Borrower and Lender, and their respective successors and assigns.

(iii) In the event that any one or more of the provisions herein shall be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not in any way be affected or impaired thereby.

THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK,

SIGNATURE PAGE TO FOLLOW.

IN WITNESS WHEREOF, Lender and Borrower have caused this Agreement to be delivered the day and year first above written.

LENDER:

**2999 TURTLE CREEK LLC,**
a Delaware limited liability company

By: ______________________
Name: Joshua Zegen
Title: Authorized Signatory

BORROWER:

**MO 2999TC MZ, LLC,**
a Delaware limited liability company

By: ______________________
Name: Timothy Lynch Barton
Title: Authorized Signatory

IN WITNESS WHEREOF, Lender and Borrower have caused this Agreement to be delivered the day and year first above written.

LENDER:

**2999 TURTLE CREEK LLC,**
a Delaware limited liability company

By: __________________________
Name:
Title:

BORROWER:

**MO 2999TC MZ, LLC,**
a Delaware limited liability company

By: __________________________
Name: Timothy Lynch Barton
Title: Authorized Signatory