Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>2999TC ACQUISITIONS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-31954-hdh |

# DEBTOR'S PLAN OF REORGANIZATION

## TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW 2999TC Acquisitions, LLC, debtor herein ("Debtor"), and files this its Plan of Reorganization (the "Plan"). The Debtor owns approximately 2.47 acres of land located at 2999 Turtle Creek Blvd. in the City of Dallas, Texas (the "Property"). The existing structures on such Property will be removed as part of a Plan of development. The Debtor intends to develop all or part of the Property into a luxury hotel and residences and/or sell all or part of the Property to fund the Plan. The sources and uses of funds are described in more detail in the Disclosure Statement accompanying this Plan. Periodic financial reports will be filed with the Court, as required by the Bankruptcy Code, covering the profitability, projections of cash receipts and disbursements for a reasonable period. These reports shall be available on the Court's PACER site using the Debtor's name and/or case number as referenced above or can be also obtained from Debtor's counsel by written request.

# TABLE OF CONTENTS

ARTICLE I - DEFINITIONS AND USE OF TERMS .......... 3

ARTICLE II - CONCEPT OF THE PLAN .......... 6

ARTICLE III - GENERAL TERMS AND CONDITIONS .......... 6

ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS .......... 7

ARTICLE V- PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS .......... 8

ARTICLE VI - MEANS FOR IMPLEMENTATION OF PLAN .......... 10

ARTICLE VII - TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES .......... 11

ARTICLE VIII - ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS .......... 11

ARTICLE IX - EFFECT OF CONFIRMATION .......... 12

ARTICLE X - MISCELLANEOUS PROVISIONS .......... 13

ARTICLE XI - MODIFICATION OF THE PLAN .......... 14

ARTICLE XII - RETENTION OF JURISDICTION .......... 15

"**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

"**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

"**Claimant**" or "**Creditor**" means the holder of a Claim or interest in Assets.

"**Class**" means any class into which Claims are classified pursuant to the Plan. Each subclass of a class shall be treated as a separate class.

**"Collateral"** means the real or personal property securing a Secured Claim.

"**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

"**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

"**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtors will seek Confirmation of this Plan.

"**Confirmation Order**" means the Order confirming this Plan.

"**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtor**" means 2999TC Acquisitions, LLC, the Debtor herein. Where the context so requires, "Debtor" shall also include the Reorganized Debtor.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

"**Estate**" means the bankruptcy estate of the Debtor in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Interest**" means any equity or ownership interest in the Debtor.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means October 29, 2021, the date on which the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code.

"**Plan**" means this *Plan of Reorganization*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

"**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

"**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4).

"**Priority Unsecured Claim**" means an Unsecured Claim entitled to priority under Bankruptcy Code § 507(a), except Priority Tax Claims and Priority Wage Claims.

"**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

**"Reorganized Debtor"** means the Debtor as it exists after Confirmation of the Plan.

"**Schedules and Statements**" means the Debtor's bankruptcy schedules A/B, D-H and the Statement of Financial Affairs.

"**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and a general Unsecured Claim for the remainder, pursuant to Bankruptcy Code § 506(d).

"**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE II
## CONCEPT OF THE PLAN

**2.01** The Plan is a plan of reorganization. The Debtor shall continue its business after the Confirmation Date. The Debtor owns approximately 2.47 acres of undeveloped land located at 2999 Turtle Creek Blvd. located in the city of Dallas, Texas. (the "Property"). The Debtor intends to develop all or part of the Property into a luxury hotel and residences and/or sell all or part of the Property to fund the Plan. There is a current dispute over actions take by the secured lender on October 29, 2021 that conveyed the Debtor's Property to the secured lender. This transfer has been challenged by the Debtor through a motion and an adversary complaint. The Debtor contends that its property was wrongfully conveyed by a Deed in Lieu of Foreclosure Sale by HNGH.

On or about the Effective Date the Debtor will obtain an interim loan in the amount of $1,500,000.00 for the purpose of paying property taxes, funding the Debtor's operating expenses as it seeks to develop the Property, and funding Plan payments to Secured and Unsecured creditors pursuant to the Plan. The interim loan will be repaid in full upon Sale or Re-finance, and all Other Creditors will be paid in full within two years from the Effective Date. Such interim loan which will be sought by separate motion and approval of the Court is proposed to be a priority/administrative claim in this case. The terms of the interim funding are set forth in Exhibit "A" attached hereto and incorporated herein as if set forth in full.

**2.02 The Plan will pay all Allowed Claimants 100% of their Claims, with interest.**

## ARTICLE III
## GENERAL TERMS AND CONDITIONS

**3.01** **Treatment of Claims**. This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a). However,

only Allowed Claims will receive payments under the Plan. The Plan is designed to ensure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to Chapter 7 of the Bankruptcy Code.

**3.02 Time for Filing Claims**. The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

Each Person asserting an Administrative Expense that is a Fee Claim incurred before the Effective Date shall be required to file with the Bankruptcy Court and serve on the Debtor's counsel and the U. S. Trustee, a Fee Application within sixty (60) days after the Effective Date.

A person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

Liabilities incurred from the Petition Date through the Effective Date in the ordinary course of business shall be paid in the ordinary course of business by the Debtor.

**3.03 Modification to the Plan**. In accordance with Bankruptcy Rule 3019, to the extent applicable, this Plan may be modified or amended upon application of the Debtor, or corrected prior to the Confirmation Date, provided that notice and an opportunity for hearing have been given to any affected party. The Plan may be modified at any time after Confirmation and before the Effective Date, provided that the Plan, as modified, meets the requirements of sections 1122 and 1123 of the Bankruptcy Code and the Bankruptcy Court, after notice and a hearing, confirms the Plan, as modified, under section 1129 of the Bankruptcy Code, the circumstances warrant such modification and Debtor consents thereto in writing.

## ARTICLE IV
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Debtor designates the following Classes of Claims and Interests pursuant to Bankruptcy Code Section 1123.

| CLASSIFICATION OF CLAIMS |
|---|
| Class 1: Allowed Secured Claims of Dallas County |
| Class 2: Allowed Secured Claims of HNGH Turtle Creek, LLC |
| Class 3: General Unsecured Claims |
| Class 4: Nitya Capital Loan |
| Class 5: Insider Claims |
| Class 6: Equity Interests |

## ARTICLE V
## PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS

***A. NON-CLASSIFIED CLAIMS.*** The following Claims are not classified, pursuant to Bankruptcy Code Section 1123:

**Treatment of Administrative Claims**. Each holder of an Administrative Claim other than Professional Fee Administrative Claims shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which the Debtor and such holder shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto. On or before the Effective Date, the Debtor or Reorganized Debtor shall pay or have paid in full all Allowed Administrative Claims. All Allowed Administrative Claims shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion. Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law.

**Treatment of Professional Fee Administrative Claims.** All persons who are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on the later of the Effective Date or the date on which the order allowing such Claim becomes a Final Order, or upon such other terms as may be mutually agreed upon between such holder of an Allowed Professional Fee Claim and the Reorganized Debtor.

**Treatment of Priority Tax Claims.** Priority Tax Claims shall be paid in full in equal monthly installments of principal and interest. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter through sixty (60) months from the Petition Date. Interest will accrue at an interest rate of 12% per annum from the Petition Date. The Debtor believes that no such claims exist.

**Title 28 U.S.C. Section 1930 Fees.** The Reorganized Debtor shall pay all post-Confirmation fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Reorganized Debtor is otherwise released from such obligations by the Court.

***B. CLASSIFIED CLAIMS.*** The following Claims are classified pursuant to Bankruptcy Code

Section 1123, and are treated as follows:

**Class 1: Allowed Secured Claims of Dallas County**

Class 2 shall consist of the Allowed Secured Claims of Dallas County. Class 2 Claims are current for 2020 RE Taxes and 2021 will be paid on or before their due date of January 31, 2022.

If the Reorganized Debtor fails to make any payment as set out above, that failure shall be an event of default. If the Reorganized Debtor fails to cure an event of default within ten (10) days after receipt of written notice of default from this Claimant, then the Claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies the Claimant may have under applicable state law; and/or (c) seek such relief as may be appropriate in the Court.

This Claimant shall retain any valid liens it had as of the Petition Date. This Class is Unimpaired by the Plan and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 2: Allowed Secured Claims of HNGH Turtle Creek, LLC ("HNGH")**

The Class 2 Allowed Secured Claims of HGNH shall be paid in full. This Claim shall bear interest at the rate of eight percent (8%) per annum, accruing as of the Petition Date. Monthly installments of interest-only shall commence on the first day of the first month following the Effective Date and continue on the first day of each succeeding month until a final lump sum payment of the full remaining balance is made on the sooner to occur, the last day of the 12th month following the Effective Date at the latest, or a Sale or Re-finance of the Property which the Debtor expects to occur in the next 3-6 months. If by the end of the 12 month period the HNGH loan has not been paid off the Debtor will permit HNGH to take title to the Property in satisfaction of its debt. The Court will determine the amount of the Allowed Secured Claim.

To the extent the HGNH's Allowed Claim is partially unsecured, the Claim shall be bifurcated into a Class 2 Secured Claim in the amount of the value of the HGNH's Collateral (as agreed by the parties or determined by the Court) and a Class 3 Unsecured Claim for the remainder, pursuant to 11 U.S.C. Sec. 506(d).

This Claimant shall retain any valid liens it had as of the Petition Date. Claimant shall receive Adequate Protection Payments of $100,000 per month starting 12/30 to offset against accrued interest, and continuing until the 30st day of the month following the Effective Date of the Plan. This Class is Impaired by the Plan and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 3; Allowed General Unsecured Claims**

Class 3 shall consist of Allowed Unsecured Claims, other than the Claims of Insiders. Class 3 Claims shall be paid in full in 12 equal monthly installments of principal and interest, commencing on the first (1st) day of the first calendar month following the Payment in Full of Class 1, and 2 Claims and continuing on the first day of each month thereafter until paid in full. Interest shall begin to accrue on the Effective Date at the rate of 2% per annum.

This Class is Impaired and any holder of a Claim in this class is entitled to vote to accept or reject the Plan.

**Class 4; Allowed Nitya Capital Claim**

Class 4 shall consist of Allowed Nitya Capital Claim. Class 4 Claim shall be paid once Allowed in full in 12 equal monthly installments of principal and interest, commencing on the first (1st) day of the first calendar month following the Payment in Full of Class 1, 2 and 3 Claims and continuing on the first day of each month thereafter until paid in full. Interest shall begin to accrue on the Effective Date at the rate of 2% per annum. The Debtor may have claims against this Creditor for its failing to fund its financial obligations. This may make this claim disputed. This Creditor also has a convertible to equity agreement that makes it different than the other unsecured creditors in this case.

This Class is Impaired and any holder of a Claim in this class is entitled to vote to accept or reject the Plan.

**Class 5: Allowed Insider Claims**

Class 5 shall consist of the Allowed Claims of Insiders of the Debtor. Class 5 Claims shall be paid in full without interest, but only after all other Claimants in the Case have been paid in full as set out above. Class 5 Claimants are Impaired and are entitled to vote to accept or reject the Plan, but their claims will not be counted for or against Confirmation.

**Class 6 - Equity Interests**

All Equity Interests in the Debtor shall be retained.

## ARTICLE VI
## MEANS FOR IMPLEMENTATION OF PLAN

**6.01 Implementation of Plan.** The Plan is a plan of reorganization. The Debtor owns approximately 2.47 acres of undeveloped land located at 2999 Turtle Creek Blvd. located in the City of Dallas, Texas (the "Property"). The Debtor intends to develop all or part of the Property into a luxury hotel; however, the Debtor also reserves the right to sell all or part of the Property if needed to fund payments under the Plan.

On or about the Effective Date the Debtor will obtain an interim loan in the approximate

amount of $1,500,000 for the purpose of paying property taxes, funding the Debtor's operating expenses as it seeks to develop the Property, and funding Plan payments to Secured and Unsecured creditors pursuant to the Plan. The interim loan will be repaid in full within one year from the Effective Date, as will all other creditors of the Debtor. Such interim loan which will be sought by separate motion and approval of the Court is proposed to be a priority/administrative claim in this case.

Upon the Effective Date, all property of the Debtor and its Estate shall vest in the Reorganized Debtor, subject to the Allowed Secured Claims described in this Plan.

## ARTICLE VII
## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**7.01 Rejection of Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases not assumed by the Debtor as of the Confirmation Date shall be deemed as rejected by this Plan.

**7.02 Reservation of Rights**. The Debtor shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, prior to the Confirmation Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**7.03 Bar Date for Claims Based on Rejection**. If the rejection of an executory contract or an unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Plan Proponent or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the Reorganized Debtor, by the earlier of (a) the end of the month following the period in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; *provided, however*, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission that such rejection gives rise to or results in a Claim or shall be deemed a waiver of any objections to such Claim if asserted.

## ARTICLE VIII
## ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS

**8.01 The Debtor's Causes of Action**. Except as otherwise released pursuant to the Plan, all Claims recoverable under Section 550 of the Bankruptcy Code, all Claims against third parties on account of an indebtedness, and all other Claims of any kind or character whatsoever owed to or in favor of the Debtor or Reorganized Debtor or the Estate to the extent not specifically compromised and released pursuant to this Plan or any agreement referred to and incorporated herein, are hereby preserved and retained for enforcement by the Reorganized Debtor for the benefit of the Creditors subsequent to the Effective Date. This Plan shall not estop the Debtor or

Reorganized Debtor from asserting any claim or cause of action whether disclosed or not.

**8.02** **Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of Pre-Petition Date Claims at any time prior to sixty (60) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor or Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is Disputed in whole or in part because the Debtor or Reorganized Debtor asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim. In addition, any party authorized by the Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

## ARTICLE IX
## EFFECT OF CONFIRMATION

**9.01** **Discharge and Release of Debtor**. Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan does discharge the Debtor.

**9.02** **Legal Binding Effect**. The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**9.03** **Discharge**. Confirmation of the Plan shall result in the inability to commence or continue any judicial, administrative, or other action or proceeding on account of any Pre-Petition Date Claims against the Debtor or Reorganized Debtor.

Except as provided in the Plan, from and after the Confirmation Date, all holders of Claims against the Debtor are restrained and enjoined by the Confirmation of the Plan: (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor or Reorganized Debtor, or its property; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtor or Reorganized Debtor on account of such Claims; (c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtor or Reorganized Debtor on account of such Claims; (d) from asserting any setoff, right of

subrogation, or recoupment of any kind against any obligation due the Debtor or Reorganized Debtor on account of such Claims; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan on account of such Claims; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce its rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan. Creditors shall not pursue claims against non-debtor third parties at the same time as their claims are being paid through the Plan.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

**10.01** **Request for Relief Under Bankruptcy Code Section 1129**. In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Plan Proponent reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**10.02** **Revocation**. The Plan Proponent reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**10.03** **Effect of Withdrawal or Revocation**. If the Plan Proponent revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**10.04** **Due Authorization by Creditors**. Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**10.05** **Entire Agreement**. This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**10.06** **Section 1146 Exemption.** Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**10.07 Provisions Governing Distributions.** All payments and distributions under the Plan shall be made by the Reorganized Debtor as indicated. Any payments or distributions to be made by the Plan Proponent pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Reorganized Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Reorganized Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed). All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all unclaimed property shall remain the property of the Reorganized Debtor and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Reorganized Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Plan Proponent by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Reorganized Debtor.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**10.08 Governing Law.** Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**10.09 Default**. Unless otherwise stated in this Plan, if the Reorganized Debtor fails to satisfy any of the obligations under this Plan and such default is not cured within 30 business days of the date of transmission of notice of the default to the Reorganized Debtor, then the defaulted party may pursue all its remedies outside of the Bankruptcy Court, including, but not limited to, foreclosure on its lien(s) on property. For purposes of this provision, notice shall be provided to the Reorganized Debtor, c/o Joyce Lindauer, Esq. via facsimile at (972) 503-4034 and email at joyce@joycelindauer.com.

## ARTICLE XI
## MODIFICATION OF THE PLAN

**11.01** The Debtor may propose amendments to or modifications of this Plan at any time prior to Confirmation, upon notice to all parties-in-interest. After Confirmation, the Reorganized Debtor may, with approval of the Court and so long as it does not materially or adversely affect the interest of creditors, modify to remedy any defect or omission or reconcile any inconsistencies in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of this Plan.

## ARTICLE XII
## RETENTION OF JURISDICTION

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**12.01** **Allowance of Claims**. To hear and determine the allowability of all Claims upon objections to such Claims.

**12.02** **Executory Contracts and Unexpired Leases Proceedings**. To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to Section 365 and 1123 of the Code and Article VII of the Plan.

**12.03** **Plan Interpretation**. To resolve controversies and disputes regarding the interpretation of the Plan.

**12.04** **Plan Implementation**. To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**12.05** **Plan Modification**. To modify the Plan pursuant to Section 1127 of the Code and applicable Bankruptcy Rules.

**12.06** **Adjudication of Controversies**. To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the Debtor.

**12.07** **Injunctive Relief**. To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**12.08** **Interpleader Action**. To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**12.09** **Correct Minor Defects**. To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**12.10 Authorization of Fees and Expenses**. To review and authorize payment of professional fees incurred prior to the Effective Date.

**12.11 Post-Confirmation Orders Regarding Confirmation**. To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**12.12 Final Decree**. To enter a final decree closing the Case pursuant to Bankruptcy Rule 3022.

Respectfully Submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
Texas State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
joyce@joycelindauer.com

**ATTORNEYS FOR THE DEBTOR**

*/s/Timothy Barton*

President of the Debtor as
Proponent of the Plan

**Funding Letter**

**December 8, 2021**

**Jett Lending ("Lender")**

**and**

**2999TC AQUISITIONS, LLC**

Subject to the following terms and conditions and those more fully set forth in approved loan documents, please find my Funding Letter to provide $1,500,000 for your Plan of Reorganization.

Subject to approval of a Plan of Reorganization or court approved financing granting Lender a priority or administrative claim in the bankruptcy case of 2999TC Acquisitions, LLC I will provide financing of $1,500,000.00 to be repaid over 12 months at the annual interest rate of 6%. No payments are due until the end of 12 months.

My proof of funds is attached.

Executed By:

Garrett Johnson

President

tabbies EXHIBIT
"A"