John J. Kane (TX Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

---

## HNGH TURTLE CREEK, LLC'S OBJECTION TO DEBTOR'S MOTION TO DISMISS

---

HNGH Turtle Creek, LLC ("**HN**") files this *Objection* (the "**Objection**") to the Debtor's *Motion to Voluntarily Dismiss Debtor's Chapter 11 Bankruptcy Case* (the "**Motion to Dismiss**") [Dkt. No. 71] which seeks to voluntarily dismiss the Debtor's bankruptcy case should the Debtor decide, at some point in the future, that doing so would "resolve this case and the claims of its creditors." In support of its Objection, HN states as follows:

## SUMMARY

1. As this Court is all too aware, the Debtor and HN are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**") [Doc. 64] which resolved make-or-break contested matters pending before this Court. The Agreed Order creates a binary outcome for the Debtor.

Default or otherwise fail to pay the Payoff Amount[1] by the Payoff Deadline—March 15, 2022—and the stay lifts, HN takes ownership of the Property, and the Adversary Proceeding is resolved in its entirety. Alternatively, if the Debtor satisfies the Payoff Amount by the Payoff Deadline, the Debtor takes ownership of the Property and the Adversary Proceeding is resolved in its entirety.

2. The Debtor and HN negotiated and agreed to the terms of the Agreed Order on the eve of trial and after considerable litigation and discovery. The Agreed Order includes material consideration provided by both parties. The Court should deny the Motion to Dismiss if the Debtor seeks dismissal of this case before the Payoff Deadline and the effectuation of all relief provided in the Agreed Order, regardless of whether the Debtor timely satisfies the Payoff Amount. If not, HN and other creditors will suffer "plain legal prejudice" as a result of the dismissal.

## ARGUMENTS AND AUTHORITIES

### A. DISMISSAL IS INAPPROPRIATE UNDER THE CIRCUMSTANCES

3. A voluntary chapter 11 debtor is typically entitled to the dismissal of its bankruptcy case upon a showing of cause. *See* 11 U.S.C. § 1112(b)(1). Even upon a showing of cause, however, a court must consider whether conversion to chapter 7 is more beneficial to the interests of creditors than dismissal. *Id.* When weighing whether dismissal is in the best interests of creditors and the debtor's estate, courts may "use their equitable authority and consider the factors of each case to reach an appropriate result." *In re Turboff*, 120 B.R. 849, 850 (Bankr. S.D. Tex. 1990). A court's decision whether to dismiss a case is therefore discretionary. *Id.* accord *Matter of Atlas Supply Corp.*, 857 F.2d 1061 (5th Cir. 1988). Dismissal is inappropriate where creditors may suffer plain legal prejudice. *Id.*

4. Here, the Debtor has not presented any evidence of cause for dismissal under section 1112(b)(1). The Debtor notes only that "Debtor is working on various options to resolve this case and the claims of its creditors…" and that "[o]ne such option would include dismissal of the case."

[1] All capitalized terms not defined herein shall have the definition ascribed to them in the Agreed Order.

MOTION TO DISMISS, ¶¶ 2-3. The Debtor has not identified any grounds for dismissal under section 1112(b)(4) or otherwise. It has not, therefore, satisfied its burden of proof to obtain the relief request. Moreover, dismissal will clearly cause HN plain legal prejudice. As this Court is aware, HN sought the dismissal of this case as a bad faith filing in November, 2021. The Debtor contested dismissal and HN's request for relief from the automatic stay. The Debtor even filed an adversary proceeding against HN and others. After lengthy and contentious negotiations, the Debtor and HN agreed to the terms of the Agreed Order, resolving substantially all disputes between HN and the Debtor, including the Adversary Proceeding. Dismissal before the effectuation of all material terms of the Agreed Order would deprive HN of the benefit of its bargain with the Debtor, as approved by this Court. Given that "plain legal prejudice," dismissal at this time is wholly inappropriate.

5. Almost immediately after the Debtor filed its Motion to Dismiss, counsel for HN contacted counsel for the Debtor to ask why the Debtor sought dismissal. Debtor's counsel attested that the Debtor may seek dismissal *after* it timely satisfies the Payoff Amount in the Agreed Order depending on the Debtor's available paths to recovery at that time. Debtor's counsel made abundantly clear that the Debtor *would not seek to dismiss the case before the effectuation of the terms and conditions of the Agreed Order*. This Court should hold the Debtor to its word. Given the circumstances of this case, the pleadings of record, the previous trial setting, and the Agreed Order entered into by the parties and approved by this Court, dismissal is not currently in the best interests of the Debtor's creditors, including its overwhelming-majority creditor HN. Moreover, conversion is not necessary at this time. The Court should therefore deny the Motion to Dismiss for a lack of cause and because dismissal would cause plain legal prejudice to HN.

**WHEREFORE**, HN requests that the Court enter an order denying the Debtor's Motion to Dismiss and granting HN such other relief to which the Court deems HN entitled.

DATED: February 22, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*

John J. Kane (TX Bar No. 24066794)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2022, a true and correct copy of the foregoing document was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding, and (ii) via e-mail on the parties listed below.

Joyce W. Lindauer
JOYCE W. LINDAUER ATTORNEY, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
E-mail: joyce@joycelindauer.com

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
E-mail: ustpregion06.da.ecf@usdoj.gov

*/s/ John J. Kane*
John J. Kane