CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 18, 2022**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**ORDER CONFIRMING DEBTOR'S THIRD**
**AMENDED PLAN OF REORGANIZATION**

CAME ON FOR CONSIDERATION BY THE COURT the *Debtor's Third Amended Plan of Reorganization* [Docket No. 108] ("Plan"), filed by 2999TC Acquisitions, LLC ("Debtor"), the Debtor in the above-styled and numbered case, and the Court having considered the evidence presented and the arguments of counsel and for the reasons set forth on the record confirms the Plan. It is accordingly,

ORDERED, ADJUDGED AND DECREED that the Plan complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

a. Section 1129(a)(1). The Plan complies with the applicable provisions of Title 11.

b. Section 1129(a)(2). The proponent of the Plan has complied with the applicable provisions of Title 11.

c. Section 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law.

d. Section 1129(a)(4). Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. Section 1129(a)(5). The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtors, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f. Section 1129(a)(6). This provision is not applicable.

g. Section 1129(a)(7). With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtors were liquidated under Chapter 7 of Title 11 on such date.

h. Section 1129(a)(8). The impaired class of unsecured creditors has voted for the Plan.

i. Section 1129(a)(9). The Plan provisions include the following:

1. Holders of Allowed Administrative Claims will be paid in full.

2. Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

j. Section 1129(a)(10). At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

k. Section 1129(a)(11). The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor. The Plan does contemplate that the Debtor's property and rights in property will be conveyed following confirmation to a new entity that will obtain the required financing to payoff HNGH. Either such new financing or the Debtor's existing ownership will payoff any remaining creditors in the case as called for by the Plan, including Allowed Unsecured Claims, Allowed Administrative Claims and fees of the United States Trustee.

l. Section 1129(a)(12). All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

m. Section 1129(a)(13). This subsection does not apply to the Debtor.

n. Section 1129(a)(14). This subsection does not apply to the Debtor.

o. Section 1129(a)(15) . This subsection does not apply to the Debtor since no unsecured creditors objected to confirmation of the Plan.

p. Section 1129(a)(16). This subsection does not apply to the Debtor.

ORDERED, ADJUDGED AND DECREED that the Plan is hereby confirmed; and it is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is closed.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Attorneys for Debtor

United States Bankruptcy Court
Northern District of Texas

In re: Case No. 21-31954-hdh
2999TC Acquisitions, LLC Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 0539-3 User: admin Page 1 of 2
Date Rcvd: May 18, 2022 Form ID: pdf024 Total Noticed: 2

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2022:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | 2999TC Acquisitions, LLC, 13901 Midway Rd., Suite 102, Dallas, TX 75244-4388 |
| aty | + | Joyce Lindauer, Joyce Lindauer Attorney, PLLC, 1412 Main Street, Ste. 500, Dallas, TX 75202-4042 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2022 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| John J. Kane | on behalf of Creditor HNGH Turtle Creek LLC jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com |
| Joyce W. Lindauer | on behalf of Debtor 2999TC Acquisitions LLC joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com |
| Joyce W. Lindauer | on behalf of Plaintiff 2999TC Acquisitions LLC joyce@joycelindauer.com, dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com |
| Katherine T. Hopkins | on behalf of Interested Party LAH III Family Specific Interest Ltd. katherine.thomas@kellyhart.com |
| Katherine T. Hopkins | on behalf of Interested Party Blackfoot Interest Ltd. katherine.thomas@kellyhart.com |

| | |
|---|---|
| Katherine T. Hopkins | on behalf of Defendant L. Allen Hodges III katherine.thomas@kellyhart.com |
| Katherine T. Hopkins | on behalf of Interested Party L. Allen Hodges III Individually katherine.thomas@kellyhart.com |
| Katherine T. Hopkins | on behalf of Interested Party L. Allen Hodges III as Independent Executor of the Estate of Leland A. Hodges Jr. katherine.thomas@kellyhart.com |
| Katherine T. Hopkins | on behalf of Interested Party Tejas Group Ltd. katherine.thomas@kellyhart.com |
| Kyle Woodard | on behalf of Creditor HNGH Turtle Creek LLC kwoodard@krcl.com, KWoodard@ecf.courtdrive.com |
| Russell Hale Neilson | on behalf of Defendant HNGH Turtle Creek LLC hneilson@parkinslee.com, hneilson@ecf.courtdrive.com |
| Sherrel K. Knighton | on behalf of Creditor Dallas County Sherrel.Knighton@lgbs.com Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com |
| Steven C. Metzger | on behalf of Interested Party Tim Barton smetzger@pmklaw.com |
| Steven C. Metzger | on behalf of Interested Party JMJ Development LLC smetzger@pmklaw.com |
| United States Trustee | ustpregion06.da.ecf@usdoj.gov |

TOTAL: 15