IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS (DALLAS)

| | |
|---|---|
| IN RE: | Case No. 21-31954 |
| 2999TC ACQUISITIONS, LLC, | Earle Cabell Federal Building<br>1100 Commerce Street<br>Dallas, Texas 75242 |
| Debtor. | Friday, March 11, 2022<br>9:11 A.M. |

TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE

**BEFORE HONORABLE HARLIN DEWAYNE HALE**
**UNITED STATES BANKRUPTCY COURT CHIEF JUDGE**

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | Joyce Lindauer Attorney, PLLC<br>BY: JOYCE LINDAUER, ESQ.<br>1412 Main Street, Suite 500<br>Dallas, Texas 75202 |
| For HNGH Turtle Creek, LLC: | Kane Russell Coleman Logan, PC<br>BY: JOHN KANE, ESQ.<br>901 Main Street, Suite 5200<br>Dallas, Texas 75202 |
| For Tim Barton: | Metzger Law PLLC<br>BY: STEVEN C. METZGER, ESQ.<br>3626 North Hall Street, Suite 800<br>Dallas, Texas 75219 |
| For L. Allen Hodges, III: | Kelly Hart & Hallman<br>BY: KATHERINE T. HOPKINS, ESQ.<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102 |

Proceedings recorded by electronic sound recording, transcript produced by a transcription service.

---

**LIBERTY TRANSCRIPTS**
**7306 Danwood Drive**
**Austin, Texas 78759**
**E-mail: DBPATEL1180@GMAIL.COM**
**(847) 848-4907**

(Proceedings commenced at 9:11 a.m.)

THE COURT: 2999TC Acquisitions.

MS. LINDAUER: Your Honor, Joyce Lindauer on behalf of 2999TC Acquisitions, LLC, the debtor.

THE COURT: Welcome.

MS. LINDAUER: Thank you, Your Honor.

MR. KANE: John Kane on behalf of HNGH Turtle Creek.

THE COURT: Welcome to you.

MR. METZGER: Your Honor, Steve Metzger on behalf of Tim Barton.

THE COURT: Welcome to you.

MS. HOPKINS: Good morning, Your Honor. Katherine Hopkins on behalf of L. Allen Hodges, III.

THE COURT: Welcome to you.

Anyone else wish to make an appearance?

(No audible response)

THE COURT: I think Mr. Kane requested this, but either -- or whoever wants to start with the status conference would be fine.

MR. KANE: I'll go ahead and proceed, Your Honor. This is John Kane on behalf of HNGH Turtle Creek who is the senior secured lender in this case, a party to the agreed order that this Court entered on December 10th resolving a series of contested matters and that established a means of resolving on March 15th outstanding adversary proceedings, as well.

March 15th is obviously just around the corner. It's two business days away from today on Tuesday. And there is a very significant payoff obligation by the debtor on that date. The debtor requested an extension. We engaged in negotiations for a fairly extended period of time in an effort to try and come to some kind of resolution on what to do on March 15th because the debtor is at this stage not likely to be able to pay off the payoff obligation.

This morning shortly before this status conference, we were able to reach a resolution subject to appropriate documentation by which the debtor will have 75 additional days -- actually, I believe it's 76 so through May 30th -- to pay off what will be a revised payoff amount.

Your Honor, there is one little kind of tricky issue that we'd like a little bit of guidance on, and I think it works. The agreed order from December 10th currently has a provision that states that if there was to be a payoff in full on the payoff deadline -- so it's defined as a payoff event on the payoff deadline -- then the note will be reinstated, a rescission deed will be filed, and the adversary proceeding seeking to avoid the pre-petition filing of the deed in lieu would be granted in a manner that would, in essence, have a thorough court order avoiding the transfer to make that clean.

We don't really believe that that is necessary if the parties have an agreement in place, as they do under the agreed

order, to file a rescission deed which would voluntarily unwind that transaction. What the parties would like to do as part of their agreement is dismiss the adversary proceeding with prejudice now with the agreement that the rescission deed would be filed if the debtor is prepared to perform on the revised payoff deadline.

So we wanted to just ensure that you have no objection to that mechanism. And if you don't, Your Honor, then what we would propose to do is finalize the terms of a proposed stipulation and a modifying order which would partially amend this Court's December 10th ruling setting forth what the new obligations would be, and then issuing an agreed order that would dismiss the adversary proceeding with prejudice and detail the kind of consideration exchanged in the rulings that had been agreed to by the parties to get this resolved.

If we can get all that done, then what happens is the debtor gets to keep its head above water for an additional 75 days in an effort to raise money, develop the deals with the parties it is currently engaging with, and seeing if it can actually close the transaction by that May 30th deadline.

So would Your Honor have any objection to that type of transaction given the agreement of the parties?

THE COURT: As you've heard me say dozens of times over the years, I generally let the inmates run the asylum

until it gets completely out of control. That does not seem to be completely out of control. It seems actually pretty consistent with what y'all were trying to do in December, so there's a little twist on it but it sounds okay to me.

MR. KANE: Okay. Very good.

The parties have agreed in principle to the terms of an agreement. We have drafts prepared. They need to be modified just a little bit based on our negotiations this morning. But our goal is to finalize a series of documents to submit to this Court for review.

The payoff amount will change. So what we would also propose is a motion to file under seal a Revised Exhibit A to the agreed order which adjusts that payoff amount pursuant to the agreement of the parties.

THE COURT: And --

MR. KANE: And then I think Joyce will --

THE COURT: Go --

MR. KANE: Sorry, Your Honor. Go ahead.

THE COURT: I was just going to ask able to do all this in the next couple of business days? Just to let you know on schedules, I'm here all day today, Monday, and Tuesday. So I'm not running out of town or anything.

MS. LINDAUER: Okay.

THE COURT: But is this something y'all anticipate getting a document before the 15th?

MR. KANE: Well, Your Honor, I am running out of town.

(Laughter)

MR. KANE: My client (indiscernible), as well. So we are actually really trying to nail this down --

THE COURT: Right.

MR. KANE: -- if at all possible, get documents submitted to the Court this afternoon.

THE COURT: Okay. All right. We'll be looking for them.

All right. Anyone else want to weigh in on the status conference?

MS. LINDAUER: Your Honor, Joyce Lindauer for the debtor.

Just a few other things. I think everything that Mr. Kane has told the Court is accurate and correct. And my understanding is there is an agreed-upon term sheet with terms for an extension of the March 15th deadline.

There are some other matters that are pending before the Court. I just wanted to preview sort of where we are on those. The debtor have filed a placeholder motion to dismiss. A hearing on that is currently set for March 23rd. I believe in light of the agreements that have been reached with HNGH, likely that hearing will be moved so there will be a request to move that hearing out.

There are two adversary proceedings. Both of those do have scheduling orders in them. They're currently scheduled for March 28th for trial the week of April 4th. And I would understand that as part of our agreement, both of those will be dismissed so that should happen soon over the next few days. So those deadlines should be going away.

We also filed again a placeholder document, a plan and disclosure statement. There is a hearing currently set on April 25th on the disclosure statement. And likely, based on the agreements that we have reached, that deadline will likely also be extended. And so that's pretty much what we could capture off the docket. So I just wanted to give the Court a heads up that some of those things probably will be going away, and some of them may be pushed out a bit.

But those were the current court hearing dates that we had been able to identify in the case. So I did want to give the Court a little preview that some of those should be going away. We did file a little status report with the Court at Docket 81 just to put all those dates in front of the Court so you'd see them handy in one place.

But to follow up on what Mr. Kane said, those are the critical dates and deadlines that are currently out there that will also be either removed or moot. So I just wanted to give the Court a heads-up on that, also.

THE COURT: Thank you. Thank you.

MS. LINDAUER: Thank you.

THE COURT: Mr. Metzger or Ms. Hopkins, do y'all have anything to add on the status conference?

MS. HOPKINS: Yes, Your Honor. And I'll be brief. I really was attending this for monitoring purposes. But there is one thing I want to correct for purposes of the record. Counsel, Ms. Lindauer indicated that there were two adversaries pending, one with respect to my client, that is, Adversary Number -- let's see, I'm looking at the number -- 21-03089 that was commenced by the debtor against my client, L. Allen Hodges, III.

On February 24th of this year, there was actually a notice of stipulated dismissal filed in that adversary, and the adversary case is now dismissed. So there shouldn't be any other filings or whatnot in that case. So that should be completely off of the Court's docket with respect to pretrial matters and trial. So I just wanted to make sure everybody was on the same page as to that.

MS. LINDAUER: Yeah. Ms. Hopkins is correct, Your Honor. And I should have caught that. She is right.

THE COURT: Thank you.

Mr. Metzger, anything?

MR. METZGER: No, Your Honor. I have nothing to add to all of this.

THE COURT: Well, it's still good to have you with

us.

All right. Mr. Kane, if you would just keep our office informed on where you are on things and, as I say, I should be here, weather permitting, all day today. So I look forward to hearing back from y'all.

Thank you very much and thanks for working on this.

MR. KANE: Yes, sir. Will do. Thank you.

THE COURT: And, Mr. Kane, I think it was a really good idea to get this set, you know, prior to the expiration of the deadline on March 15th. So I appreciate your taking the lead on that, too.

MR. KANE: Yes, sir.

THE COURT: You all have a nice weekend.

MS. LINDAUER: Thank you, Your Honor.

MR. METZGER: Thank you, Your Honor.

(Proceedings concluded at 9:21 a.m.)

* * * * *

**C E R T I F I C A T I O N**

We, DIPTI PATEL, court approved transcribers, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of our ability.

/s/ Dipti Patel

DIPTI PATEL, CET-997

LIBERTY TRANSCRIPTS DATE: June 6, 2022