John J. Kane (TX Bar No. 24066794)
**KANE RUSSELL COLEMAN LOGAN PC**
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

## JOINT STIPULATION AND AGREED ORDER MODIFYING ORDER ON MOTION TO DISMISS AND FOR RELIEF FROM STAY

HNGH Turtle Creek, LLC ("**HNGH**"), the Debtor, and Timothy J. Barton in his personal capacity and as authorized representative of entities in which Barton is a manger or control person to the extent allowed by controlling entity documents and applicable law ("**Barton**" and collectively, the "**Parties**"), respectfully submit this proposed stipulation and agreed order (the "**Stipulation**" and "**Modifying Order**") modifying that certain *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**") [Doc. 64]. In support of this Stipulation and the entry of the proposed Modifying Order, the Parties state as follows:

**RECITALS**

1. **WHEREAS** the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc.*

*14]* (the "**Agreed Order**") [Doc. 64] which resolved certain contested matters pending before this Court. The Agreed Order creates a binary outcome for the Debtor. Default or otherwise fail to pay the Payoff Amount[1] by the Payoff Deadline on March 15, 2022, and the stay lifts, HNGH takes ownership of the Property, and the Adversary Proceeding is resolved in its entirety. Alternatively, if the Debtor satisfies the Payoff Amount by the Payoff Deadline, the Debtor takes ownership of the Property and the Adversary Proceeding is resolved in its entirety.

2. **WHEREAS** the Debtor and HNGH negotiated and agreed to the terms of the Agreed Order on the eve of trial and after considerable litigation and discovery. The Agreed Order includes material consideration provided by both parties and provides the Debtor with an opportunity to salvage ownership of the Property for future development if it can satisfy the Payoff Amount by the Payoff Deadline.

3. **WHEREAS** the Debtor and Barton have informed HNGH that the Debtor is not currently in a position to satisfy the Payoff Amount but believe that, with additional time, the Debtor will be able to pay HNGH the Payoff Amount.

4. **WHEREAS** Barton acknowledges that he and certain of the entities that he manages or controls have financial interests in the success of the Debtor's desired development of the Property, and Barton has agreed to provide additional consideration to incentivize HNGH to enter into this Stipulation and this Modifying Order.

5. **WHEREAS** following extensive negotiations, the Parties have agreed to the terms and conditions of a modification to the Agreed Order that will provide the Debtor additional time during which to satisfy the Payoff Amount, in exchange for financial considerations and certain releases.

---

[1] All capitalized terms not defined herein shall have the definition ascribed to them in the Agreed Order and, if not in the Agreed Order, the Motion to Dismiss [Doc. 9].

6. **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AND UPON APPROVAL BY THE COURT OF THIS STIPULATION, THE FOLLOWING IS SO ORDERED:**

**A. MODIFICATION OF PAYOFF AMOUNT AND DEADLINE AND RELATED CONSIDERATION**

7. As set forth in the proposed Modifying Order attached hereto as **Exhibit A**. The Payoff Deadline shall be extended until 5:00 p.m. central time, May 30, 2022. Consistent with the Agreed Order, the automatic stay shall remain in full force and effect as to HNGH until the occurrence of a Default or the expiration of the modified Payoff Deadline.

8. The Payoff Amount shall be modified, and such modified amount shall be reflected on a revised, sealed Exhibit A to the Agreed Order.

9. the Allowed Claim shall be accelerated and due in accordance with this Modifying Order, such that the Debtor shall pay to HNGH $1,000,000 by not later than 5:00 p.m. central time on March 15, 2022, which shall be applied to reduce the accelerated Allowed Claim to $1,000,000. Not later than 5:00 p.m central time on March 25, 2022, the Debtor shall cause $2,500,000 to be paid to HNGH, of which $1,000,000 shall satisfy the remainder of the outstanding Allowed Claim, and $1,500,000 shall be applied by HNGH to the Payoff Amount (the $1,000,000 and $2,500,000 payments are herein defined as the "**March Payments**").

10. Failure to make any of the above referenced payments shall constitute a Default under the Agreed Order.

**B. BARTON AND DEBTOR RELEASES**

11. As additional consideration for the extension of the Payoff Deadline, the Debtor on behalf of itself and its officers, employees, equity holders or other representatives, and Timothy Barton, on behalf of himself and all entities managed or controlled by him to the extent allowed by controlling entity documents and applicable law (the "**Barton Parties**"), each release and waive all

claims and causes of action against Vipin Nambiar, HNGH, HN Green Hollow Capital Partners, LLC and all of their respective equity holders, officers, directors, employees, representatives, affiliates, subsidiaries, parents, predecessors-in-interest, and successors-in-interest (the "**HNGH Parties**"), whether known or unknown, in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future. The Barton Parties agree to indemnify the HNGH Parties for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future.

12. The Debtor and Barton further agree to dismiss the Adversary Proceeding with prejudice pursuant to the form of order attached hereto as **Exhibit B**.

13. The terms and conditions of this Stipulation and Modifying Order shall be effective and enforceable immediately upon its entry.

14. This Stipulation and Modifying Order represent the Parties' mutual understandings, and shall modify the terms and conditions of the Agreed Order. If not otherwise modified by the Modifying Order, the preexisting terms of the Agreed Order shall remain in full force and effect.

**IN WITNESS HEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Modifying Order as of the date first set forth below.

DATED: March 15, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com
E-mail: kwoodard@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

By: */s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033

***Attorneys for Debtor***

By: */s/ Steven C. Metzger*
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com

***Attorney for Timothy Barton***

By: ____________________
Timothy Barton

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 15, 2022, a true and correct copy of the foregoing document was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding, and (ii) via e-mail on the parties listed below.

Joyce W. Lindauer
JOYCE W. LINDAUER ATTORNEY, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
E-mail: joyce@joycelindauer.com

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
E-mail: ustpregion06.da.ecf@usdoj.gov

*/s/ John J. Kane*
John J. Kane

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**AGREED ORDER MODIFYING ORDER ON MOTION TO DISMISS AND FOR RELIEF FROM STAY**

CAME ON FOR CONSIDERATION BY THE COURT the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* filed by in the above-styled and numbered case by the debtor ("**Debtor**"), HNGH Turtle Creek, LLC ("**HNGH**") and Timothy Barton in his personal capacity and as authorized representative of entities in which Barton is a manager or control person to the extent allowed by controlling entity documents and applicable law ("**Barton**" and with the Debtor and HNGH, the "**Parties**"), and the Court, having reviewed all pleadings in this case, evidence presented, and the arguments of counsel, and having been apprised of the agreements of the Parties and having found the following:

WHEREAS the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**") [Doc. 64] which resolved certain contested matters pending before this Court. The Agreed Order creates a binary outcome for the Debtor. Default or otherwise fail to pay the Payoff Amount[a] by the Payoff Deadline on March 15, 2022, and the stay lifts, HNGH takes ownership of the Property, and the Adversary Proceeding is resolved in its entirety. Alternatively, if the Debtor

[a] All capitalized terms not defined herein shall have the definition ascribed to them in the Agreed Order and, if not in the Agreed Order, the Motion to Dismiss [Doc. 9].

satisfies the Payoff Amount by the Payoff Deadline, the Debtor takes ownership of the Property and the Adversary Proceeding is resolved in its entirety.

WHEREAS the Debtor and HNGH negotiated and agreed to the terms of the Agreed Order on the eve of trial and after considerable litigation and discovery. The Agreed Order includes material consideration provided by both parties and provides the Debtor with an opportunity to salvage ownership of the Property for future development if it can satisfy the Payoff Amount by the Payoff Deadline.

WHEREAS the Debtor and Barton have informed HNGH that the Debtor is not currently in a position to satisfy the Payoff Amount by the Payoff Deadline, but believe that with additional time, the Debtor will be able to satisfy the Payoff Amount.

WHEREAS Barton acknowledges that he and certain of the entities that he manages or controls have financial interests in the success of the Debtor's desired development of the Property, and Barton has agreed to provide additional consideration to incentivize HNGH to enter into this Stipulation and this Modifying Order.

WHEREAS following extensive negotiations, the Parties have agreed to the terms and conditions of a modification to the Agreed Order that will provide the Debtor additional time during which to satisfy the Payoff Amount, in exchange for financial considerations and releases.

WHEREAS, entry of this Order is in the best interest of the Debtor, its creditors, and its estate, and accordingly, IT IS HEREBY:

ORDERED, ADJUDGED AND DECREED the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief From Stay* is GRANTED. It is further

ORDERED, ADJUDGED AND DECREED the Payoff Deadline shall be extended until 5:00 p.m. central time, May 30, 2022. Consistent with the Agreed Order, the automatic stay shall remain in full force and effect as to HNGH until the occurrence of a Default or the expiration of the modified Payoff Deadline. It is further

ORDERED, ADJUDGED AND DECREED the Allowed Claim shall be accelerated and due in accordance with this Modifying Order, such that the Debtor shall pay to HNGH $1,000,000 by not later than 5:00 p.m. central time on March 15, 2022, which shall be applied to reduce the accelerated Allowed Claim to $1,000,000. Not later than 5:00 p.m central time on March 25, 2022, the Debtor shall cause $2,500,000 to be paid to HNGH, of which $1,000,000 shall satisfy the remainder of the outstanding Allowed Claim, and $1,500,000 shall be applied by HNGH to the Payoff Amount (the $1,000,000 and $2,500,000 payments are herein defined as the "**March Payments**"). It is further

ORDERED, ADJUDGED AND DECREED that failure to make the March Payments shall constitute a Default under the Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED the Payoff Amount shall be modified, and such modified amount shall be reflected on a revised, sealed Exhibit A to the Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED that as additional consideration for the extension of the Payoff Deadline, the Debtor on behalf of itself and its officers, employees, equity holders or other representatives, and Timothy Barton, on behalf of himself and all entities managed or controlled by him to the extent allowed by controlling entity documents and applicable law (the "**Barton Parties**"), each release and waive all claims and causes of action against Vipin Nambiar, HNGH, HN Green Hollow Capital Partners, LLC and all of their respective equity holders, officers, directors, employees, representatives, affiliates, subsidiaries, parents, predecessors-in-interest, and successors-in-interest (the "**HNGH Parties**"), whether known or unknown, in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future. The Barton Parties agree to indemnify the HNGH Parties for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor and Barton have agreed to and the Parties shall dismiss the Adversary Proceeding with prejudice pursuant to the form of order attached to the Stipulation as Exhibit B. It is further

ORDERED, ADJUDGED AND DECREED that the terms of the Stipulation and this Modifying Order represent the Parties' mutual understandings, and shall modify the terms and conditions of the Agreed Order. If not otherwise modified by the Modifying Order, the preexisting terms of the Agreed Order shall remain in full force and effect. It is further

ORDERED, ADJUDGED AND DECREED that the terms and conditions of this Modifying Order shall be effective and enforceable immediately upon its entry, and that the Debtor and Barton have expressly agreed to and hereby waive any right of appeal or right to request reconsideration of the entry of this Modifying Order. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #

APPROVED AND AGREED:

/s/ *Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Proposed Attorneys for Debtor

/s/ *John J. Kane*
John J. Kane

Case 21-31954-sdw11 Doc 41 Filed 02/07/22 Entered 02/07/22 12:31:42 Page 5 of 6

State Bar No. 24066794
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Telephone: (214) 777-4200
Counsel for HNGH Turtle Creek, LLC

*<u>/s/ Steven C. Metzger</u>*
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com
Attorney for Timothy Barton

By: ______________________________
Timothy Barton

**EXHIBIT A**

**FILED UNDER SEAL**

# Exhibit B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**2999TC ACQUISITIONS, LLC,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 21-31954-HDH-11**<br><br>**CHAPTER 11** |
| **2999TC ACQUISITIONS, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HNGH TURTLE CREEK, LLC, VIPIN NAMBIAR, HN GREEN HOLLOW CAPITAL PARTNERS, LLC,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 21-03085-HDH** |

**AGREED ORDER OF JUDGMENT AND DISMISSAL OF ADVERSARY PROCEEDING WITH PREJUDICE TO REFILING**

**CAME ON FOR CONSIDERATION BY THE COURT** the *Complaint to Avoid and*

*Recover Preferential and/or Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550* (the "**Complaint**") [Adv. Dkt. No. 1] filed on November 11, 2021 by 2999TC Acquisitions, LLC (the "**Plaintiff**" or "**Debtor**") against HNGH Turtle Creek, LLC ("**HNGH**"), Vipin Nambiar ("**Nambiar**") and HN Green Hollow Capital Partners, LLC ("**Green Hollow**" and collectively with HNGH and Nambiar, the "**Defendants**") in the above styled adversary proceeding (the "**Adversary Proceeding**"), and Defendants' *Motion to Dismiss and Motion for Sanctions* (the "**Motion to Dismiss**") [Adv. Dkt. No. 8] filed on December 8, 2021. In issuing this order (the "**Adversary Order**") the Court has considered the Complaint, the Motion to Dismiss, all other pleadings filed by the parties in this Adversary Proceeding and in the Debtor's bankruptcy case, Case No. 21-31954 (the "**Bankruptcy Case**"), the arguments of counsel and evidence presented in the Adversary Proceeding and the Bankruptcy Case, the agreement of the parties set forth in that certain *Agreed Order Regarding Motion to Lift Stay [Doc. 10] Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15] and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**"), and the representations of counsel at the March 11, 2022 status conference in the Bankruptcy Case and in the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* (the "**Stipulation and Modifying Order**") filed and approved in the Bankruptcy Case. The Court has also taken judicial notice of pleadings filed and orders entered in other proceedings involving the Debtor's principal, Mr. Timothy Barton, or the Debtor, including but not limited to Case No. 3-20-CV-3229 previously pending in the District Court for the Northern District of Texas.

The Court, having found, among other things: (i) that prior to October 29, 2021 (the "**Petition Date**"), HNGH was the owner, holder, and beneficiary of that certain Note[1] as amended or modified from time to time, including by that certain Forbearance Agreement, and secured by the Property as evidenced by that certain Deed of Trust; (ii) that the Debtor defaulted on its payment obligations under the Note by failing to pay all amounts due and owing by 1:00 pm ET on the maturity date, October 29, 2021; (iii) that following the Debtor's default, HNGH properly exercised its right to file the Deed in Lieu in accordance with the terms and conditions of the Forbearance Agreement; (iv) that HNGH caused the Deed in Lieu to be *filed* with the Dallas County Clerk before the Debtor commenced its Bankruptcy Case; (v) that the Debtor argues that the Deed in Lieu was not *recorded* in the Dallas County Real Property Records by the Dallas County Clerk until November 1, 2021 and so was unperfected as of the Petition Date; (vi) that the Debtor has not yet paid the Payoff Amount but has agreed to the dismissal with prejudice of the adversary proceeding, and that Timothy Barton and the Parties have agreed to the terms and conditions of this Adversary Order; (vii) that if the Debtor satisfies the Payoff Amount by the Payoff Deadline, as modified by the Stipulation and Modifying Order, HNGH shall contemporaneously file the Rescission Deed, re-vest the Property with the Debtor, reinstate the Note, and accept the Payoff Amount in full and final satisfaction of the Note; and (viii) that good cause exists to enter this Adversary Order, it is hereby:

ORDERED, ADJUDGED AND DECREED that all claims and causes of action asserted by Plaintiff in the Complaint are unmeritorious and are denied in their entirety and DISMISSED WITH PREJUDICE TO REFILING. It is further

ORDERED, ADJUDGED AND DECREED that Plaintiff, on behalf of itself, its officers, employees, equity holders or other representatives, and Timothy Barton, on behalf of himself and all entities managed or controlled by him to the extent allowed by controlling entity documents and applicable law, each release and expressly waive all claims and causes of action against Defendants or

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in *HNGH Turtle Creek, LLC's Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support* [Dkt. No. 9].

any of their respective equity holders, officers, directors, employees, and representatives arising out of or that could arise out of or otherwise relate to any factual allegations set forth by Plaintiff in the Complaint, any other facts related to the Loan Documents or interactions of the Parties, their employees, equity holders or other representatives, including any factual allegations in the previous litigation referenced in the Complaint and that, in exchange and by agreement of Defendants, HNGH's *Motion to Dismiss and For Sanctions* [Adv. Dkt. No. 9] shall be and hereby is DENIED such that neither Debtor nor Timothy Barton shall be sanctioned in this Adversary Proceeding. It is further,

ORDERED, ADJUDGED AND DECREED each party to the Adversary Proceeding shall be responsible for its own fees, costs, and expenses incurred in this Adversary Proceeding, and that neither Plaintiff nor Defendant shall be entitled to any damages. It is further

ORDERED, ADJUDGED AND DECREED that by agreement of the parties, all claims or causes of action asserted in the Complaint are hereby adjudicated on the merits, and that this Adversary Order shall be the result of litigation to final judgment, and accordingly shall have res judicata and collateral estoppel effect, and shall be binding on each of the Plaintiff, Timothy Barton, and Defendants. It is further

ORDERED, ADJUDGED AND DECREED that this Court retains jurisdiction to enforce the terms and conditions of this Adversary Order, and may issue sanctions or hold any party to this order in contempt of court for failure to comply with the terms and conditions herein. And it is

ORDERED, ADJUDGED AND DECREED that upon the effectuation of this Adversary Order, the Adversary Proceeding shall be closed.

# # # END OF ORDER # # #

APPROVED AND AGREED:

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Proposed Attorneys for Debtor

*/s/ John J. Kane*
John J. Kane
State Bar No. 24066794
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Telephone: (214) 777-4200
Counsel for HNGH Turtle Creek, LLC

By: */s/ Steven C. Metzger*

Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com
Attorney for Timothy Barton

____________________________
Timothy Barton