CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 17, 2022**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**AGREED ORDER MODIFYING ORDER ON MOTION TO DISMISS AND FOR RELIEF FROM STAY**

CAME ON FOR CONSIDERATION BY THE COURT the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* filed by in the above-styled and numbered case by the debtor ("**Debtor**"), HNGH Turtle Creek, LLC ("**HNGH**") and Timothy Barton in his personal capacity and as authorized representative of entities in which Barton is a manager or control person to the extent allowed by controlling entity documents and applicable law ("**Barton**" and with the Debtor and HNGH, the "**Parties**"), and the Court, having reviewed all pleadings in this case, evidence presented, and the arguments of counsel, and having been apprised of the agreements of the Parties and having found the following:

WHEREAS the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "**Agreed Order**") [Doc. 64] which resolved certain contested matters pending before this Court. The Agreed Order creates a binary outcome for the Debtor. Default or otherwise fail to pay the Payoff Amount[a] by the Payoff Deadline on March 15, 2022, and the stay lifts, HNGH takes ownership of the Property, and the Adversary Proceeding is resolved in its entirety. Alternatively, if the Debtor

---

[a] All capitalized terms not defined herein shall have the definition ascribed to them in the Agreed Order and, if not in the Agreed Order, the Motion to Dismiss [Doc. 9].

satisfies the Payoff Amount by the Payoff Deadline, the Debtor takes ownership of the Property and the Adversary Proceeding is resolved in its entirety.

WHEREAS the Debtor and HNGH negotiated and agreed to the terms of the Agreed Order on the eve of trial and after considerable litigation and discovery. The Agreed Order includes material consideration provided by both parties and provides the Debtor with an opportunity to salvage ownership of the Property for future development if it can satisfy the Payoff Amount by the Payoff Deadline.

WHEREAS the Debtor and Barton have informed HNGH that the Debtor is not currently in a position to satisfy the Payoff Amount by the Payoff Deadline, but believe that with additional time, the Debtor will be able to satisfy the Payoff Amount.

WHEREAS Barton acknowledges that he and certain of the entities that he manages or controls have financial interests in the success of the Debtor's desired development of the Property, and Barton has agreed to provide additional consideration to incentivize HNGH to enter into this Stipulation and this Modifying Order.

WHEREAS following extensive negotiations, the Parties have agreed to the terms and conditions of a modification to the Agreed Order that will provide the Debtor additional time during which to satisfy the Payoff Amount, in exchange for financial considerations and releases.

WHEREAS, entry of this Order is in the best interest of the Debtor, its creditors, and its estate, and accordingly, IT IS HEREBY:

ORDERED, ADJUDGED AND DECREED the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and for Relief From Stay* is GRANTED. It is further

ORDERED, ADJUDGED AND DECREED the Payoff Deadline shall be extended until 5:00 p.m. central time, May 30, 2022. Consistent with the Agreed Order, the automatic stay shall remain in full force and effect as to HNGH until the occurrence of a Default or the expiration of the modified Payoff Deadline. It is further

ORDERED, ADJUDGED AND DECREED the Allowed Claim shall be accelerated and due in accordance with this Modifying Order, such that the Debtor shall pay to HNGH $1,000,000 by not later than 5:00 p.m. central time on March 15, 2022, which shall be applied to reduce the accelerated Allowed Claim to $1,000,000. Not later than 5:00 p.m central time on March 25, 2022, the Debtor shall cause $2,500,000 to be paid to HNGH, of which $1,000,000 shall satisfy the remainder of the outstanding Allowed Claim, and $1,500,000 shall be applied by HNGH to the Payoff Amount (the $1,000,000 and $2,500,000 payments are herein defined as the "**March Payments**"). It is further

ORDERED, ADJUDGED AND DECREED that failure to make the March Payments shall constitute a Default under the Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED the Payoff Amount shall be modified, and such modified amount shall be reflected on a revised, sealed Exhibit A to the Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED that as additional consideration for the extension of the Payoff Deadline, the Debtor on behalf of itself and its officers, employees, equity holders or other representatives, and Timothy Barton, on behalf of himself and all entities managed or controlled by him to the extent allowed by controlling entity documents and applicable law (the "**Barton Parties**"), each release and waive all claims and causes of action against Vipin Nambiar, HNGH, HN Green Hollow Capital Partners, LLC and all of their respective equity holders, officers, directors, employees, representatives, affiliates, subsidiaries, parents, predecessors-in-interest, and successors-in-interest (the "**HNGH Parties**"), whether known or unknown, in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future. The Barton Parties agree to indemnify the HNGH Parties for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor and Barton have agreed to and the Parties shall dismiss the Adversary Proceeding with prejudice pursuant to the form of order attached to the Stipulation as Exhibit B. It is further

ORDERED, ADJUDGED AND DECREED that the terms of the Stipulation and this Modifying Order represent the Parties' mutual understandings, and shall modify the terms and conditions of the Agreed Order. If not otherwise modified by the Modifying Order, the preexisting terms of the Agreed Order shall remain in full force and effect. It is further

ORDERED, ADJUDGED AND DECREED that the terms and conditions of this Modifying Order shall be effective and enforceable immediately upon its entry, and that the Debtor and Barton have expressly agreed to and hereby waive any right of appeal or right to request reconsideration of the entry of this Modifying Order. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #

APPROVED AND AGREED:

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Proposed Attorneys for Debtor

*/s/ John J. Kane*
John J. Kane

State Bar No. 24066794
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Telephone: (214) 777-4200
Counsel for HNGH Turtle Creek, LLC

*/s/ Steven C. Metzger*
Steven C. Metzger
State Bar No. 13982500
Metzger Law PLLC
3626 N. Hall Street, Suite 800
Dallas, Texas 75219-5133
Tel: 214-740-5030
Fax: 214-224-7555
Email: smetzger@pmklaw.com
Attorney for Timothy Barton

By: ______________________
Timothy Barton



9144417v1

# EXHIBIT A

## FILED UNDER SEAL