John J. Kane (TX Bar No. 24066794)
KANE RUSSELL COLEMAN LOGAN PC
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299

*Counsel for HNGH Turtle Creek, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 21-31954-HDH-11** |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CHAPTER 11** |
| | § | |
| **DEBTOR.** | § | |
| | § | |

---

**HNGH TURTLE CREEK, LLC'S MOTION TO ENFORCE AGREED ORDERS**

---

HNGH Turtle Creek, LLC ("**HNGH**") files this *Motion to Enforce Agreed Orders* (the "**Motion**") seeking an order from this Court enforcing this Court's prior orders [Dkt. Nos. 64 and 94] (the "**Agreed Orders**"), ratifying HNGH's Special Warranty Deed, and compelling the Debtor, Mr. Tim Barton, and other entities to release all liens, claims, encumbrances, and clouds on title to the property located at 2999 Turtle Creek Boulevard, in Dallas, Texas (the "**Property**"). In support of this Motion, HNGH states as follows:

**BACKGROUND**

**A. INTRODUCTION AND WORTHWHILE READING**

1. Because this matter is now pending before a new judge, HNGH would like to provide some historical background relevant to the Extension Motions. HNGH respectfully requests that should time permit, this Court review: (i) HNGH's *Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support* [Dkt. No. 9] filed in this case

(the "**Main Case Dismissal Motion**"; (ii) HNGH's *Motion to Dismiss and Motion for Sanctions* [Adv. Dkt. No. 9] (the "**Adversary Dismissal Motion**") filed in Adversary Proceeding No. 21-03085 (the "**Adversary Proceeding**"); (iii) the *Agreed Order of Judgment and Dismissal of Adversary Proceeding with Prejudice to Refiling* [Adv. Dkt. No. 15] (the "**Adversary Judgment**"); (iv) the Agreed Orders; and (v) the *Joint Stipulation and Agreed Order Modifying Order on Motion to Dismiss and For Relief from Stay* (the "**Stipulation**") [Dkt. No. 91].

2. Those pleadings detail the history of the HNGH's relationship with the Debtor and its representatives and agents. They also make it abundantly clear that the Debtor and its representatives have an oft-repeated pattern of behavior involving: (i) financial defaults; followed by (ii) frivolous litigation and false allegations, even including claims previously waived, released, or dismissed with prejudice to refiling; followed by (iii) negotiations and entry into a forbearance or settlement agreement; followed by (iv) further defaults; followed by (v) more frivolous litigation that ignores the express terms of the forbearance, settlement agreement, or even agreed orders.

3. That pattern of behavior has continued during the entire course of HNGH's relationship with the Debtor. Including during this bankruptcy case. Which gives rise, in part, to the unfortunate necessity of this Motion.

## B. THE AGREED ORDERS – DEBTOR REQUIRED PAYOFF DEADLINE EXTENSION

4. On December 10, 2021, Judge Hale entered the *Agreed Order Regarding Motion to Lift Stay [Doc. 10] Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15] and Motion to Enforce Stay [Doc. 14]* [Dkt. No. 64] (the "**First Agreed Order**"). The First Agreed Order was negotiated at length immediately prior to trial and was intended to be a panacea for all outstanding matters in the bankruptcy case.

5. It maintained the automatic stay, but only until March 15, 2022, by which the Debtor had to pay off the agreed amount due and owing to HNGH. If the Debtor was prepared to pay off

HNGH, then HNGH would record a rescission deed, reinstate its Note, accept payoff, and the Debtor or its assignee would become the owner of the Property. If the Debtor defaulted, HNGH would, upon notice of a Default to the Court and request by HNGH, be granted an order "dismissing all claims asserted by the Debtor or any other party in the Adversary Proceeding with prejudice, and…rule that…the Deed-in-Lieu filing and recording is not avoidable and was for reasonably equivalent value." FIRST AGREED ORDER, p. 3.

6. To be clear, HNGH does ***not*** have to seek relief from this Court to have valid title to the Property following a Default. The First Agreed Order makes clear:

> Upon the occurrence of a Default, unless waived in writing by HNGH, the Deed-in-Lieu shall be deemed a valid, unavoidable pre-petition transfer agreed to by the Debtor and the Debtor shall be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu….

FIRST AMENDED COMPLAINT, p. 2. Even so, HNGH believes it prudent to seek an order from this court confirming its HNGH's ownership of the Property given the Debtor's behavior, as detailed below.

7. Consistent with prior history, the Debtor proved incapable of closing a transaction and paying off HNGH by the March 15, 2022 Payoff Deadline. At 7:54 pm on March 14, 2022, the Debtor filed an *Emergency Motion to Extend Time for Payment of Amounts Due and Owing to HNGH Turtle Creek, LLC* [Dkt. No. 85]. HNGH opposed that motion. Even so, after intense negotiations, HNGH, the Debtor, Tim Barton, and certain Barton-controlled entities reached an agreement evidenced by the Adversary Judgment, the Stipulation, and the *Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* (the "**Second Agreed Order**") [Dkt. No. 94]. Under the Second Agreed Order, HNGH extended the Payoff Deadline to 5:00 p.m central time on May 30, 2022.

8. HNGH made it abundantly clear to the Debtor that those agreements structured the final extension that HNGH would ever provide to the Debtor. Moreover, given the Debtor and

Barton's pattern of defaults followed by frivolous and costly litigation, HNGH required the Debtor, Barton, and Barton-controlled entities with any interest in the outcome of the development of the Property to waive all claims against HNGH, present and future, in any way related to the Property. Further, HNGH required those entities—Debtor included—to indemnify HNGH against any waived causes of action later brought by any of those entities against HNGH. SECOND AGREED ORDER, p.3.

**C. DEBTOR DEFAULTS BY FAILING TO SATISFY PAYOFF AMOUNT ON PAYOFF DEADLINE**

9. As May 30, 2022 was Memorial Day, a federal holiday, HNGH voluntarily extended the Payoff Deadline to 5:00 p.m. central time on Tuesday, May 31, 2022. The Payoff Deadline has come and gone, and the Debtor did not effectuate a Payoff Event. The Debtor's failure to satisfy the Payoff Amount by the Payoff Deadline is a Default under the express terms of the Agreed Orders.

**D. DEBTOR FOLLOWS PATTERN OF BEHAVIOR, FILES FRIVOLOUS PLEADING TO MISLEAD COURT IN HOPES OF OBTAINING EXTENSION TO PAYOFF DEADLINE**

10. After its Default, the Debtor promptly filed a frivolous and knowingly misleading pleading blaming HNGH for the Debtor's Default. To put it bluntly, the claims asserted by the Debtor in its *Emergency Motion to Extend Time and Motion to Compel* (the "**Extension Motions**") [Dkt. Nos. 128, 129] fundamentally hinge on a series of deceits and mischaracterizations by the Debtor and its counsel. So much so that after reviewing the Extension Motions, undersigned counsel promptly served a Rule 11 notice on the Debtor, Joyce Lindauer, and Khudabuksh Walji informing them of HNGH's intent to seek sanctions should the Debtor proceed with its hearing on the Extension Motions. Tellingly, the Debtor withdrew its Extension Motions.

11. The Debtor also served HNGH with a litigation hold letter, despite previously waiving all claims and causes of action, including past, present, and future claims, related to the Property.

12. While the Debtor has now withdrawn the Extension Motion—stating that it does not wish to move forward *at this time*—it is important to HNGH that his Court fully understand that HNGH worked hard to assist the Debtor's closing efforts, and did nothing to cause delays or to

interfere with potential funding sources. HNGH did not commit bad acts only to hide behind the Debtor's releases and waivers. Nothing could be further from the truth.

13. HNGH would like to highlight some material omissions from the Debtor's Extension Motions that should provide some color to the Debtor's duplicitous allegations:

a) The Debtor failed to note that it never sought any closing documents from HNGH until May 10, 2022, at which time Sendera Title requested only a payoff amount, a rescission deed from HNGH, and a confirmation order;

b) The Debtor fails to note that HNGH provided the payoff amount that same day, and provided a draft rescission deed for comments on May 12, just two days later;

c) The Debtor fails to note that Sendera Title did not seek any additional closing documents from HNGH until Tuesday, May 24, 2022, just four business days before the Payoff Deadline;

d) The Debtor fails to adequately stress that it did not provide HNGH with a full list of documents—an amalgamation of requests from multiple title companies, as Ms. Lindauer put it—the Debtor determined necessary for closing until ***3:24 p.m. on Memorial Day***, Monday, May 30, 2022 (the "**Memorial Day Demands**"), the day before the Payoff Deadline;

e) The Debtor fails to note that many of the documents requested from HNGH in the Memorial Day Demands were readily available instruments recorded in the Dallas County Public Records, which any competent title company should have been able to easily access weeks before the Payoff Deadline;

f) The Debtor fails to note that after receiving the Memorial Day Demands, HNGH asked the Debtor to facilitate a conference call between the Debtor, HNGH, and the Debtor's title companies to discuss actual needs for closing, and that ***the Debtor refused to accommodate that request***;

g) The Debtor fails to note that it admitted to HNGH that it was working with multiple title companies and multiple potential funding sources the day before and day of closing, and that when HNGH and Happy State Bank asked for contact information for the closing title company, the ***Debtor failed to provide it despite multiple demands***, effectively precluding parties from delivering documents necessary for closing;

h) The Debtor fails to note that ***it provided no comments*** to the draft rescission deed HNGH circulated on May 12, 2022, until 3:24 p.m. on May 30, 2022, after HNGH had signed, notarized, and delivered the prior form to Sendera Title to be held in escrow for closing;

i) The Debtor fails to note that the form of rescission deed it circulated at 3:24 p.m. on May 30, 2022, and demanded HNGH execute, contained factual representations contradictory to express findings of fact in the Adversary Judgment—findings of fact to which the Debtor and Barton agreed;

j) The Debtor fails to note that HNGH turned a revised draft of the Debtor's proposed rescission deed within hours of receipt on May 30, 2022, which rectified the materially false statements that were in the Debtor's prior draft;

k) The Debtor fails to note that the ***Debtor never provided comments*** responsive to HNGH's revised draft rescission deed, which HNGH was prepared to execute and deliver at closing;

l) The Debtor fails to note that the ***Debtor never provided comments*** to the draft Payoff and Release of Lien instrument HNGH provided to the Debtor;

m) The Debtor fails to note that HNGH was prepared to deliver, or caused Happy State Bank to be prepared to deliver by closing, substantially all documents reasonably requested at that time; and

n) The Debtor fails to note that ***no title company ever delivered a proposed closing statement*** to HNGH despite multiple requests.

14. HNGH has written evidence supporting each of the aforementioned clarifications, which are just some of the many facts that cast light on the Debtor's misleading statements and blatant efforts to scapegoat HNGH.

15. Again, HNGH does not wish to belabor its points regarding the Extension Motions because the Debtor has, at least for the time being, withdrawn them. Even so, it is important to HNGH that this Court understand why HNGH is seeking entry of an order making it abundantly clear that HNGH's title to the Property is free and clear of all liens, claims, encumbrances, and clouds on title from the Debtor, Barton, or any Barton-controlled or affiliated entities.

## E. Debtor Must Release its Lis Pendens and Cannot Challenge the Validity of HNGH's Title

16. Unfortunately, the Debtor currently has a cloud on HNGH's title to the Property. During the Debtor's bankruptcy case and without notice to HNGH, the Debtor filed a Lis Pendens against the Property. The Debtor's Lis Pendens was recorded on November 5, 2021 in the Official

Public Records of Dallas County, Texas, as Instrument No. 202100333511. The Lis Pendens is a cloud on HNGH's title to the Property, and must be removed.

17. Pursuant to the terms of the Stipulation and Agreed Orders, as a result of the Default, the Debtor, Barton, and other entities have released all claims of any kind against the Property. Moreover, pursuant to the Adversary Judgment, the Debtor, Barton, and other entities have waived, released, and had dismissed with prejudice any claims or causes of action related to the property, including the avoidance or recovery of title to the Property.

**REQUEST FOR RELIEF**

18. Accordingly, HNGH requests that this Court enter an order substantially in the form of the attached **Exhibit A**. HNGH respectfully requests that this Court confirm that HNGH is now the rightful legal owner of the Property, with all right, title, and interest therein free and clear of all liens, claims, encumbrances, and clouds on title asserted or that could be asserted by the Debtor, Tim Barton, and any other entities set forth in the Stipulation and Agreed Orders. HNGH further requests that this Court require the Debtor to take all steps necessary to release its Lis Pendens, and to actually cause the release of its Lis Pendens, not later than seven days after entry of an order approving this Motion. Moreover, HNGH requests that this Court hold the Debtor, Tim Barton, and any other necessary party in contempt of court should they interfere with HNGH's enjoyment of the Property, or seek to assert litigation against HNGH that they have previously waived, released, adjudicated to judgment, or had dismissed with prejudice to refiling.

**WHEREFORE**, HNGH requests that the Court enter an order granting this Motion, substantially in the form attached hereto as **Exhibit A**.

DATED: June 3, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
John J. Kane (TX Bar No. 24066794)
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
E-mail: jkane@krcl.com

***Counsel to HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2022, a true and correct copy of the foregoing document was filed with the Court and served (i) via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding, and (ii) via e-mail on the parties listed below.

Joyce W. Lindauer
JOYCE W. LINDAUER ATTORNEY, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
E-mail: joyce@joycelindauer.com

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202
E-mail: ustpregion06.da.ecf@usdoj.gov

Steven C. Metzger
Metzger Law PLLC
3626 N. Hall St, Suite 800
Dallas, Texas 75219
E-mail: smetzger@pmklaw.com

*/s/ John J. Kane*
John J. Kane

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**ORDER GRANTING HNGH TURTLE CREEK, LLC'S MOTION TO ENFORCE AGREED ORDERS**

CAME ON FOR CONSIDERATION BY THE COURT the *Motion to Enforce Agreed Orders* (the "**Motion**") filed on June 3, 2022 by HNGH Turtle Creek, LLC ("**HNGH**"), and the Court, having reviewed all pleadings and orders in this case, including the Debtor's *Emergency Motion to Extend Time and Motion to Compel* [Dkt. Nos. 128 and 129], and the Debtor's *Notice of Withdrawal of Emergency Motion to Extend Time and Motion to Compel* [Dkt No. 133], the pleadings and orders in Adversary Proceeding No. 21-03085, evidence presented, and the arguments of counsel, and having found

WHEREAS the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "First **Agreed Order**") [Doc. 64] which resolved make-or-break contested matters pending before this Court. And

WHEREAS the Debtor, HNGH, Tim Barton and other entities are parties to that certain *Stipulation* [Dkt. No. 91] (the "**Stipulation**") and *Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* [Dkt No. 94] (the "**Second Agreed Order**" and with the First Agreed Order, the "**Agreed Orders**") and *Agreed Order of Judgment and Dismissal of Adversary Proceeding with Prejudice to Refiling*

(the "**Adversary Judgment**") which were negotiated and agreed to in good faith, and which are enforceable pursuant to their express terms. And

WHEREAS the Debtor failed to pay or cause the Payoff Amount to be paid to HNGH by the Payoff Deadline. Accordingly, a Default has occurred under the Agreed Orders. And

WHEREAS the Deed-in-Lieu (as defined in the Agreed Orders) is hereby deemed a valid, unavoidable pre-petition transfer agreed to by the Debtor and the Debtor is hereby be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu. And

WHEREAS the releases, waivers, and indemnification obligations provided by the Barton Parties and others in the Stipulation, Second Agreed Order, and Adversary Judgment are binding and enforceable. And

WHEREAS as a result of the Debtor's Default and the aforementioned releases, waivers, and indemnification obligations, none of the Barton Parties identified in the Second Agreed Order or similarly described in the Adversary Judgment shall have any lien, claim, encumbrance, or cloud on title against the Property. And

WHEREAS, should any of the Barton Parties identified in the Second Agreed Order or Adversary Judgment assert such a claim against the Property or HNGH or any of the HNGH Parties, this Court finds good cause that such party should be sanctioned this Court for violating this Court's orders. IT IS HEREBY:

ORDERED, ADJUDGED AND DECREED that HNGH's Motion is GRANTED. It is further

ORDERED, ADJUDGED AND DECREED that the Deed-in-Lieu was a valid conveyance, and that HNGH is the owner of the Property pursuant to that Special Warranty Deed recorded as Instrument Number 202100327172 in real property records of Dallas County, Texas on or about November 1, 2021. It is further

ORDERED, ADJUDGED and DECREED that the Debtor shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property. The Debtor shall have seven (7) days from the entry of this Order to remove its Lis Pendens, Instrument Number 202100333511, from the Property. If the Debtor fails to timely remove its Lis Pendens and all other clouds on title against the Property by that time, the Debtor shall be required to show cause why it should not be held in contempt of court and sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor re-files or otherwise seeks to adjudicate the Extension Motions against HNGH, the Debtor and its counsel, Joyce Lindauer and Khudabuksh Walji, will be required to show cause why they should not be sanctioned. It is further

ORDERED, ADJUDGED AND DECREED that the Barton Parties shall indemnify the HNGH Parties (as defined in the Second Agreed Order) for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future, as set

forth in the Second Agreed Order and in this Order. It is further

ORDERED, ADJUDGED AND DECREED that when the Debtor removes its Lis Pendens against the Property, at which time the Debtor shall provide notice to HNGH that the Debtor has done so, HNGH shall release Timothy Barton from his Guaranty and shall dismiss the personal guaranty case with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #