**John J. Kane**

**From:** John J. Kane
**Sent:** Thursday, May 26, 2022 6:54 PM
**To:** Julie Blakeley; Vipin Nambiar
**Cc:** Nate Christensen; John M. Inabnett; Sara Reams
**Subject:** RE: [External Email] 2999 Turtle Creek [IWOV-iManage.FID2137592]
**Attachments:** Collateral Transfer of Note and Lien.pdf

Julie,

I represent HNGH Turtle Creek, LLC. It appears 2999TC Acquisitions, LLC – the debtor in bankruptcy – is steadily moving towards a closing that would fund on May 31, 2022 by 5:00 pm. This is a funky closing, to say the least. If you recall, HNGH filed a Special Warranty Deed taking title to the Property right when the Debtor filed for bankruptcy. The deed-in-lieu would have satisfied the note, but because of the bankruptcy filing and case settlements through agreed orders, the Debtor can still reinstate the note and, in essence, buy back the property through a payoff. The Debtor is marching in the direction. At closing, the following has to occur:

- Funding of the payoff amount into escrow
- Filing of a Rescission Deed revesting the Turtle Creek property with 2999TC, the Debtor
- Reinstatement of HNGH's Note, Security Agreement, and Deed of Trust
- Release of payoff to HNGH

Title company is struggling with a hitch. On December 2, 2020, HNGH collaterally assigned its Note and Lien (through the Deed of Trust) to Happy State Bank via the attached document.

We would like Happy State Bank to agree to rescind the Collateral Transfer of Note and Lien. The rescission filing, which we are preparing, would be signed and notarized by Happy State Bank, but held in escrow pending closing. Once funding has taken place, the Rescission Deed would be filed, transferring property back to the Debtor and reinstating the Note and first lien deed of trust. Then the Title Co would file the Rescission of the Collateral Assignment, which would re-vest the Note and lien with HNGH.

What we propose is that Happy State Bank also provide a payoff statement and wiring instructions, so that Happy State Bank can receive payment in full concurrently with the recording of the Rescission of the Collateral Assignment so that Happy State Bank does not ever face exposure. We would require Happy State Bank's payoff to be addressed in the Closing Statement.

If you are amenable to that, we will circulate the proposed Rescission of the Collateral Assignment tomorrow for your review and comment.

Let me know if that works. I am happy to jump on the phone any time. My cell is in my sig block below.

John

**JOHN J. KANE**
Director
KRCL 30 years
Kane Russell Coleman Logan PC
901 Main Street | Suite 5200 | Dallas, Texas 75202
Tel 214.777.4261 Cell 972.672.6915
krcl.com | krclblogs.com

This email and any attachments are confidential. If you received this email in error, please inform the sender and delete it. Thank you.

**From:** Julie Blakeley <jblakeley@happybank.com>
**Sent:** Monday, May 23, 2022 10:07 AM
**To:** Vipin Nambiar <vnambiar@hncapitalpartners.com>
**Cc:** John J. Kane <jkane@krcl.com>; Nate Christensen <nchristensen@hncapitalpartners.com>
**Subject:** RE: [External Email] FW: 2999 Turtle Creek

Thank you Vipin! I'm happy to give Matt a call this morning.

Thanks,

**Julie Blakeley**
Regional President
jblakeley@happybank.com
Tel:(972) 407-4936
16633 North Dallas Parkway | Addison, TX 75001
Suite 350
NMLS:1226107

HAPPY
A DIVISION OF CENTENNIAL BANK
Happy State Bank | A Home BancShares Company (NYSE: HOMB)

The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.

**From:** Vipin Nambiar <vnambiar@hncapitalpartners.com>
**Sent:** Friday, May 20, 2022 6:44 PM
**To:** Julie Blakeley <jblakeley@happybank.com>
**Cc:** John J. Kane <jkane@krcl.com>; Nate Christensen <nchristensen@hncapitalpartners.com>
**Subject:** [External Email] FW: 2999 Turtle Creek

Julie, I have no objection you talking to Matt. See below.

**From:** John J. Kane <jkane@krcl.com>
**Sent:** Friday, May 20, 2022 5:22 PM
**To:** Vipin Nambiar <vnambiar@hncapitalpartners.com>
**Subject:** Fwd: 2999 Turtle Creek

Just saw this after we talked.

John J. Kane
972-672-6915

Begin forwarded message:

> **From:** Christopher McNeill <McNeill@bmcounsel.com>
> **Date:** May 20, 2022 at 5:15:19 PM CDT
> **To:** "John J. Kane" <jkane@krcl.com>
> **Subject: 2999 Turtle Creek**

John,

Thanks for your time this afternoon. The message we're receiving is that Happy State Bank does not want to talk to my client, Matt Fleeger, unless they first have written authorization from Mr. Nambiar. Would it be possible for you to assist with facilitating that?

Thanks,

Chris

Christopher M. McNeill

Block | McNeill LLP

Sterling Plaza
5949 Sherry Lane, Suite 900
Dallas, TX 75225
Direct: 214-866-0994
Main: 214-866-0990
Facsimile: 214-866-0991
Email: mcneill@bmcounsel.com
Bio: www.bmcounsel.com/christopher-m-mcneill

*This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.*

*IRS Circular 230 Notice: To ensure compliance with requirements imposed by the IRS, we advise you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, (i) to avoid penalties under the Internal Revenue Code or (ii) to promote, market, or recommend to another party any transaction or matter addressed herein.*

*DISCLAIMER REGARDING UNIFORM ELECTRONIC TRANSACTIONS ACT (UETA): If this communication concerns negotiation of a contract or agreement, the UETA does not apply to this communication. Contract formation in this matter shall occur only with manually affixed original signatures on original documents.*