CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 10, 2021**

**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**AGREED ORDER REGARDING MOTION TO LIFT STAY [Doc. 10]**
**MOTION TO DISMISS [Doc. 9], MOTION FOR SANCTIONS [Doc. 15] AND**
**MOTION TO ENFORCE STAY [Doc. 14]**

CAME ON FOR CONSIDERATION BY THE COURT the foregoing (the "**Contested Matters**") and referenced motions and the responses filed thereto by HNGH Turtle Creek, LLC ("**HNGH**") and 2999TC Acquisitions, LLC, the Debtor in the above-styled and numbered case ("**Debtor**" and with HNGH, the "**Parties**") and the Court, having reviewed all pleadings in this case, evidence presented, and the arguments of counsel, and having been apprised of the agreements of the Parties and having determined that entry of this Order is in the best interest of the Debtor, its creditors, and its estate, it is hereby:

ORDERED, ADJUDGED AND DECREED the HNGH's Motion to Dismiss [Doc. No. 9] is denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Enforce Stay [Doc. No. 14] and Motion for Sanctions [Doc. No. 15] are denied. It is further

ORDERED, ADJUDGED AND DECREED that HNGH's Motion to Lift Stay [Doc. No. 10] is granted in part, conditioned on the terms and conditions of this Order as set forth herein. It is

further

ORDERED, ADJUDGED AND DECREED that the automatic stay shall remain in full force and effect as to HNGH through 5:00 p.m. central time, March 15, 2022, (the "**Payoff Deadline**") by which the Debtor shall make payment to HNGH in the amount set forth on Exhibit A to this Order, which exhibit is filed under seal, in full and final satisfaction of the Note (the "**Payoff Amount**"), which note shall be reinstated immediately prior to the Debtor's payment to HNGH of the Payoff Amount and counsel for HNGH shall hold the rescission deed during the pendency of the term of this Agreed Order and shall have no liability to the Debtor or any other party by way of holding such deed or releasing the deed in accordance with the terms of this Agreed Order. It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor pays HNGH the Payoff Amount within the Payoff Period (the "**Payoff Event**"), then simultaneously with the Payoff Event, the Deed-in-Lieu filing, which was submitted for filing pre-petition but recorded on November 1, 2021, shall be deemed rescinded and avoided, and the Debtor shall retain all title to the Property. To effectuate this provision of this Order, the Parties shall submit and this Court shall enter an Agreed Order in Adversary Proceeding 21-03085 (the "**Adversary Proceeding**") avoiding the Deed-in-Lieu filing and recording, granting no damages to any party, and dismissing the adversary proceeding with prejudice to refiling. Also simultaneously with the occurrence of the Payoff Event, HNGH shall have and possess a $2,000,000 Allowed Claim against the Debtor and the Debtor's estate, which Debtor shall be obligated to satisfy in full within 12 months of the Payoff Event from the first proceeds of any sale of the Debtor's assets, from a construction loan, or any equity raised in excess of the New Equity Threshold as set forth on Exhibit A to this Order, which exhibit is filed under seal, and not from debt raised by the Debtor to exclusively satisfy or make the required Consideration Payments herein, the payment of taxes, and other costs and expenses of administration of this case (the "**Allowed Claim**"). In order to provide parties in interest notice of the Allowed Claim, HNGH shall be entitled to file a UCC-1 against substantially all of the Debtor's assets, attaching this Order for reference. If the Allowed Claim is not paid in full within 12 months of the Payoff Event, then HNGH, at its sole and absolute discretion, and without recourse to any party, may convert the Allowed Claim into the senior most equity class of interests in the Debtor. It is further

ORDERED, ADJUDGED AND DECREED that as material consideration for the agreed continuation of the automatic stay from the entry of this Order to the Payoff Deadline, Debtor shall pay or cause to be paid to HNGH $100,000 per month, commencing on the Petition Date through March, 2022, such that the Debtor shall owe to HNGH a total of $500,000, the payment of which shall be applied to reduce the Payoff Amount (the "**Consideration Payments**"). For the sake of clarity, Debtor shall owe HNGH the Consideration Payments as follows: $100,000 payable not later than December 14, 2021; plus $100,000 on December 31, 2021 and a $100,000.00 on January 14, 2022; $100,000 on February 1, 2022; and $100,000 on March 1, 2022. It is further

ORDERED, ADJUDGED AND DECREED that each Consideration Payment shall be due not later than 5:00 p.m. central time on the date provided above. Payments may be delivered to counsel for HNGH or directly to HNGH. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor's failure to timely make any Consideration Payment, failure to pay ad valorem taxes and any related penalties and interest by the no later than February 28, 2022, or failure to timely satisfy the Payoff Amount (each a "**Default**") shall result in the stay provided by 11 U.S.C. Section 362(a) automatically terminating as to HNGH, and HNGH shall have no obligation to provide Debtor with notice of any Default. Upon the occurrence of a Default, unless waived in writing by HNGH, the Deed-in-Lieu shall be deemed a valid,

unavoidable pre-petition transfer agreed to by the Debtor, and Debtor shall be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu as detailed in HNGH's Motion to Dismiss and to Lift Stay. It is further

ORDERED, ADJUDGED AND DECREED that the Adversary Proceeding and all deadlines related thereto shall be abated through the Payoff Deadline, and that this Order and the agreement of the Parties shall otherwise resolve the Adversary Proceeding in the event of a Default or a Payoff Event. If a Default occurs, upon notice of the Default to this Court and request by HNGH, this Court shall enter an order dismissing all claims asserted by the Debtor or any other party in the Adversary Proceeding with prejudice, and shall rule that the Debtor stipulates and agrees that the Deed-in-Lieu filing and recording is not avoidable and was for reasonably equivalent value. If a Payoff Event occurs, upon notice of the Payoff Event to the Court and request by the Debtor, this Court shall enter an order ruling that the Deed-in-Lieu filing is avoided and rescinded, and that HNGH shall take all reasonable actions necessary to immediately instruct its counsel to deliver the recission deed to the Debtor and to ensure title to the Property is returned to the Debtor. It is further,

ORDERED, ADJUDGED AND DECREED that upon the entry of this Agreed Order the personal guaranty case against Timothy Barton shall be abated and then upon occurrence of a Payoff Event or a Default described herein permitting HNGH to retain the Deed, Timothy Barton shall be released by HNGH from his Guaranty and the personal guaranty case shall be dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #

APPROVED AND AGREED:

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Proposed Attorneys for Debtor

*/s/ John J. Kane*
John J. Kane
State Bar No. 24066794
Kane Russell Coleman Logan PC
Bank of America Plaza
901 Main Street, Suite 5200
Telephone: (214) 777-4200
Counsel for HNGH Turtle Creek, LLC

**EXHIBIT A**

**FILED UNDER SEAL**