**John J. Kane**

**From:** John J. Kane
**Sent:** Tuesday, May 31, 2022 8:34 PM
**To:** k.walji@waljilaw.com; 'Joyce Lindauer'
**Cc:** 'filing waljilaw'
**Subject:** RE: 2999TC Acquisitions, LLC (Case No. 21-31954) (1035-14C-4) [IWOV-iManage.FID2137592]

I'm really struggling to provide a reasonable response here.

Let me try it like this. I've represented entities involved in dozens of bankruptcy closings and I've never participated in one handled with such gross incompetence as this, and it's not the payoff bank's responsibility to run the closing. We were not even informed who the potential buyer is once it was clear that First Guaranty Bank did not believe it could close on time. When we asked which documents on your list were *actual needs*, Debtor's counsel could not even tell me because the asks were an amalgamation from various title companies. When I offered to have a call with the title companies to discuss real needs and processes to ensure a timely closing, I was stonewalled and the Debtor declined to make that happen. But that didn't make it into your pleading, I noted.

I've never in my entire career had a borrower deliver a must-needs list for closing at 3:24 pm on a federal holiday the day before closing. Even if I gave you some benefit of the doubt, the first ever written request for closing documents by any title company to me was on Tuesday of last week. What did we do when we received that? We immediately began hustling those documents, which were readily available on the public record, and it is inexcusable that Sendera did not locate those documents. That Axos remained a sticking point today underscores the dishonesty of the Debtor's claims. I provided the termination of the assignment on Friday, and that document provided the instrument number for the assignment between Axos and 2999 Turtle Creek. Today, even after delivering everything we needed regarding Axos, you still cited to some failure of ours regarding Axos as some major impediment to closing. Ridiculous.

But even that aside, I had draft documents to you within 3 business days of initial requests. I had other draft documents to you within hours of your requests yesterday, and HSB was prepared to sign and deliver all other necessary documents today. You just didn't do your job, which was to manage the closing. I suspect because you actually had no funding party actually ready to close by today. And while you're pointing fingers, let's not forget that we provided a draft Rescission Deed on May 12 and received no comments. Last week we finalized, signed, delivered a wet copy to be held in escrow, and only on May 30 did you demand a completely new form which included extraneous and unnecessary language that should never have been in a recorded instrument. I cannot believe that you had the gall to include the Rescission Deed as evidence of some wrongdoing by HNGH in your Motion. I don't know how your side could possibly rationalize that.

Similarly, despite providing it within just hours of your request, we received no comments to the payoff and release of lien we provided, presumably because your team was working on a pleading laden with shamelessly false statements instead of working in good faith to effectuate a closing today.

You've failed your client and are blaming it on HNGH. We understand. Your team has done this repeatedly during this relationship. This is, yet again, just another litigation tactic to buy time, and we know that. It's so transparent. In fact, this was such an obvious pattern of behavior that I warned my client you guys would do just this last week: wait until the last minute, send a ridiculous list of documents needed for closing, and then blame us for what is so blatantly your own failure.

How did I know your team would try just this? You failed to pay off the debt at original maturity. At foreclosure, your side sues for injunction, just like it did all the other times I laid out in my motion to dismiss. Your side makes allegations

that your lender acted badly, though claims were unfounded. Then at the first forbearance deadline, not prepared to pay. Then the amended forbearance maturity date, your side defaults and then claims oh well that shouldn't really be a binding payoff deadline. What does your team do? File an adversary proceeding alleging bad acts by lender, even though the claims were previously waived and released with prejudice. Then the March deadline. Now the May deadline. And every time in the past there is a threat of suit. Even the threat of suit is identical: you interfered with a relationship and killed the deal because you want the property. We've heard that before. And in each instance it's been false. We've allowed your team so much time. We even agreed to go along with plan confirmation to make this easier for you to close. And yet, despite all evidence in our favor, the bad faith allegations and failure to perform continue. I mean goodness gracious, at what point do you just look in the mirror?

Sadly, and despite my warning to you that there would be no extensions, when you fail to get a deal done what do you do? The exact same thing you've done each time. You make specious allegations, threaten a lawsuit, seek a hearing to cause delay, then try to get back to the table to bargain. Even after the motion was filed, your counsel reached out with a "so how do we fix this" call and a "we can make the motion go away if you agree to an extension." In other words, you attempt to use your specious litigation as leverage to get something you're not owed. Again, there is zealous advocacy, and then there is a crossing a line into just bad faith allegations and unprofessional lawyering. It seems our perspectives on where those lines lie differ. Significantly.

I've no interest in any further discussions with you, Khudabuksh. Period. I do not want to work with you. I'll coordinate with Joyce if necessary, but will plan to just address this in court.

I am really disappointed by this.

**JOHN J. KANE**
Director
KRCL 30 years
Kane Russell Coleman Logan PC
901 Main Street | Suite 5200 | Dallas, Texas 75202
Tel 214.777.4261 Cell 972.672.6915
krcl.com | krclblogs.com

This email and any attachments are confidential. If you received this email in error, please inform the sender and delete it. Thank you.

**From:** k.walji@waljilaw.com <k.walji@waljilaw.com>
**Sent:** Tuesday, May 31, 2022 7:48 PM
**To:** 'Joyce Lindauer' <joyce@joycelindauer.com>; John J. Kane <jkane@krcl.com>
**Cc:** 'filing waljilaw' <filing@waljilaw.com>; 'K. Walji' <k.walji@waljilaw.com>
**Subject:** FW: 2999TC Acquisitions, LLC (Case No. 21-31954) (1035-14C-4)

John,

Joyce just forwarded me your email, and I had an opportunity to review her letter before it was sent out.

Frankly, her points were completely appropriate, however, I would note she missed one important point which was that all closing documents by HNGH should have been provided by May 30, 2022, as per the Court Orders and pursuant to our agreement only funding would occur on May 31, 2022, due to May 30, 2022, being a federal holiday.

And as late as close of business today, we were still receiving closing documents!

To be clear the funds have been in place with the funding sources prior to May 30, 2022, and HNGH did not provide all the closing documents that were required to be delivered on May 30, 2022, with the only pending matter being payment on May 31, 2022, due to a federal holiday. Thus, HNGH is in default for not timely delivering the necessary closing documents on May 30, 2022, as per the Court Agreed Order.

Moreover, the correct Rescission Deed was not provided as required under the Court Order; your Special Warranty Deed referencing in its preamble (i.e., "WHEREAS…") rescission language but then goes to actual conveyancing language (i.e., "NOW THEREFORE…{) is NOT rescission – one cannot achieve rescission through conveyancing language!). **Rescission of a Deed is when the Deed is rendered null and void and is no longer recognized as legally binding ab initio! Your Special Warranty Deed is not a Rescission Deed as required by the Court Orders.**

Additionally, there is an issue of the Release of Collateral Assignment from Happy State Bank - there was no agreement in the Court Orders for Happy State Bank to be a party to this closing and it appears Happy State Bank's outstanding balance due by HNGH on May 31, 2022, is an encumbrance, and therefore HNGH could not provide a clear title as of May 30, 2022).

The above statements are being made on behalf of 2999 TC Acquisitions, LLC., and are supplementary to the Default Notice already provided by Joyce today.

**Khudabuksh K. Walji, Esq.**
***Outside General Counsel***
**JMJ Real Estate Development Group**
2999 Turtle Creek Boulevard
Dallas, Texas, USA 75219

**U.S. & Int'l Legal Advisor**
**Law Office of K. Walji, P.C.**
The Atrium Building
10701 Corporate Drive, Suite 350
Stafford, Texas, USA 77477
O: +1.281.401.9672
M: +1.713.562.6875
E: k.walji@waljilaw.com
Confidentiality Implied

---

**From:** John J. Kane <jkane@krcl.com>
**Sent:** Tuesday, May 31, 2022 6:40 PM
**To:** Dian Gwinnup <dian@joycelindauer.com>
**Cc:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** Re: 2999TC Acquisitions, LLC (Case No. 21-31954)

Joyce this is pretty close to sanctionable. This is about as bad faith as I've ever seen. I'm disappointed. I know you're advocating for your client but there is a line. And frankly I think this crosses it for me.

John J. Kane

972-672-6915

---------------

> On May 31, 2022, at 6:33 PM, Dian Gwinnup <dian@joycelindauer.com> wrote:
>
> Please see the attached letter from Ms. Lindauer.
>
> **Dian Gwinnup**

**Paralegal**

Joyce W. Lindauer Attorney, PLLC

1412 Main Street, Suite 500

Dallas, TX 75202

(972) 503-4033

(972) 503-4034 (Fax)

dian@joycelindauer.com

*This electronic mail transmission contains information which is confidential or privileged. The information is intended to be for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited and may be punishable by law. If you have received this electronic mail in error, please notify the sender and delete the electronic mail from your computer immediately.*

**Khudabuksh K. Walji, Esq.**

***U.S. & Int'l Legal Advisor***

***Outside General Counsel***

**Law Office of K. Walji, P.C.**

***U.S. & Int'l Mediator***

**Walji Int'l Mediation Center**

The Atrium Building

10701 Corporate Drive, Suite 350

Stafford, Texas 77477

O:+1.281.401.9672

M:+1.713.562.6875

E: k.walji@waljilaw.com

Linkedin.com/in/khudabuksh-walji-751790194

Confidentiality Implied