**John J. Kane**

**From:** John J. Kane <jkane@krcl.com> on behalf of John J. Kane
**Sent:** Tuesday, March 22, 2022 6:23 PM
**To:** joyce@joycelindauer.com
**Cc:** k.walji@waljilaw.com
**Subject:** 2999 TC - Tall Ship Inquiry [IWOV-iManage.FID2137592]

Joyce,

Thanks for following up. I've been on the phone with my client and then, afterwards, had a brief discussion with Tall Ship to see if there was a way to resolve the issues.

In short, HNGH does not agree to the Tall Ship settlement and proposed PSA for the following reasons:

- The Debtor agreed, less than a week ago, to cause an additional $2.5 million to be paid to HNGH by March 25 in satisfaction of the outstanding $1 million unpaid Allowed Claim, and $1.5 million owed to HNGH under the Note.
- The Tall Ship proposal does not pay *any* money to HNGH that could be used to pay off the Allowed Claim and $1.5 million owed under the Note on or by March 25. Instead, the $2.5 million would serve as a deposit for a contingent sale transaction.
    - As you know, that is not at all what HNGH or the Debtor agreed to last week
    - We see this as a pretty clear cut bait and switch.
- Timing is untenable and we do not have an agreement to terms
    - Would need to file motion tomorrow seeking emergency setting for Thursday and documents are half baked
    - Tall Ship and HNGH do not have an agreement to terms
        - As we've discussed, we've consistently noted that because this transaction structure is an alternative to a clean payoff, we will be forced to (and are) incurring fees negotiating alternative transaction documents
        - We consistently noted we'd expect fronted legal fees, and while we have reduced the size of our ask given the good faith draft from Tall Ship, there is no agreement to front or to any amount.
        - We consistently noted we'd expect a 10% deposit. Instead, we received a smaller deposit *and* no $2.5 million payment from Debtor under the current proposal.
        - We've requested on multiple occasions an equity commitment letter with source of funds, not just a picture of a bank account from some entity with no explanation of the association of that entity and Tall Ship. We lack confidence in closing, especially given prior walk away and existence of contingency in 9019 and PSA documents.
        - We'll have to work through warranties and whether this would be a strict AS IS sale. Current prorations regarding utilities, tenant obligations, leases, and rents need to be resolved.
        - We need to work through issues pertaining to indemnification and release obligations and the timing of enforceability of same for the parties involved in the transaction

I think we can probably work through these issues with Tall Ship in a reasonable amount of time, but tomorrow isn't reasonable and I think Tall Ship would readily admit that.

We would see the Debtor honor its agreement and remit the $2.5 million by not later than 5:00 pm CT on Friday, March 25. Happy to work towards a Tall Ship transaction then.

John

JOHN J. KANE
Director
KRCL 30 years
Kane Russell Coleman Logan PC
901 Main Street | Suite 5200 | Dallas, Texas 75202
Tel 214.777.4261 Cell 972.672.6915
krcl.com | krclblogs.com

This email and any attachments are confidential. If you received this email in error, please inform the sender and delete it. Thank you.

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Tuesday, March 22, 2022 5:35 PM
**To:** John J. Kane <jkane@krcl.com>
**Cc:** Khudabuksh K. Walji Esq. <k.walji@waljilaw.com>
**Subject:**

What is the word from your client regarding Tall Ships?

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE LINDAUER
Attorney at Law
And Mediator

Joyce Lindauer
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039