**John J. Kane**

**From:** John J. Kane <jkane@krcl.com> on behalf of John J. Kane
**Sent:** Wednesday, March 23, 2022 10:03 AM
**To:** joyce@joycelindauer.com
**Cc:** k.walji@waljilaw.com
**Subject:** RE: Tall Ships Communications [IWOV-iManage.FID2137592]

Joyce,

First, as to your comments on the Tall Ship proposal, that's great news. I'm happy to hear that the Debtor intends to make the $2.5 million payment. While we can chalk it up to a difference of opinion, we interpreted the presentation of the Tall Ship proposal, and the Debtor's clear urgency in getting this approved by Thursday as noted in your statements to the Court and on a call with me, that the Tall Ship proposal, once urgently finalized and set for March 24 hearing, would satisfy the Debtor's $2.5 million payment obligation. I think our interpretation is correct and think a conflicting position, taking things in context, is a bit disingenuous. Regardless, I am genuinely happy and somewhat relieved to hear that the Debtor intends to make the $2.5 million payment on Friday. I'll let my client know the Debtor intends to honor the obligations to which it agreed in the Modifying Order.

Second, as to communication with Tall Ship, you and Khudabuksh were CCd on Michelle's email transmitting the proposed 9019 and PSA. That was Friday. It was not forwarded to me by the Debtor, it was direct correspondence from Tall Ship. I saw no opposition to that correspondence. I had no discussions with Tall Ship about this proposal until after 9:30 on March 22, so I really don't see what the fuss is about. We made clear to you more than a month ago that JW had approached us with an inquiry about an alternative structure proposal, and we immediately directed them to you, to which Mike Held and Michelle would attest, to work out the terms of a deal. We did note that we would have certain expectations, which we have shared with you previously to ensure everyone is on the same page, like a deposit and fee fronting associated with a 9019 transaction and out of BK property sale.

Really not sure what the issue is re Tall Ship discussions yesterday.

John

**JOHN J. KANE**
Director
KRCL 30 years
Kane Russell Coleman Logan PC
901 Main Street | Suite 5200 | Dallas, Texas 75202
Tel 214.777.4261 Cell 972.672.6915
krcl.com | krclblogs.com

This email and any attachments are confidential. If you received this email in error, please inform the sender and delete it. Thank you.

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Wednesday, March 23, 2022 9:39 AM
**To:** John J. Kane <jkane@krcl.com>
**Cc:** Khudabuksh K. Walji Esq. <k.walji@waljilaw.com>
**Subject:** Tall Ships Communications

John,

I have responded to your comments below, and for the record, please be advised that we did not authorize Tall Ship to communicate with HNGH - our communications with Tall Ship/JW were to remain confidential and not to be discussed

with HNGH and/or their counsel until an agreement was first reached between Tall Ship and 2999TC. Additionally, our discussions with Tall Ship were to be in compliance with the Court's Agreed Order, i.e., a simultaneous process whereby HNGH would receive the Payoff Amount and provide its Recission of the Deed to the 2999TC Property, and 2999TC would simultaneously provide its Warranty Deed to Tall Ship upon the payment to HNGH and the additional consideration to 2999TC. I am not sure why JW sent you and us – at the same time – their proposed PSA and Settlement Agreement when we specifically had stated to them that 2999TC and Tall Ship must first come to an agreement to their terms before involving HNGH.

And I have excerpted a redacted email (with Item No. 6 in bold) from K. Walji to Tall Ship/JW stating no communications with HNGH and/or their counsel until an agreement has first been reached between Tall Ship and 2999TC. Subsequently after our 9:30 am conference call on Tuesday, March 22nd with JE/Tall Ship – **however, not prior to this email** – did we authorize Mike Held to reach out to you to clarify the Way Forward.

***From:*** *K Walji <k.walji@waljilaw.com>*
***Sent:*** *Monday, March 21, 2022 9:00:34 PM*
***To:*** *Michelle Smith <MMSmith@jw.com>*
***Cc:*** *Mike Held <mheld@jw.com>; Joyce Lindauer <joyce@joycelindauer.com>; Larry Martin <larry.martin1948@gmail.com>; Christopher Green <cgreen@windcroftecapital.com>; Matt Holley <MattHolley@outlook.com>; K. Walji <k.walji@waljilaw.com>; filing@waljilaw.com <filing@waljilaw.com>*
***Subject:*** *2999TC Property and 1:30 pm Court Hearing*

*Michelle,*

*1. I received the email below from Joyce this evening regarding her communications with Mike.*

***6. Finally, to reiterate, our communications are to remain confidential and not to be discussed with HNGH and / or their counsel until an agreement has first been reached between Tall Ship and 2999TC.***

*Thanks,*

*Khudabuksh*

**From:** John J. Kane <jkane@krcl.com>
**Sent:** Tuesday, March 22, 2022 6:23 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Khudabuksh K. Walji Esq. <k.walji@waljilaw.com>
**Subject:** 2999 TC - Tall Ship Inquiry [IWOV-iManage.FID2137592]

Joyce,

Thanks for following up. I've been on the phone with my client and then, afterwards, had a brief discussion with Tall Ship to see if there was a way to resolve the issues.

In short, HNGH does not agree to the Tall Ship settlement and proposed PSA for the following reasons:

- The Debtor agreed, less than a week ago, to cause an additional $2.5 million to be paid to HNGH by March 25 in satisfaction of the outstanding $1 million unpaid Allowed Claim, and $1.5 million owed to HNGH under the Note.

JL: The Debtor is not reneging on its agreement to cause an additional $2.5 million to be paid to HNGH by March 25 in satisfaction of the outstanding $1 million unpaid Allowed Claim, and $1.5 million owed to HNGH under the Note. The Debtor has several investors who are working to provide this funding including but not limited to Tall Ship. The primary investor who committed funds to this payment last week will have his funds available next week. With that fact in hand my client has reached out to other investors for funding this week. As of today, my client fully intends to honor its March 25 deadline. To just remind everyone the Debtor has already paid just under $2M to keep this project alive in the past 120 days.

- The Tall Ship proposal does not pay *any* money to HNGH that could be used to pay off the Allowed Claim and $1.5 million owed under the Note on or by March 25. Instead, the $2.5 million would serve as a deposit for a contingent sale transaction.
  - As you know, that is not at all what HNGH or the Debtor agreed to last week
  - We see this as a pretty clear cut bait and switch.

  JL: My client did not cause anything such as a bait and switch. Tall Ship sent over their PSA and Settlement Agreement to you without my client's approval. We recognize that the Tall Ship terms do not match the current agreement between the Debtor and HNGH and have pointed that out to Tall Ship.

- Timing is untenable and we do not have an agreement to terms

  JL: Again, Tall Ship elected to send you their terms without my client's final approval.

  - Would need to file motion tomorrow seeking emergency setting for Thursday and documents are half baked

    JL: We recognize that the Tall Ship deal is not in a final form. We have asked them to provide terms that would meet the terms between the Debtor and HNGH. So far, we have not seen those terms.

  - Tall Ship and HNGH do not have an agreement to terms
    - As we've discussed, we've consistently noted that because this transaction structure is an alternative to a clean payoff, we will be forced to (and are) incurring fees negotiating alternative transaction documents
    - We consistently noted we'd expect fronted legal fees, and while we have reduced the size of our ask given the good faith draft from Tall Ship, there is no agreement to front or to any amount.
    - We consistently noted we'd expect a 10% deposit. Instead, we received a smaller deposit *and* no $2.5 million payment from Debtor under the current proposal.
    - We've requested on multiple occasions an equity commitment letter with source of funds, not just a picture of a bank account from some entity with no explanation of the association of that entity and Tall Ship. We lack confidence in closing, especially given prior walk away and existence of contingency in 9019 and PSA documents.
    - We'll have to work through warranties and whether this would be a strict AS IS sale. Current prorations regarding utilities, tenant obligations, leases, and rents need to be resolved.
    - We need to work through issues pertaining to indemnification and release obligations and the timing of enforceability of same for the parties involved in the transaction

      JL: Again, Tall Ship elected to send you their terms without my client's final approval.

I think we can probably work through these issues with Tall Ship in a reasonable amount of time, but tomorrow isn't reasonable and I think Tall Ship would readily admit that.

We would see the Debtor honor its agreement and remit the $2.5 million by not later than 5:00 pm CT on Friday, March 25. Happy to work towards a Tall Ship transaction then.

John, to reiterate, as of today, my client fully intends to honor its March 25 deadline, and my client did not cause anything such as a bait and switch - Tall Ship sent over their PSA and Settlement Agreement to you without my client's approval.

We look forward to continuing to work through this matter.

**PLEASE NOTE OUR NEW ADDRESS IN DOWNTOWN DALLAS**

JOYCE
LINDAUER
Attorney at Law
And Mediator

*Joyce Lindauer*
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
PH 972-503-4033
FAX 972-503-4034
CEL 214-957-8039