Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEY FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-swe11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

**DEBTOR'S RESPONSE TO STATEMENT OF HAPPY STATE BANK REGARDING HNGH TURTLE CREEK, LLC'S MOTION TO ENFORCE AGREED ORDERS (RE: DOCKET NO. 134)**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above styled and numbered case ("Debtor"), and files this Response to the *Statement of Happy State Bank Regarding HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders (Re: Docket No. 134)* ("HSB Statement") as follows:

1. Centennial Bank, an Arkansas state bank, d/b/a Happy State Bank, successor by merger to Happy State Bank, a Texas banking association ("HSB") filed the HSB Statement for unknown reasons but which seems to be an apparent attempt to respond to certain issues raised by Debtor in this case related to the loan from HSB to HNGH Turtle Creek, LLC.

**RELEVANT BACKGROUND**

2. As described by Plaintiff in prior filings in this case, HNGH acquired a loan that had been made to Debtor for the purpose of acquiring real property ("Property") by a prior lender ("Loan") which was evidenced by a secured promissory note ("Note") and secured by a deed of

trust and a separate assignment of leases and rents along with other security ("Security Instruments"). To purchase the Loan, HNGH evidently obtained a loan from HSB and as security HNGH executed a *Collateral Transfer of Note and Lien* ("**HSB Collateral Transfer**") where HNGH (i) collaterally assigned the loan including the Security Instruments to HSB, (ii) indorsed and delivered the Note to HSB which was to be the holder of the Promissory Note, (iii) agreed not to take any action to modify, renew, extend, or release any part of the collateral granted to HSB, (iv) assigned, transferred, and conveyed all amounts due on the Note; and (iv) essentially gave up control of the Security Instruments including the Note and Deed of Trust. However, the HSB Collateral Transfer was executed and effective on December 3, 2020 – critically, 4 days ***before*** HNGH actually acquired the Loan including the Note and Security Instruments that it purportedly collaterally transferred to HSB.

3. HNGH and Debtor thereafter entered into a forbearance agreement, which excluded HSB and did not disclose HSB's interests, in order to modify the Loan including to extend the payoff date of the Loan under which a deed to the property was placed in escrow to only be recorded on an event of default. Ultimately, HNGH recorded the deed which Debtor alleged was in breach of such agreement and the automatic stay in effect after Debtor filed for bankruptcy that same day.

4. At no time did HNGH disclose HSB's interests in the Loan or encumbrance on the Property including in their Proof of Claim that HNGH filed in this case which states: "HNGH is the owner and holder of the Note, the Deed of Trust and all related Liens and security interests."

5. Furthermore, HNGH and Debtor entered into an Agreed Order to resolve the issues and claims between them which provided that Debtor would pay off the Loan to HNGH on

May 31, 2022[1] upon which they would rescind the deed and reinstate the Note and cancel the Note and Security Instruments.

6. In preparation of closing on the transaction to payoff the Loan to HNGH, HNGH needed to perform certain obligations which are standard for closing this type of transaction which Debtor contends HNGH failed to do which breached the Agreed Orders. Debtor asserts that HNGH was required to provide confirmation and evidence of the proper indorsements and delivery into escrow of the Note from HSB to be marked paid in full, terminated, or voided at closing by HNGH and HSB's ratification and consent of HNGH's actions taken as related to the Agreed Order and the Loan (collectively, with the release of the HSB Collateral Transfer, "**HSB Consent and Release**s"). A careful reading of the orders provides that resolution of the Note issues were a "precondition" to closing – payoff by the Debtor. These issues had to be resolved first because by recording the deed to the Property HNGH merged its loan position into its ownership of the Property thus eradicating the Note and its lien (which were supposed to be held by HSB).

7. The HSB Consent and Releases would become particularly necessary to cure (i) HNGH's prior failure to disclose the interests of HSB in the Loan including as the holder and endorsee of the Note, (ii) HNGH's representations that HNGH was the holder, owner, and beneficiary of the Note which conflicted with the terms of the HSB Collateral Transfer, (iii) HNGH representing in the Agreed Order and other documents that it would "reinstate" the Note which indicates that the Loan including the Deed of Trust likely merged with the Deed when HNGH recorded it which would have likely have wiped out HSB's interests in the Note and Security Instruments and which likely breached HNGH's agreements with HSB, and/or (iv) HNGH taking

[1] The actual payoff deadline was May 30, 2022, which was Memorial Day and thus rolled to May 31, 2022.

certain unauthorized action it did including under the Agreed Order which apparently required the consent of HSB or which only HSB had the authority to do.

8. On May 31, 2022, HSB sent Debtor a Final Payoff Statement further confusing the issue considering there was no agreement to pay HSB directly and because counsel for Debtor had recently been told point blank that HSB had nothing to do with this transaction. That same day counsel for Debtor reached out directly to counsel for HSB in an effort to resolve some of these issues. However, in response, HSB stated that they had tried to send a release of the Collateral Transfer to the title company that day but did not have contact information, and otherwise HSB did not see any need to do anything else.

**HSB STATEMENT**

9. Although the HSB Statement goes a little further than just a release of the Collateral Transfer that they were willing to provide, HSB is apparently only willing to state that they do not object to the "manner in which HNGH has addressed the rights and interests of HNGH" in this case or to the relief sought by HNGH in the Motion to Enforce.

10. Not objecting is not the same as providing consent or ratifying the actions of HNGH. For some reason, HSB does not appear willing to go that far. Furthermore, such a statement would not act to resolve any issues that need to be cleared before the closing of the Payoff of the Loan.

11. Additionally, HSB could have clarified the concerns related to the current holder, owner, and endorsee of the Note such as whether they are in possession of the Note or if they ever received it and if so, if they have taken steps to indorse it back to HNGH and/or void it. Yet, they chose not to address that issue either. **Debtor still does not know who has the original Note.**

Similarly, they do not address any of the problems regarding the "reinstatement" of the Note or whether their collateral even still exists after HNGH recorded the deed.

12. HSB also ambiguously states that they have "monitored this case and the various pleadings, orders, and other items on the docket, including but not limited to the various pleadings filed and orders entered regarding HNGH." And, if monitoring this case, why did they not file a claim or make their interests known.

13. Thus, the filing of the HSB Statement does nothing to support HNGH's Motion to Enforce the Agreed Orders and in actuality, only creates further confusion.

Dated: June 9, 2022

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
ATTORNEYS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 9, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

John J. Kane on behalf of Creditor HNGH Turtle Creek, LLC
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com,
Dallas.Bankruptcy@lgbs.com;Sean.French@lgbs.com;Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com

Joyce W. Lindauer on behalf of Debtor 2999TC Acquisitions, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger on behalf of Interested Party JMJ Development LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Interested Party Tim Barton
smetzger@pmklaw.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer