Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**<u>DEBTOR'S OBJECTIONS TO BUSINESS RECORDS AFFIDAVIT</u>**

COMES NOW 2999TC Acquisitions, LLC, Debtor herein ("Debtor") and objects to the admission of John Kane's business records affidavit (Doc. No 151) into evidence for the following reasons:

1. Local Bankruptcy Rule 9014-1(c) requires exhibits to be filed at least 3 days before the scheduled hearing date. Mr. Kane's affidavit was filed June 9, 2022, at 6:16 p.m., only 16 hours before the scheduled hearing.

2. The affidavit does not qualify under Federal Rule of Evidence 803(6) as an exception to the hearsay rule for "business records". Among other requirements, Rule 803(6) mandates that:

> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness.

3. Mr. Kane's affidavit fails each of the above requirements:

a) There is nothing "regular" about the emails attached to the affidavit. These emails were prepared as part of litigation. They are not part of the regular activity of running Mr. Kane's law firm.

b) These records were not made in the ordinary course of Kane, Russell, Coleman and Logan's ("KRCL's") business. The business of KRCL consists of administrative matters pertinent to operation of the firm. Litigation involving his client has nothing to do with operating the KRCL law firm.

c) Even if the Court admits Mr. Kane's affidavit, Kane must appear and testify as a witness and be subject to cross-examination, which requires that he be disqualified as counsel for HGNH. If Mr. Kane appears as a witness for his client he is not a "disinterested person" as required by 11 U.S.C. section 327(a).

4. Email communications rarely qualify under the business records exception to the hearsay rule. *United States v. Daneshvar*, 925 F.3d 766 (6th Cir. 2019):

> An email is not a business record for purposes of the relevant hearsay exception simply because it was sent between two employees in a company or because employees regularly conduct business through emails; such evidence alone is insufficient to show that the email is a record, made as a regular practice of the company, Fed. R. Evid. 803(6)(C), and that the record was kept in the course of a regularly conducted activity of a business, Fed. R. Evid. 803(6)(B). It would be insufficient to survive a hearsay challenge simply to say that since a business keeps and receives e-mails, then ergo all those e-mails are business records falling with the ambit of Rule 803(6)(B). If that were the case, then every single email sent within any company would fall within the exception. This result would obviate the entire purpose of the business records exception, which is designed for a limited category of records—**namely those that are regularly produced as a part of a company's business activities.**

*Id.* at 777. [emphasis added]

5. Taking all of the above, this affidavit does not qualify as an exception to hearsay and should not be admitted as an exhibit. If it is admitted, Mr. Kane must appear as a witness subject to cross-examination, which disqualifies him as counsel for HGNH.

WHEREFORE, PREMISES CONSIDERED, the Debtor requests the Court to deny the admission of Mr. Kane's affidavit as an exhibit, and/or to disqualify Mr. Kane as counsel for HGNH in this case.

Dated: June 9, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: 972-503-4033
Facsimile: 972-503-4034
Email: joyce@joycelindauer.com
Attorneys for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2022, a true and correct copy of the foregoing document was served via the Court's ECF system upon the parties listed below.

John J. Kane on behalf of Creditor HNGH Turtle Creek, LLC
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton on behalf of Creditor Dallas County
Sherrel.Knighton@lgbs.com,
Dallas.Bankruptcy@lgbs.com;Sean.French@lgbs.com;Dora.Casiano-Perez@lgbs.com;Olivia.Salvatierra@lgbs.com

Joyce W. Lindauer on behalf of Debtor 2999TC Acquisitions, LLC
joyce@joycelindauer.com,
dian@joycelindauer.com;deann@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger on behalf of Interested Party JMJ Development LLC
smetzger@pmklaw.com

Steven C. Metzger on behalf of Interested Party Tim Barton
smetzger@pmklaw.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

/s/ *Joyce W. Lindauer*
Joyce W. Lindauer